# REQUEST FOR JUDICIAL NOTICE
# IN SUPPORT OF RENTAL CAR DEFENDANTS' MOTION TO DISMISS

## EXHIBITS

| | | Page |
|---|---|---|
| Exhibit A | Assembly Floor Analysis of AB 2592 | E-1 |
| Exhibit B | Letter from Robert C. Fellmeth, Esq. to The Honorable Mark Leno, dated August 23, 2006 | E-7 |
| Exhibit C | Senate Floor Analysis of AB 2592 on the Third Reading of the bill in the Senate | E-11 |
| Exhibit D | S. 1057, 2007-2008 Sess. (Cal. 2008) | E-23 |
| Exhibit E | Rental Agreement No. 911587707, between Alamo and Michael Shames, rental date Sept. 13, 2007 | E-29 |
| Exhibit F | Rental Agreement No. D438269, between Enterprise Rent-A-Car Company of San Francisco and Gary Gramkow, rental date July 24, 2007 | E-31 |



## Legislative Research Incorporated

1107 9th Street, Suite 220, Sacramento, CA 95814
(800) 530.7613 · (916) 442.7660 · fax (916) 442.1529
www.lrihistory.com · intent@lrihistory.com

---

# *Legislative History of*

# CALIFORNIA CIVIL CODE § 1936.01

*As Added By*
Statutes of 2006, Chapter 790, § 1
Assembly Bill 2592 – Leno

Exhibit C
E11



# Legislative Research Incorporated

1107 9th Street, Suite 220, Sacramento, CA 95814
(800) 530.7613 · (916) 442.7660 · fax (916) 442.1529
www.lrihistory.com · intent@lrihistory.com

---

*Authentication of the Records and Annotated Index*
Legislative History Research Report[1] Regarding:
CALIFORNIA CIVIL CODE § 1936.01
*As Added By* Statutes of 2006, Chapter 790, § 1, AB 2592 – Leno

I, Lisa Hampton, declare that this report includes:

- *Historical documents surrounding the adoption of the above enactment.* These documents were obtained by the staff of Legislative Research, Incorporated and are true and correct copies of the originals obtained from the designated official, public sources in California unless another source is indicated, with the following exceptions: In some cases, pages may have been reduced in size to fit an 8 ½" x 11" sized paper. Or, for readability purposes, pages may have been enlarged or cleansed of black marks or spots. Lastly, paging and relevant identification have been inserted.

  Legislative Research, Incorporated was established in 1983 (formerly Legislative Research Institute), and is a firm which specializes in the historical research surrounding the adoption, amendment and/or repeal of California statutes, regulations and constitutional provisions pursuant to California Code of Civil Procedure § 1859 which states in pertinent part: "In the construction of a statute the intention of the Legislature ... is to be pursued, if possible ...." Legislative Research, Incorporated has been cited by name as the source of records relied upon by the court in *Redlands Community Hospital v. New England Mutual Life Insurance Co,* 23 Cal. App.4th 899 at 906 (1994).

- *An annotated index of the documents.* This index cites the sources of the documents and provides points and authorities in endnote form to assist in gaining judicial notice as necessary. These are provided for general information only and are not intended to supply legal advice or an exhaustive summary of the law with respect to the courts' use of the various records provided herein. Furthermore, use of same does not create an attorney-client relationship and LRI assumes no liability whatsoever in connection with their use.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that I could and would so testify in a court of law if called to be a witness.

Executed November 29, 2007, in Sacramento, California.

