EDMUND G. BROWN JR.
Attorney General of the State of California
W. DEAN FREEMAN
FELIX E. LEATHERWOOD
Supervising Deputy Attorneys General
RONALD N. ITO, State Bar No. 071322
DIANE SPENCER SHAW, State Bar No. 073970
LISA W. CHAO, State Bar No. 198536
Deputy Attorneys General
    300 South Spring Street, Room 1702
    Los Angeles, California  90013
    Telephone:  (213) 897-2477
    Fax:  (213) 897-5775

Attorneys for Defendant
Caroline Beteta

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHAMES; GARY GRAMKOW, on behalf of themselves and on behalf of all persons similarly situated, | CASE NO.  07 CV 2174 H BLM |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT CAROLINE BETETA TO DISMISS COMPLAINT FOR INJUNCTION, MONEY DAMAGES AND DECLARATORY RELIEF** |
| v. | |
| THE HERTZ CORPORATION,  Delaware corporation; DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., a Delaware corporation; AVIS BUDGET GROUP, INC., a Delaware corporation; VANGUARD CAR RENTAL USA, INC., an Oklahoma corporation; ENTERPRISE RENT-A-CAR COMPANY, a Missouri corporation; FOX RENT A CAR, INC., a California corporation; COAST LEASING CORP., a Texas corporation, THE CALIFORNIA TRAVEL AND TOURISM COMMISSION and CAROLINE BETETA, | Hearing Date:    April 1, 2008<br>Time:               10:30 a.m.<br>Place:              Courtroom 13<br>Judge:             Hon. Marilyn Huff |
| Defendants. | |

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ................................................................................................. 1

II. THE EXECUTIVE DIRECTOR AND THE ALLEGATIONS
    OF THE COMPLAINT ....................................................................................... 3

III. ARGUMENT ...................................................................................................... 4

  A.  THE COMPLAINT DOES NOT STATE A CAUSE OF ACTION FOR
      VIOLATION OF SECTION 1 OF THE SHERMAN ACT ................................ 4

    1. The Complaint Does Not Plead Any Facts Sufficient To Support
       A Conspiracy Under Standards Established by *Twombly* ........................... 4

    2. The Complaint Fails To Plead Any Factual Allegations
       That Ms. Beteta Facilitated or Participated in Any Conspiracy ................. 6

    3. Adoption Of The 2.5% Tourism Commission Assessment Rate
       Did Not Cause Direct Injury to Plaintiffs .................................................... 8

    4. Ms. Beteta Is Immune From Antitrust Liability Under
       The State Action Doctrine ............................................................................ 8

  B.  THE COMPLAINT DOES NOT STATE A CAUSE OF ACTION FOR
      VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION ACT ............ 9

    1. The Second Cause Of Action Fails To Give Fair Notice
       Of Unlawful Conduct By Ms. Beteta ............................................................ 9

    2. No Unlawful Conduct by Ms. Beteta Is Alleged .................................... 11

      a. No Antitrust Violation ................................................................. 11

      b. No False Advertising ................................................................... 11

    3. The Second Cause of Action Is Barred By the Eleventh Amendment ..... 11

    4. Ms. Beteta, a State Employee, Has No Liability
       For Unfair Competition ............................................................................. 13

      a. California Business and Professions Code Section 17201 ............ 13

      b. California Government Code section 820.8 ................................. 14

    5. Ms. Beteta Is Neither Subject To Injunction Nor Liable for Restitution .. 14

    6. Failure To File Government Claim For Money Or Damages ................. 15

Page

C. THE COMPLAINT DOES NOT STATE A CAUSE OF ACTION AGAINST MS. BETETA FOR VIOLATION OF THE BAGLEY-KEENE ACT ........................................................................ 15

    1. There Are No Allegations Describing Any Unlawful Conduct By Ms. Beteta ..................................................... 16

    2. Ms. Beteta Is Not A Proper Party As To The Third Cause of Action....... 16

D. THE DISTRICT COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE SECOND AND THIRD CAUSES OF ACTION ................................................................. 17

    1. The Court Should Decline To Exercise Jurisdiction Over The Second Cause Of Action For Alleged Violation Of The UCA.......... 17

    2. The Third Cause of Action Allegations Of Violations Of The Bagley-Keene Act Do Not Share A Common Nucleus Of Operative Facts With The First Cause Of Action ................................ 17

IV. CONCLUSION ............................................................................................................ 18

- ii -

1

TABLE OF AUTHORITIES

2

Page(s)

3

**FEDERAL CASES**

4

*Ammerman v. Sween,*
　54 F.3d 423 (7th Cir. 1995).................................................................................17

5

*Ariz. Cartridge Remanufacturers Ass'n v. Lexmark Int'l, Inc.,*
　421 F.3d 981 (9th Cir. 2005)...............................................................................9

6

*Associated General Contractors of Calif., Inc. v. California State Council of
　Carpenters,*
7
　459 U.S. 519 (1983)...........................................................................................8

8

*Baer v. First Options,*
　72 F.3d 1294 (7th Cir. 1995)..............................................................................17

9

*Bell Atlantic Corp. v. Twombly,*
　127 S. Ct. 1955 (2007)................................................................................passim
10

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.,*
11
　429 U.S. 477 (1977)...........................................................................................8

12

*Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc.,*
　810 F.2d 869 (9th Cir. 1987)..............................................................................9

13

*Edelman v. Jordan,*
　415 U.S. 651 (1974).........................................................................................12

14

*Erickson v. Pardus,*
15
　__ U.S. __, 127 S. Ct. 2197 (2007)...................................................................9

16

*Ford Motor Co. v. Department of Treasury,*
　323 U.S. 459 (1945).........................................................................................12

17

*In re Citric Acid Litig.,*
　191 F.3d 1090 (9th Cir. 1999)............................................................................7

18

*In re Graphics Processing Units Antitrust Litig.,*
　__ F. Supp. 2d __, 2007 WL 2875686 (N.D. Cal. 2007)...................................7
19

*In re Napster Copyright Litig. v. Hummer Winblad Venture Partners,*
20
　354 F. Supp. 2d 1113 (D. Cal. 2005).................................................................14