*[signature]*
Lisa Hampton, Research Director

Exhibit C
E12

SENATE RULES COMMITTEE                                    AB 2592
Office of Senate Floor Analyses
1020 N Street, Suite 524
(916) 651-1520        Fax: (916) 327-4478

---

## THIRD READING

---

Bill No:   AB 2592
Author:    Leno (D)
Amended:   8/24/06 in Senate
Vote:      21

---

SENATE BUS., PROF. & ECON. DEV. COMMITTEE: 5-0, 06/12/06
AYES: Figueroa, Aanestad, Florez, Morrow, Simitian

SENATE APPROPRIATIONS COMMITTEE: Senate Rule 28.8

ASSEMBLY FLOOR: 64-3, 5/4/06 - See last page for vote

---

SUBJECT:   California Travel and Tourism Commission

SOURCE:    California and Lodging Association

---

DIGEST:   This bill modifies the conditions and terms of appointees and elected members of the California Travel and Tourism Commission, broadens industry segments which may voluntary participate, and clarifies certain assessment and referendum procedures.

Senate Floor Amendments of 8/24/06 authorize a renter to bring an action against a rental company for specified damages and equitable relief for a violation of the bills provisions, and make technical corrections.

Senate Floor Amendments of 8/23/06 makes changes to the way the passenger car rental industry is assessed by the California Travel and Tourism Commission. These amendments will permit rental car companies to separately state specified charges provided those charges are fully disclosed, re-bundled to show the total estimated cost for an entire rental transaction, and specify the re-bundled price must be given at the time a

CONTINUED

Provided by Legislative Research Incorporated (800) 530-7613

LRI
2006-790
Page 161 of 417

Exhibit C
E13

quote is provided and when a rental commences. Finally, these amendments become operational only if the rental car industry agrees to increase its Tourism Marketing Assessment to a level sufficient for the Travel and Tourism Commission's budget to be brought up to $25 million in FY 2006-07 and $50 million in FY 2007-08.

## ANALYSIS:

### Existing Law

1. Establishes the California Tourism Marketing Act of 1995 (Act) which provides for the California Travel and Tourism Commission (CTTC), an independent, nonprofit corporation consisting of 37 members. (The Commission consists of the 12 members appointed by the Governor, and 24 commissioners elected according to tourism industry category in a referendum, and the Secretary of the Business, Transportation and Housing Agency who serves as the chairperson and secretary of the CTTC).

2. Requires that the 12 appointed commissioners be professionally active in the tourism industry and represent the 12 officially designated tourism regions.

3. Provides that the 24 elected commissioners be elected according to industry categories including: accommodations, restaurants and retail, attractions and recreation, transportation and travel services.

4. Provides that all commissioners will serve four-year terms and that, with exception of the Secretary, no commissioner shall serve for more than two consecutive terms.

5. Authorizes the CTTC to levy assessments on specified businesses which benefit from travel and tourism spending according to referendum of the "assessed businesses" for the purpose of producing a variety of marketing activities.

6. Allows for persons or businesses with less than $1,000,000 in California gross annual revenue to be exempt from assessment.

CONTINUED

Provided by Legislative Research Incorporated (800) 530-7613

LRI
2006-790
Page 162 of 417

Exhibit C
E14

7. Allows the CTTC to accept, by written contract, a voluntary assessment from any person in a travel and tourism related business that is not an assessed business.

8. Requires the contract to provide that the voluntary assessment will be equivalent to the assessment that would be levied if the person were an assessed business.

9. Provides that businesses that enter into a contract for voluntary assessment are also allowed to vote on referendums.

10. Prohibits the CTTC from entering into any contract for voluntary assessment with a person whose primary business is gaming, as defined in Chapter 10 of Title 9, Part 1 of the Penal Code.

11. Provides that, commencing January 1, 2003, a referendum shall be called every two years to determine candidates for commissioners and assessment levels.

12. Provides that, commencing in 2007, a referendum shall be called every six years to determine the termination or continuation of the CTTC.

This bill:

1. Modifies the conditions of office for appointed CTTC commissioners as follows:

   A. Requires the primary business, trade or profession of appointed commissioners to be directly related to the tourism industry.

   B. Requires that each appointed commissioner represent only one of the 12 designated tourism regions.

   C. Provides that if an appointed commissioner ceases to be professionally active in the tourism industry or his or her primary business, trade or profession ceases to be directly related to the tourism industry, then he or she will automatically cease to be an appointed commissioner after 90 days following the date of the change, unless he or she is able to meet the criteria within that timeframe.