21

*Leatherman v. Tarrant County Narcotics and Intelligence Coordination Unit,*
　507 U.S.163 (1993)............................................................................................11

22

*Lucien v. Preiner,*
　967 F.2d 1166 (7th Cir. 1992)............................................................................11

23

*Parker v. Brown,*
　317 U.S. 341 (1943)...........................................................................................8

24

*Regents of the Univ. of Cal. v. Doe,*
25
　519 U.S. 425 (1997).........................................................................................12

26

*Sun Microsystems, Inc. v. Microsoft Corp.,*
　188 F.3d 1115 (9th Cir. 1999)............................................................................14

27

*Swierkiewicz v. Sorema N.A.,*
　534 U.S. 506 (2002)...........................................................................................9

28

- iii -

*Tennessee Student Assistance Corp. v. Hood*,
  541 U.S. 440 (2004) ................................................................................................. 12

*Theatre Enterprises, Inc. v. Paramount Film Distribution Corp.*,
  346 U.S. 537 (1954) ................................................................................................... 4

*United Mine Workers v. Gibbs*,
  383 U.S. 715 (1966) ................................................................................................. 17


**STATE CASES**

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*,
  20 Cal. 4th 163 (1999) ............................................................................................. 10

*City of San Jose v. Superior Court*,
  12 Cal. 3d 447 (Cal. 1974) ...................................................................................... 15

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal. 4th 1134 (Cal. 2003) ................................................................................... 14

*Lattin v. Franchise Tax Board*,
  75 Cal. App. 3d 377 (Ct. App. 1977) ...................................................................... 15

*People v. Toomey*,
  157 Cal. App. 3d 1 (Ct. App. 1984) ........................................................................ 14

*Ridley v. San Francisco*,
  272 Cal. App. 2d 290 (Ct. App. 1969) .................................................................... 15

*Tietz v. Los Angeles Unified Sch. Dist.*,
  238 Cal. App. 2d 905 (1965) ................................................................................... 15

*Trinkle v. Cal. State Lottery*,
  71 Cal. App. 4th 1198 (Ct. App. 1999) ................................................................... 13

**STATUTES**

15 U.S.C. § 1 .................................................................................................................. 1

28 U.S.C. § 1367(a) ...................................................................................................... 17

Cal. Bus. & Prof. Code § 17200, et seq. .............................................................. 1, 9, 13

Cal. Bus. & Prof. Code § 17201 ................................................................................... 13

Cal. Bus. & Prof. Code § 17500, et seq. ........................................................................ 1

Cal. Civ. Code § 1936.01 ............................................................................................... 1

Cal. Gov't Code § 815(a) .............................................................................................. 13

Cal. Gov't Code § 820.8 ............................................................................................... 14

Cal. Gov't Code § 825 ............................................................................................ 12, 14

Cal. Gov't Code § 900 .................................................................................................. 15

Cal. Gov't Code § 905.2 ............................................................................................... 15

Cal. Gov't Code § 945.6 ............................................................................................... 15

Cal. Gov't Code § 900.6 ............................................................................................... 15

Cal. Gov't Code § 11120, et seq. ................................................................................... 1

Cal. Gov't Code § 11121(a) .......................................................................................... 16

- iv -

Cal. Gov't Code § 11127 ................................................................................................. 16

Cal. Gov't Code § 11130(a) ............................................................................................ 16

Cal. Gov't Code § 13975 ................................................................................................. 12

Cal. Gov't Code § 13995.20 ........................................................................................ 1, 3

Cal. Gov't Code § 13995.40.5 .......................................................................................... 1

Cal. Gov't Code § 13995.43 .................................................................................. 3, 12, 17

Cal. Gov't Code § 13995.65 ................................................................................... 1, 8, 14

Cal. Gov't Code § 13995.90 ............................................................................................ 14

Cal. Gov't Code § 13995.92 ........................................................................................ 1, 8

## RULES

Fed. R. Civ. P. 12(b)(1) ..................................................................................................... 2

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 1

Fed. R. Civ. P. 8(a) ....................................................................................................... 2, 9

## CONSTITUTIONAL PROVISIONS

Cal. Const. art. VII, § 4 .................................................................................................... 3

# I.

## **INTRODUCTION**

This action concerns the effects of the enactment of AB 2592 on the passenger car rental prices in California.  AB 2592 amended California Civil Code section 1936.01 by permitting rental car companies, effective January 1, 2007, to state charges for Airport Concession Fee and Tourism Commission Assessment separately from the base rate.  This amendment became operative only after the rental car companies agreed to a voluntary assessment sufficient to increase the budget of the California Travel and Tourism Commission to a legislatively mandated level.  Thus, AB 2592 also amended the California Tourism Marketing Act ("CTMA"), California Government Code section 13995, et seq., to reflect the classification of the passenger car rental industry as a separate industry segment subject to assessment.  *See*, *e.g.*, Cal. Gov't Code §§ 13995.20, 13995.40.5, 13995.65, 13995.92.

The Complaint For Injunction, Money Damages And Declaratory Relief (the "Complaint") based on allegations of parallel conduct purports to state a First Cause of Action for price fixing in violation of the Sherman Act, 15 U.S.C. § 1, and a Second Cause of Action for violations of the Unfair Competition Act ("UCA"), California Business and Professions Code section 17200, et seq., which is also allegedly based on false advertising in violation of California Business and Professions Code section 17500, et seq.  The First and Second Causes of Action are alleged against seven defendants in the rental car industry, The Hertz Corporation, Dollar Thrifty Automotive Group, Inc., Avis Budget Group, Inc., Vangard Car Rental USA., Inc, Enterprise Rent-A-Car, Inc., Fox Rent A Car, Inc., and Coast Leasing Corp. (collectively the "Rental Car Defendants"), and defendants the California Travel and Tourism Commission ("CTTC") and Caroline Beteta ("Beteta").  The Complaint asserts a Third Cause of Action against defendants CTTC and Ms. Beteta for alleged violations of the Bagley-Keene Open Meeting Act ("Bagley-Keene Act"), California Government Code section 11120, et seq., concerning certain CTTC meetings.