CONTINUED

Provided by Legislative Research Incorporated (800) 530-7613

LRI
2006-790
Page 163 of 417

Exhibit C
E15

2. Modifies the conditions of office for elected CTTC commissioners as follows:

   A. Provides that elected commissioners will serve for fiscal year terms (July 1 through June 30).

   B. Allows for those commissioners whose term would have expired on December 31 to automatically be extended until June 30 of the following year.

   C. Provides that if an elected commissioner ceases to be employed by or with an assessed business, in the category and segment which he she was representing, then he or she will automatically cease to be an elected commissioner after 90 days following the date of the change, unless he or she is able to meet the criteria within that timeframe.

3. Clarifies that the phrase "two consecutive terms" shall not include partial terms.

4. Makes the following changes only if rental car companies approve a referendum asking them to agree to increase their Tourism Marketing Assessment to a level sufficient for the Travel and Tourism Commission's budget to be brought up to $25 million in fiscal year 2006-07 and $50 million in fiscal year 2007-08 (The Secretary of Business, Transportation and Housing [BT&H] must provide notice to the Legislature and the Secretary of State and post notice on its website that the assessment has been approved):

   A. Defines the terms "Airport Concession Fee," "Quote," and "Tourism commission assessment".

   B. Adds the airport concession fee, if any, and the tourism commission assessment, if any, to the list of items which may be stated separately. Currently rental companies may separately state the rental rate, taxes, customer facility charge, if any, and a mileage charge, if any, provided that such items are disclosed both at the time of the quote and when the rental commences.

   C. Adds the airport concession fee, if any, tourism commission assessment, if any, to the list of separately stated charges that must be

CONTINUED

Provided by Legislative Research Incorporated (800) 530-7613

LRI  
2006-790  
Page 164 of 417  
Exhibit C  
E16

provided to the customer at the time of the quote. Current law states that *if* a rental company chooses to separately state enumerated charges, it MUST at the time the quote is given, provide the customer with a good faith estimate of the rental rate, taxes, customer facility charge, if any, as well as the total charges for the entire rental period.

D. Clarifies that when providing quotes on the internet, the company must display the total estimated charges in a typeface at least as big as the displayed base rental rate and that the total estimated charges cannot be more than two internet pages from the displayed base rate.

E. Specifies that a renter may bring an action against a rental company for the recovery of damages and appropriate equitable relief for a violation of the bill, states the prevailing party shall be entitled to recover reasonable attorney's fees and costs, and specifies that any waiver of these provisions is void and unenforceable as contrary to public policy.

F. Specifies that third parties providing quotes to consumers must follow the same protocol established for the rental company, as best they can.

G. Designates the passenger car rental industry as a separate industry category.

H. Defines the term "maximum assessment" as the dollar amount, adopted by the commission, over which an assessed business shall not be required to pay. The commission may adopt differing amounts of maximum assessment for each industry.

I. Stipulates that the number of commissioners elected from each industry category is to be determined by the weighted percentage of assessments from that category, although there shall be no more than six from the passenger car rental category. Existing law states that 24 commissioners are to be elected according to tourism industry category in a referendum.

J. Provides a process for changing the assessment formula when the actual assessment level is significantly different from what was projected.

CONTINUED

Provided by Legislative Research Incorporated (800) 530-7613

LRI
2006-790
Page 165 of 417

Exhibit C
E17

    K. Stipulates that if an assessed business within the passenger car rental category pays an assessment greater than the maximum assessment, the weighted percentage assigned to that assessed business shall be the same as though its assessment were equal to the highest maximum assessment.

    L. Stipulates that assessments will only be collected on each rental transaction that commences at an airport, hotel, or overnight lodging facility.