The claims against Ms. Beteta, however, should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6), because the Complaint contains no allegations against Ms. Beteta that

- 1 -

1  satisfy the notice pleading requirements.  As to the alleged violations of Section 1 of the Sherman

2  Act, Plaintiffs have not met the pleadings requirements articulated by the Supreme Court of the

3  United States in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).  Plaintiffs assert that the

4  Rental Car Defendants entered into an agreement to pass on the Airport Concession Fee and the

5  tourism assessment to consumers.  However, Plaintiffs only allege parallel conduct and an

6  opportunity to conspire, and that Ms. Beteta somehow facilitated or participated in that alleged

7  conspiracy.  The Complaint is devoid of any factual allegations regarding actions of Ms. Beteta

8  that would have facilitated any conspiracy.  Mere conclusory allegations without more are not

9  sufficient to state an antitrust conspiracy.

10      Allegations of UCA violations should also be dismissed for a number of reasons.  The

11  conclusory allegations in the Complaint do not satisfy the pleading standards under Federal Rules

12  of Civil Procedure 8(a).  Plaintiffs have not asserted any unlawful conduct that would be subject

13  to a UCA violation.  Further, the UCA claims for monetary damages are barred by the Eleventh

14  Amendment and by California statutes because Ms. Beteta is an employee of the State of

15  California.  She is also not subject to injunction nor liability for restitution, and Plaintiffs have not

16  alleged that they complied with the California Tort Claims Act, California Government Code

17  section 900, et seq.

18      Further, the Third Cause of Action against Ms. Beteta must be dismissed because it

19  contains absolutely no allegation setting forth the basis of her purported violation of the Bagley-

20  Keene Act, and she is not a proper defendant to such an action.

21      Finally, the Second and Third Causes of Action should be dismissed pursuant to Federal

22  Rules of Civil Procedure 12(b)(1) based upon lack of subject matter jurisdiction.  Plaintiffs have

23  not sufficiently stated any federal claim that would permit the Court to exercise supplemental

24  jurisdiction over the Second and Third Causes of Action.  The Third Cause of Action is also

25  based entirely on questions of state law and does not share the same operative nucleus of facts as

26  the federal claim.

27      Accordingly, the Complaint should be dismissed in its entirety without leave to amend as

28  to Ms. Beteta.

- 2 -

## II.

## THE EXECUTIVE DIRECTOR AND THE ALLEGATIONS OF THE COMPLAINT

The CTMA expressly creates the position of the Executive Director of the CTTC. Cal. Gov't Code § 13995.43. As the Executive Director, Ms. Beteta is recommended by CTTC commissioners and approved by the Governor, and serves at the pleasure of both the commissioners and the Governor. Cal. Gov't Code § 13995.43(a); Complaint, ¶ 27. In addition to administering the CTTC, the Executive Director simultaneously serves as the Director of the Office of Tourism, holding the title of Deputy Secretary of Tourism of the California Business, Transportation and Housing Agency. Cal. Gov't Code §§ 13995.20(g), 13995.43(c). In both capacities, the Executive Director is an exempt employee, employed by the State of California.[1] Cal. Gov't Code § 13995.43(c).

The bulk of the Complaint's charging allegations deal with the history of the CTTC, the legislation that added the passenger car rental industry as a separate industry segment under the CTMA and permitted the Rental Car Defendants to separately state fees from base rates, and the alleged parallel conduct of the Rental Car Defendants. Ms. Beteta is sued in her capacity as the Executive Director of CTTC. Complaint, ¶ 19. Plaintiffs, however, do not allege that Ms. Beteta had any interest in or control over the Rental Car Defendants' business decisions or that she was actually a party to an alleged price fixing agreement. In fact, the only allegations against Ms. Beteta in the Complaint are general and conclusory, as follows:

> ¶ 1.    "Finally, the CTTC Defendants, an entity which has facilitated the illegal antitrust activities above, have consistently violated California Bagley-Keene Opening Meeting Act."[2]

> ¶ 19.    "Caroline Beteta serves as the Executive Director of the California Travel and Tourism Commission."

> ¶ 27.    "The CTTC Executive Director must be a 'tourism industry professional' recommended by the CTTC, approved by the Governor, serves at the pleasure of both and is charged with implementing the plans and policies of the CTTC."

---

[1] An exempt employee is a state employee who does not have civil service status. Cal. Const. art. VII, § 4.

[2] Although the Complaint does not define the term "CTTC Defendants," for purposes of this motion it is presumed to include the CTTC and Caroline Beteta.

- 3 -

¶ 43.   "Defendants CTTC and Beteta, in her capacity as the Executive Director of the CTTC, had knowledge of, facilitated and participated in the combination, contract and conspiracy, including the formation and implementation thereof."

¶ 44.   Each of the Defendants "(e) facilitate[ed] and coordinate[ed] communication among the Rental Car Defendants to fix surcharge levels."

¶ 46.   Each of the Defendants "have furthered the scheme through acts of concealment, including violation of the Bagley-Keene Act as more fully set forth in the Third Cause of Action herein."

Although the heading of the Third Cause of Action seeking declaratory and injunctive relief for violation of the Bagley-Keene Act identifies Ms. Beteta as a defendant, nothing in the actual allegations in the Third Cause of Action even mentions Ms. Beteta or that she engaged in any conduct in violation of the Bagley-Keene Act.  Complaint, ¶¶ 51-69.

The sparse and conclusory allegations relating to Ms. Beteta do not satisfy notice pleading requirements and they do not state any cause of action against Ms. Beteta.

## III.

## ARGUMENT

**A.    THE COMPLAINT DOES NOT STATE A CAUSE OF ACTION FOR VIOLATION OF SECTION 1 OF THE SHERMAN ACT**

The Complaint contains only conclusory allegations and bare assertions against Ms. Beteta that she, as the Executive Director of the CTTC, coordinated communications and facilitated an antitrust conspiracy.  It, however, contains no factual allegations of any communication coordinated or facilitated by Ms. Beteta during which any party discussed the formation and implementation of a scheme to fix prices of passenger rental cars.