    M. The $6,300,000 made available to the commission under the current Budget Act reverts back to the General Fund.

5. Eliminates the restriction on contracts for voluntary assessments from the gaming industry.

6. Clarifies that voluntary assessments shall be "proportionally" equivalent to the assessment levied from an assessed business.

7. Provides procedures for persons sharing common ownership, management, or control of more than one assessed business to calculate, administer, and pay the assessment owed by each business.

8. Specifies that the threshold for small businesses to be exempt from assessment ($1,000,000 in total California gross annual revenue) may be lowered by referendum, but is never to be set lower than $500,000.

9. Clarifies that any exempted business may enter into contract for voluntary assessments. This change will become inoperative on the date the Secretary BT&H provides notice to the Legislature and Secretary of State, and posts notice on its website that the passenger car rental industry has approved, by referendum to be assessed and the assessment rate.

10. Provides that if the CTTC delivers a resolution to the Secretary, then the Secretary may call a referendum at any time. This change will become inoperative on the date the Secretary BT&H provides notice to the Legislature and Secretary of State, and posts notice on its website that the passenger car rental industry has approved, by referendum to be assessed and the assessment rate.

CONTINUED

Provided by Legislative Research Incorporated (800) 530-7613

LRI
2006-790
Page 166 of 417

Exhibit C
E18

11. Requires the Secretary to identify, to the extent reasonably feasible, those businesses that would become newly assessed due to a change sought in a referendum, and provide those businesses the opportunity to vote in that referendum.

12. Requires the California Travel and Tourism Commission to submit a referendum to the passenger rental car industry (no later than March 31, 2007) which will propose an assessment level determined by the commission to yield sufficient funds for a specific spending plan.

13. Provides that if the commission finds that the referendum allows the commission to meet the funding goals specified, the authorization to terminate the commission by referendum shall be suspended until the end of the 2007-08 FY. Currently, the industry may terminate the commission by referendum at any time, if the state fails to appropriate $7,300,000.00 in any fiscal year.

14. Makes other technical and clarifying changes.

Background

The California Tourism Act grew out of efforts to reverse a multi-year decline in California's tourism industry. During the 1970s, Governor Brown closed the Office of Tourism and withdrew funding from many tourism promotion efforts. During Governor Deukmejian's tenure, the Office of Tourism was reactivated.

In February of 1993, Governor Wilson created the Governor's Task Force on Tourism Funding for the purpose of "investigating various tourism funding methods and making policy recommendations regarding a new, "non-tax" method of providing stable financing for statewide tourism promotion." The Task Force which was composed of representatives from various California businesses developed the concept that was ultimately enacted by SB 256 (Johnston), 1995-96 Session, as the California Tourism and Marketing Act.

The California Tourism and Marketing Act established the Office of Tourism in the State Technology, Trade and Commerce Agency (TTCA) and authorized California's tourism industry to conduct an industry-wide referendum of California businesses that benefit from travel and tourism spending. The referendum passed in October 1997, and it established the

CONTINUED

Provided by Legislative Research Incorporated (800) 530-7613

LRI
2006-790
Page 167 of 417

Exhibit C
E19

CTTC and a statewide marketing fund derived from mandatory assessments on travel and tourism businesses. The CTTC was created to be a "nonprofit" corporation consisting of 37-members, for the purpose of conducting marketing and managing assessed funds.

In January 2004, the programmatic responsibilities of the CTTC were transferred to the State Business, Transportation and Housing Agency (BT&H). The first full year of assessment funding occurred during the Fiscal Year 1998-1999 and between 1998 to 2002, the California Tourism marketing budget was fully funded by the CTTC and the State of California at approximately $14 million annually. The state has contributed each year except for FY 2003-2004 and FY 2004-2005.