**1.    The Complaint Does Not Plead Any Facts Sufficient To Support A Conspiracy Under Standards Established by *Twombly*.**

The "crucial question" in alleging a horizontal price-fixing conspiracy is whether the facts alleged demonstrate an "agreement" among competitors, as opposed to parallel conduct that "stemmed from independent decision."  *See Theatre Enterprises, Inc. v. Paramount Film Distribution Corp.*, 346 U.S. 537, 540-541 (1954).  In its recent decision of *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007), the Supreme Court requires complaints

- 4 -

1  alleging horizontal price fixing based on parallel conduct to contain enough factual allegations "to

2  raise a right to relief above the speculative level."  The Complaint does not satisfy this

3  requirement.

4      In *Twombly*, subscribers of local telephone services sued local phone service providers,

5  Incumbent Local Exchange Carriers ("ILECs"), alleging that the ILECs conspired to inflate local

6  telephone and high-speed internet fees to prevent new startups from entering into business.  The

7  complaint was based on the ILECs parallel conduct of not competing in each other's territory.

8  The District Court dismissed the complaint on the basis that parallel business conduct alone does

9  not state a claim under Section 1 of the Sherman Act.  The court further found that the ILECs'

10  conduct may be explained by rational business reasons and that the complaint did not allege facts

11  showing that the ILECs acted against their economic interests.  *Id*. at 1963.  The Supreme Court

12  agreed with the dismissal.

13      The Supreme Court found that in determining the sufficiency of a complaint pursuant to a

14  Rule 12(b)(6) motion to dismiss, "a plaintiff's obligation to provide the 'grounds' of his

15  'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

16  the elements of a cause of action will not do."  *Id.* at 1964-1965.  Applying that pleading standard

17  to a claim under Section 1 of the Sherman Act, the Supreme Court concluded that bare assertions

18  of conspiracy and allegations of parallel conduct are not sufficient:

19  
20  
21  
22  
> Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.  Hence, when allegations of parallel conduct are set out in order to make a § 1 claim, they must be placed in a context that raise a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action.

23  *Id.* at 1966.

24      To survive a motion to dismiss, a complaint must allege sufficient facts to make an

25  inference of conspiracy plausible.  *Id.* at 1966.  To do so, the additional factual allegations must

26  suggest an agreement among defendants, "as distinct from identical, independent action." *Id.* at

27  1961.  Alleging an opportunity to conspire is not sufficient, even if such opportunity is pled in

28  conjunction with allegations of parallel conduct.  *Id*. at 1971 n.12.  Even conscious parallel

1    conduct is not sufficiently suggestive of "a meeting of the minds" necessary to make out a

2    Section 1 claim. *Id.* at 1966.  Thus, a Section 1 claim must be dismissed if the allegations of the

3    complaint are "consistent with conspiracy but just as much in line with a wide swath of rational

4    and competitive business strategy unilaterally prompted by common perceptions of the market."

5    *Id.* at 1964.

6        Here, the Complaint's allegations of parallel conduct of the Rental Car Defendants and

7    allusions to opportunities to conspire without more do not sufficiently plead a conspiracy.  The

8    bare assertions against Ms. Beteta are even more speculative as she is not alleged to have any

9    interest in or control over the business decisions of rental car companies or to be a party to any

10   price fixing agreement.

11       **2.    The Complaint Fails To Plead Any Factual Allegations That Ms. Beteta
              Facilitated or Participated in Any Conspiracy.**

12

13       The scant and conclusory allegations against Ms. Beteta cannot satisfy the pleadings

14   standards imposed by *Twombly*.  The Complaint acknowledges that Ms. Beteta is far removed

15   from any direct participation in any alleged price fixing agreement.  Indeed, the only three

16   conclusory allegations against Ms. Beteta as to a violation under Section 1 of the Sherman Act are

17   as follows:

18       ¶ 43.   … Defendants CTTC and Beteta, in her capacity as the Executive Director
         of the CTTC, had knowledge of, facilitated and participated in the combination,
19       contract and conspiracy, including the formation and implementation thereof.

20       ¶ 44.   In furtherance of the unlawful contract, combination or conspiracy, upon
         information and belief, each of the Defendants has committed one or more overt
21       acts, including *inter alia*,
             …
22

23           (e)    facilitating and coordinating communication among the Rental Car
         Defendant to fix surcharge levels.

24       ¶ 46.   … Defendants and each of them have furthered the scheme through acts of
         concealment, including violation of the Bagley-Keene Act as more fully set forth in
25       the Third Cause of Action herein.

26       These conclusory allegations are inadequate to support Ms. Beteta engaging in any

27   wrongful conduct or that a conspiracy existed.  The Complaint simply asserts that Ms. Beteta

28   facilitated and participated in the alleged conspiracy, or that she coordinated communications to

- 6 -

1  further the conspiracy.  It does not identify the form of the communications, who participated in

2  these communications, when and where did these communications occur and what was discussed

3  in these communications.  Even if Ms. Beteta did meet with industry members as part of her

4  duties as the executive director of the CTTC, that fact alone without more does not make the

5  inference of conspiracy plausible.  *See Twombly*, 127 S. Ct. at 1971 n12 (finding that opportunity

6  to conspire is not sufficient even if pled in conjunction with allegations of parallel conduct); *In re*

7  *Graphics Processing Units Antitrust Litig.*, __ F. Supp. 2d __, 2007 WL 2875686, *11 (N.D. Cal.

8  2007) ("Attendance at industry trade shows and events is presumed legitimate and is not a basis

9  from which to infer a conspiracy, without more."); *see also In re Citric Acid Litig.*, 191 F.3d

10  1090, 1098 (9th Cir. 1999) (finding on summary judgment that evidence of participation in trade

11  association insufficient evidence of conspiracy).

12        The Complaint also charges that meetings held by the CTTC violated the Bagley-Keene

13  Act and were done so for the purpose of furthering the conspiracy.  Those meetings, however, do

14  not support an inference that Ms. Beteta facilitated a conspiracy.  First, the meetings allegedly

15  took place from August 2, 2007 to October 23-24, 2007, which is well after the alleged price

16  increases in January 2007.  Complaint, ¶¶ 36, 68.  Further, the alleged violations of the Bagley-

17  Keene Act consist of failing to properly prepare and provide notices and agenda of meetings on

18  the internet, requiring attendees to register, holding closed sessions to discuss personnel matters,

19  and not making telephonic conference locations available to public.  Complaint, ¶¶ 51-69.  None

20  of these allegations, however, support an inference that the violations were for the purpose of

21  furthering a conspiracy to illegally set rental car prices.  Finally, while the Third Cause of Action

22  purports to assert a claim against Ms. Beteta, there are absolutely no allegations made against her.