**FISCAL EFFECT**: Appropriation: No   Fiscal Com.: Yes   Local: No

**SUPPORT**: (Verified 8/23/06)

California Hotel and Lodging Association (source)
Alamo Car Rental
Avis Car Rental
Budget Car Rental
California Attractions & Parks Association
California Chamber of Commerce
California Parks Company
California Restaurant Association
California Ski Industry Association
California Travel Industry Association
Dollar Car Rental
Enterprise Car Rental
Hertz Corporation
National Car Rental
Thrifty Car Rental
Walt Disney Company

**OPPOSITION**: (Verified 8/25/06)

Center for Public Interest Law, University of San Diego

**ARGUMENTS IN SUPPORT**: According to the author's office, this bill is necessary to update and make clarifying changes to the Tourism

CONTINUED

Provided by Legislative Research Incorporated (800) 530-7613

LRI
2006-790
Page 168 of 417

Exhibit C
E20

Marketing Act with respect to the CTTC. Currently the Act fails to clearly state the parameters for serving as a commissioner. This bill establishes or clarifies such parameters. The Act currently prohibits voluntary assessments from persons in the gaming industry. There is no existing justification for this prohibition and the gaming industry has expressed interest in participating in tourism funding; thus, this bill eliminates this provision so that gaming interests may participate on a voluntary basis

**ARGUMENTS IN OPPOSITION:** The Center for Public Interest Law states in opposition, "As we read AB 2592 (as now proposed for end-of-session amendment), it allows the rental car industry to disaggregate the airport concession fee (as well as the customer facility charge) from the identified charge of the rental company. The bill does require advertising disclosure of the total amount to be charged including these charges and taxes. And it does require their itemization in the contract to the consumer. But what the bill essentially allows is an immediate rake-off of 10 percent in additional monies for the industry. The companies merely maintain their current price levels, but instead of including the airport concession fee in the initial charge, it is now added on at the end, on top of a charge that historically included it. The end result is going to be an industry-wide price hike of 10 percent, all of it new profit for the industry.

"In an apparent and regrettable quid pro quo for this opportunity, the industry is agreeing to assess itself $50 million per year for the Office of Tourism within the Business, Transportation and Housing Agency. The juxtaposition of an "industry referendum" to make this assessment with the disaggregation of the airport concession fee lack both merit and subtlety.

"If the Office of Tourism properly warrants $50 million per year in general fund appropriations, or if it is appropriately special-funded from industry resources, the Legislature may accomplish this assessment without the voting consent of those assessed. If such a contribution is warranted, it should be enacted. It should not be connected to the implicit industry-wide price increases this measure would facilitate."

**ASSEMBLY FLOOR:**
AYES: Aghazarian, Arambula, Baca, Bass, Berg, Bermudez, Bogh, Calderon, Canciamilla, Chavez, Chu, Cohn, Coto, Daucher, De La Torre, Dymally, Emmerson, Evans, Frommer, Hancock, Harman, Jerome Horton, Shirley Horton, Houston, Huff, Jones, Karnette, Keene, Klehs, Koretz, La Malfa, La Suer, Laird, Leno, Leslie, Levine, Lieber, Lieu, Liu,

CONTINUED

Provided by Legislative Research Incorporated (800) 530-7613

LRI
2006-790
Page 169 of 417

Exhibit C
E21

AB 2592
Page 10

Matthews, McCarthy, Montanez, Mullin, Nakanishi, Nation, Nava, Negrete McLeod, Niello, Oropeza, Parra, Pavley, Plescia, Richman, Ridley-Thomas, Ruskin, Saldana, Salinas, Torrico, Tran, Umberg, Vargas, Wyland, Yee, Nunez
NOES: DeVore, Mountjoy, Strickland
NO VOTE RECORDED: Benoit, Blakeslee, Chan, Cogdill, Garcia, Goldberg, Haynes, Maze, Sharon Runner, Spitzer, Villines, Walters, Wolk


JJA:do 8/27/06   Senate Floor Analyses

            SUPPORT/OPPOSITION:  SEE ABOVE
                    **** END ****

Provided by Legislative Research Incorporated (800) 530-7613

LRI
2006-790
Page 170 of 417
Exhibit C
E22