23  Complaint, ¶¶ 51-69.  The only reference to Ms. Beteta in the entire Third Cause of Action is in

24  the heading.  Complaint, p. 15, ll. 23-25.  Therefore, the allegations of the Third Cause of Action

25  could not support an inference that Ms. Beteta participated in or facilitated any antitrust

26  conspiracy.

27        Accordingly, the Court should dismiss the First Cause of Action against Ms. Beteta

28  because the Complaint is devoid of factual allegations as to any wrongful conduct.

### 3. Adoption Of The 2.5% Tourism Commission Assessment Rate Did Not Cause Direct Injury to Plaintiffs

The injury that Plaintiffs seek to redress is not one that is imposed by the CTMA or Ms. Beteta's actions taken in compliance with the CTMA. An antitrust injury is:

> [an] injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful. The injury should reflect the anticompetitive acts made possible by the violation. It should, in short, be "the type of loss that the claimed violation … would be likely to cause."

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977) (citation omitted). *See Associated General Contractors of Calif., Inc. v. California State Council of Carpenters*, 459 U.S. 519, 534 (1983) ("Congress did not intend the antitrust laws to provide a remedy in damages for all injuries that might conceivably be traced to an antitrust violation.").

To the extent the Complaint purports to allege that any action undertaken by Ms. Beteta to determine the amount of the Tourism Commission Assessment violated the Sherman Act, such action did not cause any direct injury to Plaintiffs. *See* Complaint, ¶ 44(e). The CTMA requires the CTTC to set a proposed assessment rate that will generate sufficient funding and to submit a referendum to the passenger rental car industry for approval. Cal. Gov't Code § 13995.92. The Complaint concedes that the assessment is owed by the rental car companies and not consumers, and does not allege that Ms. Beteta has any involvement in the Rental Car Defendants' business decisions to set rental car prices. *See* Complaint, ¶ 1; Cal. Gov't Code § 13995.65(f). Thus, the setting of the 2.5% assessment, the holding of an industry referendum, and the industry's approval of that assessment rate consistent with statutory mandates could not have been the direct cause of antitrust injury to Plaintiffs.

### 4. Ms. Beteta Is Immune from Antitrust Liability under the State Action Doctrine.

Ms. Beteta further joins in the CTTC's arguments, in its Motion to Dismiss, that are based on immunity from antitrust liability under the state action doctrine set forth in *Parker v. Brown*, 317 U.S. 341 (1943). Ms. Beteta is sued in her capacity as the executive director of CTTC. Complaint, ¶ 19. To the extent that the CTTC is entitled to immunity from Sherman Act

- 8 -

1   violations pursuant to the state action doctrine, Ms. Beteta is equally immune.  *See Charley's Taxi*

2   *Radio Dispatch Corp. v. SIDA of Hawaii, Inc.*, 810 F.2d 869, 876 (9th Cir. 1987) (affirming

3   dismissal of Sherman Act claim against director of Hawaii's Department of Transportation under

4   state action doctrine).

**B.     THE COMPLAINT DOES NOT STATE A CAUSE OF ACTION FOR
        VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION ACT**

7            The Second Cause of Action in the Complaint purports to allege that Ms. Beteta engaged

8   in unfair competition causing monetary loss to Plaintiffs in violation of the Unfair Competition

9   Act ("UCA"), California Business and Professions Code section 17200, et seq.  Complaint,¶¶ 49-

10  50.  The Second Cause of Action fails to state a claim upon which relief can be granted against

11  Ms. Beteta for the following reasons:

**1.     The Second Cause Of Action Fails To Give Fair Notice Of Unlawful Conduct
        By Ms. Beteta**

14           Federal Rules of Civil Procedure 8(a) provides in relevant part that a pleading stating a

15  claim for relief must contain, " (2) a short and plain statement of the claim showing that the

16  pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the

17  alternative or different types of relief."  A pleading must give "fair notice" of the claim being

18  asserted and the "grounds upon which it rests."  *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197,

19  2200 (2007); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002).

20           California Business and Professions Code section 17200 states that, ". . . . unfair

21  competition shall mean and include any unlawful, unfair or fraudulent business act or practice and

22  unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1

23  (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

24  Under Section 17200 the term unfair competition, "'means conduct that threatens an incipient

25  violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects

26  are comparable to or the same as a violation of the law, or otherwise significantly threatens or

27  harms competition.'"  *Ariz. Cartridge Remanufacturers Ass'n v. Lexmark Int'l, Inc.*, 421 F.3d 981,

28  986 (9th Cir. 2005); *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal. 4th

- 9 -

1   163 (1999).

2        In the instant case, as discussed above, the conclusory allegations in the Complaint that

3   might pertain to Ms. Beteta are:

4       1.   paragraph 1, that the CTTC Defendants, an entity which facilitated the illegal

5            antitrust activities, consistently violated the California Bagley-Keene Act;

6       2.   paragraph 19, that Ms. Beteta is the Executive Director of the CTTC;

7       3.   paragraph 27, that the Executive Director of the CTTC must be a tourism industry

8            professional recommended by the CTTC, approved by the Governor, serves at the

9            pleasure of the CTTC and the Governor, and is charged with implementing the

10           plans and policies of the CTTC;

11      4.   paragraph 43, which alleges that from a date unknown, but at least from January 1,

12           2007, and continuing through the present, the Rental Car Defendants and their co-

13           conspirators conspired and contracted to restrain trade in and affecting interstate

14           commerce in violation of 15 U.S.C. § 1, and, that, the CTTC and Ms. Beteta, in

15           her capacity as Executive Director of the CTTC, "had knowledge of, facilitated

16           and participated in the combination, contract and conspiracy, including the

17           formation and implementation thereof;"

18      5.   paragraph 44(e), facilitating and coordinating communications among the Rental

19           Car Defendants to fix surcharge levels;  and

20      6.   paragraph 46, that defendants and each of them furthered the scheme through acts

21           of concealment, including violation of the Bagley-Keene Act, as more fully set

22           forth in the Third Cause of Action.

23       The Complaint fails to state: what knowledge Ms. Beteta had, in what manner she

24  participated in, formed or implemented a combination that was unlawful; what contract she

25  participated in and how she participated in it, formed or implemented a contract that was illegal;

26  and/or how she participated in, formed or implemented an illegal conspiracy.  "Even the liberal

27  system of notice pleading embodied in the Federal Rules of Civil Procedure requires more than

28  such a bald assertion.  A complaint must at least 'include the operative facts upon which a

- 10 -

1    plaintiff bases his claim.'"  *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992); *see*

2    *Leatherman v. Tarrant County Narcotics and Intelligence Coordination Unit*, 507 U.S.163, 168

3    (1993).

4        Thus, the conclusory allegations in the Complaint are insufficient to give fair notice to

5    Ms. Beteta of what are the operative facts that form the basis for her purported liability for unfair

6    competition under the UCA.

7        **2.    No Unlawful Conduct by Ms. Beteta Is Alleged**

8        The Complaint does not contain any allegations that unfair business practices were

9    engaged in by Ms. Beteta.

10        **a.    No Antitrust Violation**

11        In paragraph 49, which is the first paragraph in the Second Cause of Action, Plaintiffs

12    incorporate by reference paragraphs 1 through 48 of the Complaint, which purportedly allege an

13    antitrust violation under the Sherman Act, 15 U.S.C. § 1.  However, as discussed above, there are

14    no allegations in the Complaint that Ms. Beteta engaged in actions that violated the antitrust law.

15    Further still, the purported Sherman Act violations merely allege parallel conduct by the Rental

16    Car Defendants, which is insufficient to support a violation of 15 U.S.C. § 1 under the pleading

17    standards set forth by the United States Supreme Court in *Twombly, supra*.

18        **b.    No False Advertising**

19        The Complaint in paragraph 49(B) alleges that false advertising purportedly occurred

20    because it was misrepresented to consumers that the 2.5% surcharge on car rentals is owed by

21    consumers to the CTTC, although allegedly the only assessment which is owed is by the

22    Defendants, and it is not owed by consumers.  Even assuming arguendo for purposes of this

23    Motion to Dismiss that there was false advertising, which supposition is denied by Ms. Beteta, the

24    Complaint does not allege how the purported false advertising was presented to consumers and it

25    does not allege any involvement by Ms. Beteta in false advertising.

26        **3.    The Second Cause of Action Is Barred By The Eleventh Amendment**

27        The Eleventh Amendment of the United States Constitution provides, "[t]he judicial

28    power of the United States shall not extend to any suit in law or equity commenced or prosecuted

1   against one of the United States by the citizens of another state or subjects of any foreign state."

2   Under the Eleventh Amendment of the United States Constitution, "an unconsenting State is

3   immune from suits brought in federal courts by her own citizens as well as by citizens of another

4   State." *Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974); *Tennessee Student Assistance Corp. v.*

5   *Hood*, 541 U.S. 440, 446 (2004).

6        The Supreme Court in *Regents of the University of California v. Doe*, 519 U.S. 425, 429

7   (1997) held that in the Eleventh Amendment, "the reference to actions 'against one of the United

8   States' encompasses not only actions in which a State is actually named as a defendant, but also

9   certain actions against state agents and state instrumentalities." It is well established that even if a

10  State is not named a party to the action, the suit may nonetheless be barred by the Eleventh

11  Amendment. In *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464 (1945), the

12  Supreme Court of the United States held:

13
        When the action is in essence one for the recovery of money from the state,
        the state is the real, substantial party in interest and is entitled to invoke its
14      sovereign immunity from suit even though individual officials are nominal
        defendants.
15

16       The Complaint alleges that the liability of Ms. Beteta arises in her capacity as the

17  Executive Director of Defendant CTTC. Complaint, ¶¶ 19, 43. However, under the CTMA, Ms.

18  Beteta is also simultaneously the Director of the Office of Tourism of the Business,

19  Transportation and Housing Agency and also an exempt employee, employed by the State of

20  California. Cal. Gov't Code § 13995.43(d). As to the Second Cause of Action, the prayer in the

21  Complaint inter alia purports to seek a monetary recovery through disgorgement and restitution

22  from Ms. Beteta. Complaint, p. 20, ll. 19 – 20.

23       Therefore, Ms. Beteta is an employee of the State of California in the Business,

24  Transportation and Housing Agency, which is an agency of the State of California. Cal. Gov't

25  Code § 13975. Pursuant to California Government Code section 825, if an employee of a public

26  entity reasonably cooperates in good faith and requests the public entity to defend him or her for

27  an injury arising out of an act or omission occurring within the scope of his or her employment

28  as an employee of the public entity, or if the public entity conducts the defense of the employee,

1   then it is the public entity that must pay a judgment, compromise, or settlement for the public

2   employee, if the injury arose out of an act or omission occurring in the scope of his or her

3   employment.

4       Thus, the claim for monetary recovery in the Second Cause of Action against Ms. Beteta

5   is barred by sovereign immunity under the Eleventh Amendment of the United States

6   Constitution.

7       **4.    Ms. Beteta, a State Employee, Has No Liability For Unfair Competition**

8           **a.    California Business and Professions Code Section 17201**

9       California Government Code section 815(a) provides in relevant part that, except as

10  otherwise provided by statute, "[a] public entity is not liable for an injury, whether such injury

11  arises out of an act or omission of the public entity or a public employee or any other person."

12  California Government Code section 815 is a legislative declaration that governmental immunity

13  from suit is the rule and liability the exception.  Therefore, "'in the absence of some constitutional

14  requirement, public entities may be liable only if a statute declares them to be liable.'"  *Trinkle v.*

15  *Cal. State Lottery*, 71 Cal. App. 4th 1198, 1202 (Ct. App. 1999).

16      California Business and Professions Code section 17201 provides that the term "person"

17  as used in Section 17200 means and includes, "natural persons, corporations, firms, partnerships,

18  joint stock companies, associations and other organizations of persons."  The UCA does not

19  contain any provision imposing governmental liability for violations of the act.  Thus, "because

20  there is no statute making public entities liable under the [Unfair Competition Act], the general

21  rule of governmental immunity must prevail."  *Trinkle v. Cal. State Lottery*, 71 Cal. App. 4th

22  1198, 1202 (Ct. App. 1999).

23      Therefore, because all public entities are immune from suit under the UCA and a public

24  entity can only act through its employees, Ms. Beteta in her capacity as an employee of the State

25  of California is also immune from liability under the UCA,[3]  otherwise the public entity would be

26

27  [3] In a civil or criminal action, proof that an act complained of was done in compliance with the
    Tourism and Marketing Act is a complete defense, *inter alia*, to a purported violation of the
    Unfair Practices Act, commencing with Section 17000 of the California Business and Professions

28  Code.   Cal. Gov't Code §13995.90(a).

- 13 -

1   required to pay money on her behalf (*See* Cal. Gov't Code § 825) thereby negating the immunity

2   of the public entity from UCA liability.

3              **b.     California Government Code section 820.8**

4        Moreover, the Complaint alleges that the purported injury to the Plaintiffs from the

5   tourism assessment resulted from the Rental Car Defendants charging Plaintiffs an additional

6   2.5% of the rental charge based on the tourism assessment.  The Complaint does not allege that

7   Ms. Beteta had any power to control what the Rental Car Defendants charge its customers.  The

8   CTMA permits the Rental Car Defendants to pass on some or all of the tourism assessment to its

9   customers.  Cal. Gov't Code §13995.65(f).

10       California Government Code section 820.8 provides in relevant part that except as

11   provided by statute, "a public employee is not liable for an injury caused by another person."

12   Therefore, Ms. Beteta is not liable for any purported injury to Plaintiffs resulting from charges by,

13   or the advertising of, the Rental Car Defendants to their customers.

14          **5.     Ms. Beteta Is Neither Subject To Injunction Nor Liable For Restitution**

15        The prayer of the Complaint as to the Second Cause of Action for violation of the UCA

16   seeks an injunction halting "all violations" and other equitable relief, including restitution and

17   disgorgement of unjust enrichment.  However, under California law injunctive relief may not be

18   granted without a showing that the unfair competition is continuing or is likely to reoccur.  *See*

19   *People v. Toomey*, 157 Cal. App. 3d 1, 20 (Ct. App. 1984); *Sun Microsystems, Inc. v. Microsoft*

20   *Corp.*, 188 F.3d 1115, 1123 (9th Cir. 1999).

21        In the instant case, as discussed above, Plaintiffs have failed to describe any unlawful

22   conduct by Ms. Beteta that is subject to injunction.

23        Moreover, under California law, Plaintiffs cannot obtain a judgment for disgorgement or

24   restitution from Ms. Beteta unless it is alleged that she is in possession of funds in which

25   Plaintiffs have an ownership interest.  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th

26   1134, 1144 -1152 (Cal. 2003); *In re Napster Copyright Litig. v. Hummer Winblad Venture*

27   *Partners*, 354 F. Supp. 2d 1113, 1126 - 1127 (N.D. Cal. 2005).

28        The Complaint contains no allegation that Ms. Beteta is in possession of funds in which

1    Plaintiffs have an ownership interest.

2         **6.      Failure To File Government Claim For Money Or Damages**

3         California Government Code section 900, et seq., sets forth the requirements for making

4    claims against public entities.  California Government Code section 905.2 requires that a claim be

5    presented to the State of California for money or damages.  The State means the State, any office,

6    officer, department, division, bureau, board, commission or agency of the State, claims against

7    which are paid by warrants drawn by the Controller.  Cal. Gov't Code § 900.6.  California

8    Government Code section 945.6 provides that no suit for money or damages may be brought

9    against a public entity on a cause of action for which a claim is required to be presented in

10   accordance with Chapter 1 (commencing with Section 900) or Chapter 2 (commencing with

11   Section 910), until a written claim therefore has been presented, acted upon or deemed rejected.

12        Compliance with the claims statutes is mandatory and failure to file a claim is fatal to a

13   cause of action.  *City of San Jose v. Superior Court*, 12 Cal. 3d 447, 454 (Cal. 1974); *Lattin v.*

14   *Franchise Tax Board*, 75 Cal. App. 3d 377, 380 (Ct. App. 1977).  Without a proper filing, and

15   rejection of the claim, no right accrues to seek relief in the courts.  *Ridley v. San Francisco*, 272

16   Cal. App. 2d 290, 292 (Ct. App. 1969); *see Kendrick v. La Mirada*, 272 Cal. App. 2d 325, 328 –

17   330 (Ct. App. 1969)

18        In the instant case, the Complaint does not allege that prior to filing suit against Ms.

19   Beteta Plaintiffs filed a timely claim for money or damages pursuant to the California

20   Government Code section 905.2, which was either rejected or deemed rejected.  Therefore, the

21   Second Cause of Action against Ms. Beteta is barred and must be dismissed.  *See Tietz v. Los*

22   *Angeles Unified School District*, 238 Cal. App. 2d 905, 912 (1965) (demurrer sustained because

23   of inability to allege presentation of claim prior to filing suit).

24   **C.     THE COMPLAINT DOES NOT STATE A CAUSE OF ACTION AGAINST MS.**
              **BETETA FOR VIOLATION OF THE BAGLEY-KEENE ACT**
25

26        The Third Cause of Action in the Complaint purports to allege that Ms. Beteta engaged in

27   actions that violate the Bagley-Keene Act.  Complaint,¶¶ 51-69.)  The Third Cause of Action fails

28   to state a claim upon which relief can be granted against Ms. Beteta for the following reasons:

- 15 -

**1.    There Are No Allegations Describing Any Unlawful Conduct By Ms. Beteta.**

In describing the purported violation of the Bagley-Keene Act, Plaintiffs repeatedly point to conduct of the CTTC, not to the conduct of its executive director Caroline Beteta.  For example, in paragraph 51, Plaintiffs allege that ". . . CTTC violated numerous provisions of the Bagley-Keene Open Meeting Act.  CTTC has also repeatedly violated the Bagley-Keene Act in a multitude of ways regarding Commission and CTTC committee meetings….."  Indeed, all of the other paragraphs under the Third Cause of Action are similarly worded.  There are absolutely no references to Ms. Beteta.  Complaint, ¶¶ 51-69.

The Complaint does allege that "Defendants and each of them have furthered the scheme through acts of concealment, including violation of the Bagley-Keene Act as more fully set forth in the Third Cause of Action herein."  Complaint, ¶46.  However, Plaintiffs make no allegations of any actions taken by Ms. Beteta which purport to be "acts of concealment" or other violations of the Bagley-Keene Act.

**2.    Ms. Beteta Is Not A Proper Party As To The Third Cause of Action.**

The Bagley-Keene Act applies to  "every state body unless the body is specifically excepted from that provision by law or is covered by any other conflicting provision of law."  Cal. Gov't Code § 11127.  A state body is further defined to include "[e]very state board, or commission, or similar multimember body of the state that is created by statute or required by law to conduct official meetings and every commission created by executive order."  Cal. Gov't Code § 11121(a).

California Government Code section 11130(a) authorizes actions to address violations of the Bagley-Keene Act against state bodies in pertinent part as follows:

> any interested person may commence an action by mandamus, injunction, or declaratory relief for the purpose of stopping or preventing violations or threatened violations of this article or to determine the applicability of this article to past actions or threatened future action by members of the state body or to determine whether any rule or action by the state body to penalize or otherwise discourage the expression of one or more of its members is valid or invalid under the laws of this state or of the United States . . ."

As the Executive Director of the CTTC, Ms. Beteta performs work for the CTTC and she is an employee of the State of California.  Cal. Gov't Code §13995.43(c) and (d).  She is not a

- 16 -

member of the CTTC.  Thus, Ms. Beteta is not a proper defendant under the Third Cause of Action.

**D.    THE DISTRICT COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE SECOND AND THIRD CAUSES OF ACTION.**

Supplemental jurisdiction is proper where the relationship between the federal and state claims form "part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  A single case exists in the constitutional sense wherever the state and federal claims arose from a "common nucleus of operative facts" and a plaintiff would ordinarily try them in a single judicial proceeding.  *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

**1.    The Court Should Decline To Exercise Jurisdiction Over The Second Cause Of Action For Alleged Violation Of The UCA.**

"Judicial power to hear both state and federal claims exists where the federal claim has sufficient substance to confer subject matter jurisdiction on the court, and the state and federal claims derive from a common nucleus of operative facts."  *Baer v. First Options*, 72 F.3d 1294, 1299 (7th Cir. 1995); *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995).

As discussed above in subsection A, the First Cause of Action in the Complaint fails to state a cause of action for violation of the Sherman Act and it must be dismissed.  If the First Cause of Action is dismissed, then allegations in the Second Cause of Action for Unfair Competition in violation of California Business and Professions have no operative facts in common with a federal cause of action conferring subject matter jurisdiction.  The District Court, therefore, should decline to exercise supplemental jurisdiction over the Second Cause of Action based upon purported violation of California law.

**2.    The Third Cause of Action Allegations Of Violations Of The Bagley-Keene Act Do Not Share A Common Nucleus Of Operative Facts With The First Cause Of Action.**

For the same reasons as stated above, the Court should also decline to exercise jurisdiction over the Bagley-Keene Act claim.  There are no "common nucleus of operative facts" shared by the purported Bagley-Keene Act violations and the purported Sherman Act violations.  There are

- 17 -

1   no facts alleged in the Complaint that show a commonality between the purported Sherman Act

2   violations and the purported Bagley-Keene Act violations.  The facts which Plaintiffs claim give

3   rise to the Sherman Act violations are not at all similar to the facts which Plaintiffs plead for the

4   Bagley-Keene Act cause of action.  Plaintiff makes a conclusory assertion that the "Defendants . .

5   . furthered the scheme [price fixing] through . . . violation of the Bagley-Keene Act . . ."

6   Complaint, ¶ 46.

7        However, as stated above in sections A and C, Plaintiffs fail to allege any acts or conduct

8   on the part of Ms. Beteta which evidence that she participated in or furthered the purported

9   violations.  The allegations in the Third Cause of Action regarding the CTTC meetings which

10  purportedly violated the Bagley-Keene Act, all occurred after January 1, 2007, when the

11  purported price fixing allegedly started.  Moreover, none of the purported acts in violation of the

12  Bagley Keene Act that are described in the Third Cause of Action bear any relationship to the

13  Sherman Act antitrust violations.  The Court, therefore, should decline to exercise supplemental

14  jurisdiction over the Third Cause of Action based upon purported violation of California law.

## IV.

## CONCLUSION

17       Based on the foregoing, defendant Caroline Beteta respectfully requests that the Court

18  dismiss the Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(6) for

19  failure to state a claim upon which relief may be granted against her and pursuant to Federal

20  Rules of Civil Procedure 12(b)(1), decline to exercise supplemental jurisdiction over the Second

21  and Third Causes of Action because they implicate claims involving entirely of questions of state

22  law and do not contain the same operative nucleus of facts as the federal claim.

23  //

24  //

25  //

26  //

27  //

28  //

- 18 -

1    Moreover, as to each cause of action in the Complaint, defendant Caroline Beteta is either

2    protected by immunity from liability or as a matter of law she is not subject to liability.

3    Therefore, the dismissal of the Complaint against defendant Caroline Beteta, should be without

4    leave to amend.

5

6    Dated:February 8, 2008                    EDMUND G. BROWN JR., Attorney General
                                               of the State of California
7                                              W. DEAN FREEMAN
                                               FELIX E. LEATHERWOOD
8                                              Supervising Deputy Attorneys General
                                               RONALD N. ITO
9                                              DIANE SPENCER SHAW
                                               LISA W. CHAO
10                                             Deputy Attorneys General

11

12                                             s/Ronald N. Ito_____
                                               Attorneys for Defendant
13                                             Caroline Beteta
                                               E-mail:  ronald.ito@doj.ca.gov
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 19 -