CENTER FOR PUBLIC INTEREST LAW
UNIVERSITY OF SAN DIEGO SCHOOL OF LAW
ROBERT C. FELLMETH, SBN 49897
cpil@sandiego.edu
ED HOWARD, SBN 151936
JULIANNE D'ANGELO FELLMETH, SBN: 109288
5998 Alcala Park
San Diego, CA  92110
Telephone:     (619) 260-4806
Facsimile:      (619) 260-4753

SULLIVAN HILL LEWIN REZ & ENGEL
A Professional Law Corporation
DONALD G. REZ, SBN 82615
rez@shlaw.com
550 West "C" Street, Suite 1500
San Diego, CA  92101
Telephone:     (619) 233-4100
Facsimile:      (619) 231-4372

HULETT HARPER STEWART LLP
DENNIS STEWART, SBN : 99152
dstewart@hulettharper.com
JENNIFER A. KAGAN, SBN: 234554
jenni@hulettharper.com
550 West C Street, Suite 1600
San Diego, CA  92101
Telephone:     (619) 338-1133
Facsimile:      (619) 338-1139

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHAMES; GARY GRAMKOW, on behalf of themselves and on behalf of all persons similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>THE HERTZ CORPORATION, et al.,<br><br>            Defendants. | Case No. 07CV2174H(BLM)<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>DATE:     April 1, 2008<br>TIME:     10:30 a.m.<br>JUDGE:   Honorable Marilyn L. Huff<br>CTRM:    13 |

## I. INTRODUCTION

Plaintiffs Michael Shames and Gary Gramkow, on behalf of themselves and on behalf of all persons similarly situated, respectfully submit this Opposition to Defendants The Hertz Corporation, Dollar Thrifty Automotive Group, Inc., Avis Budget Group, Inc., Vanguard Car Rental USA, Inc., Enterprise Rent-A-Car Company, Fox Rent A Car, Inc., Coast Leasing Corp., The California Travel and Tourism Commission, and Caroline Beteta's ("Defendants") Request for Judicial Notice in Support of Rental Car Defendants' Motion to Dismiss with regard to the following documents:

1. Exhibit B: Letter from Robert C. Fellmeth, Esq. to The Honorable Mark Leno, dated August 23, 2006 ("Fellmeth letter").

2. Exhibit C: Senate Floor Analysis of AB 2592 on the Third Reading of the bill in the Senate ("Senate Analysis").

3. Exhibit D: S. 1057, 2007-2008 Sess. (Cal. 2008) ("Senate Bill").

Defendants' request for judicial notice of documents associated with the legislative history of California Civil Code § 1936.01 ("the Code") and the "facts" or inferences they seek to have the Court draw from them on this motion to dismiss is improper under both Rule 201 of the Federal Rules of Evidence and the principles circumscribing the Court's consideration of a motion to dismiss.

First, these documents, even if considered part of the legislative history of the statute, are legislative facts[1] and are therefore not properly noticeable as adjudicative facts under Rule 201 of the Federal Rules of Evidence. *See* Fed. R. Evid. 201(a).

Second, as adjudicative facts, the meaning, truth, and factual inferences Defendants would have the Court draw from them are all subject to reasonable dispute and actually disputed. Therefore, the documents are not noticeable under Rule 201. *See* Fed. R. Evid. 201(b).

Finally, Defendants' proffered argument that the documents constitute legislative history

---

[1] Rule 201 only governs "adjudicative facts," and not "legislative facts." *See* Fed. R. Evid. Rule 201(a) Advisory Committee Note. The *existence* and *contents* of these documents, as the publicly recorded legislative history of California Civil Code § 1936.01, are legislative facts. *See* discussion *infra* Part II.B.

and are therefore subject to notice as legislative facts is also meritless. Courts traditionally take judicial notice of legislative history as legislative facts as an aid in interpreting legislation. Defendants proffer these documents as "evidence" of facts and inferences they seek to have the Court find in support of their motion to dismiss, thereby violating both the principles underlying judicial notice and those circumscribing a Court's consideration of a motion to dismiss.

## II. TAKING JUDICIAL NOTICE OF THE *CONTENT* OR THE *EXISTENCE* OF EXHIBITS B AND C, THE FELLMETH LETTER AND SENATE ANALYSIS, IS IMPROPER

### A. The Contents of the Fellmeth Letter Are Not Noticeable as an Adjudicative Fact[2]

This Court may only take judicial notice of a matter pursuant to Rule 201 if the matter is an "adjudicative fact" that is "not subject to reasonable dispute." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citing Fed. R. Evid. 201(b)); *see* Fed. R. Evid. 201(a)-(b). "Adjudicative facts are simply the facts of a particular case. . . . 'They are the facts that normally go to the jury in a jury case.'" Fed. R. Evid. 201(a) advisory committee's note (citing 2 K. Davis, Administrative Law Treatise § 15.03 at 353 (1958)); *see United States v. Gould*, 536 F.2d 216, 219-20 (8th Cir. 1976). An adjudicative fact is not subject to reasonable dispute only if it is "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b); *see Ritchie*, 342 F.3d at 909. Even public records must meet the requirements of Rule 201 if they are to be properly judicially noticed. *See, e.g., Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (a matter of public record is judicially noticeable only if the facts are not subject to reasonable dispute).

In order to stay within the proper bounds of judicial notice, it is imperative that the matter to be judicially noticed and the purpose for which judicial notice is sought be clearly understood. Defendants, in their request for judicial notice, are purposefully vague as to precisely what they are asking the Court to "notice" in the Fellmeth letter and why. It is clear, however, from their

---

[2] This discussion applies to both the Fellmeth letter, which Defendants attempt to admit as Exhibit B to their Request for Judicial Notice, and to Exhibit C, the Senate Analysis. Defendants only use the Senate Analysis in their motion as an additional attempt to put the Fellmeth Letter before the Court.

memorandum in support of their Motion to Dismiss that they are beyond the bounds of proper judicial notice.  The Defendants are asking this Court to judicially notice the contents of the letter to establish what they claim to be a "fact" which they contend contradicts the allegations of the Complaint, i.e. that their conduct "*resulted from the language of AB 2592 and independent business decisions made by each of the Rental Car Defendants in their individual self-interests*," and further that that is a "fact" "acknowledged by Professor Fellmeth "that dooms the Plaintiffs' Complaint . . . ." Defendants' Memorandum of Points and Authorities in Support of the Rental Car Defendants' Motion to Dismiss at 6, 2-4 (emphasis added).  Thus Defendants both: a) assert as fact their own interpretation of the meaning of the Fellmeth letter[3] and b) request the Court to use this "evidence" on a motion to dismiss as a ground for dismissal.

Both the interpretation of the Fellmeth letter and the reasons why the Defendants uniformly raised their prices and imposed a new fee at the exact same time are unquestionably facts which are both subject to "reasonable dispute" and actually disputed in this case.  As such even if they were somehow relevant[4] and even if, contrary to settled law, this extra-pleading factual material could be considered on a motion to dismiss,[5] these are not facts which are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned," and

---

[3]  Specifically, Fellmeth stated in his letter that "AB 2592 . . . allows the rental car industry to disaggregate the airport concession fee (as well as the customer facility charge) from the identified charge of the rental company.  [W]hat the bill essentially allows is an immediate rake-off of 10% in additional monies for the industries.  The end result is going to be an industry-wide price hike of 10% − all of it new profit for the industry." Letter from Robert C. Fellmeth, Price Professor of Pub. Interest Law, USD Ctr. for Pub. Interest Law, to the Honorable Mark Leno, Assemblymember, California State Legislature (Aug. 23, 2006).  The Defendants would have this Court consider, as fact, their subjective interpretation that Fellmeth, in these statements, was somehow implying that the rental car companies would raise their prices independently.  The letter says no such thing.

[4]  Nowhere do defendants explain how a law professor's extra-judicial statement made long before he represented the plaintiffs could be used against the plaintiffs as some type of admission against the plaintiff.  Nor could they.

[5]  In reviewing a motion to dismiss, courts may only consider the contents of the complaint, and "extraneous evidence" should not be considered. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

therefore not properly judicially noticeable under Fed. R. Evid. 201(b).[6] *See* Fed. R. Evid. 201(b).

Indeed, the Ninth Circuit has made clear that, to the extent that the legislative history of a statute is "a matter of public record," nonetheless the "veracity and validity of [its] contents (the underlying arguments made by the parties, disputed facts, and conclusions of fact) are not [judicially noticeable]." *Cactus Corner, LLC v. U.S. Dep't of Agric.*, 346 F. Supp. 2d 1075, 1099 (E.D. Cal. 2004), *aff'd*, 450 F.3d 428 (9th Cir. 2006); *see also Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001) (holding that a court may only judicially notice a public record for its undisputed existence, but not for the truth of the facts within); *Marsh v. San Diego County*, 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006) (judicially noticing the existence of certain public records, but limiting the court's consideration of these documents to their existence, stating that "[a] court may take judicial notice of the existence of matters of public record . . . but not the truth of the facts cited therein"). Defendants are clearly attempting to have this Court take judicial notice of the "truth" of their interpretation of the Fellmeth letter as a factual and evidentiary premise for their underlying argument that the Defendants' conduct was the result of independent business decisions. Accordingly, neither the contents of the letter, Defendants' interpretation of its contents, nor the inference they seek to have the Court draw can be judicially noticed.

### B.   The Fellmeth Letter Is Not Noticeable as a Legislative Fact

Nor may Defendants argue that the letter is properly noticed as a "legislative" fact for they do not proffer a proper and relevant purpose in support of the request.

Facts subject to judicial notice as part of legislative history are actually legislative facts, which are not governed by the provisions of Rule 201. *See* Fed. R. Evid. 201(a) advisory committee's note. "Legislative facts," are facts "which have relevance to legal reasoning and the lawmaking process . . . in the formulation of . . . the enactment of a legislative body." Fed. R. Evid. 201(a) advisory committee's note. Consequently, courts, including the Ninth Circuit, have historically judicially noticed legislative history for the purpose of interpreting the meaning or legislative intent of a statute. *See Romine v. Diversified Collection Serv.*, 155 F.3d 1142, 1146-47

---

[6]   Even if it were proper to consider as "evidence" against a litigant a statement made by his counsel a year before he was his counsel, the meaning of the letter is disputed.

(9th Cir. 1998) (taking judicial notice of a government agency letter to help the court interpret the meaning of a particular term in a federal statute); *Joseph v. J.J. Mac Intyre Cos.*, 238 F. Supp. 2d 1158, 1165 (N.D. Cal. 2002) (taking judicial notice of legislative history in order to aid the court in interpreting a California statute); *N. Pacifica, LLC. v. City of Pacifica*, 234 F. Supp. 2d 1053, 1058 (N.D. Cal. 2002) (taking judicial notice of "relevant legislative documents supplied by North Pacifica in order to better understand the California Legislature's intent . . ." of a California government code).

Even the authorities cited by the Defendants are cases in which the court took judicial notice of legislative history for the purpose of interpreting a statute. *Chaker v. Crogan*, 428 F.3d 1215, 1223-24 n.8 (9th Cir. 2005) (judicial notice of the legislative history of a California statute in order to interpret the intent of the legislature in adopting that statute); *Louis v. McCormick & Schmick Rest. Corp.*, 460 F. Supp. 2d 1153, 1156-58, n.4, n.8 (C.D. Cal. 2006) (judicial notice of the legislative history of a federal statute, the labor code, to interpret the meaning of the statutory language of the labor code).

Here, Defendants are not offering the Fellmeth letter as a piece of legislative history intended to aid the Court in interpreting a statute. They are offering it as evidence of a disputed fact, i.e., whether (under their wishful interpretation of the letter) their pricing conduct is only plausibly explainable as the result of independent business behavior. This falls outside the scope of purpose for which courts have judicially noticed legislative history.

### III.    TAKING JUDICIAL NOTICE OF THE *CONTENT* OR THE *EXISTENCE* OF EXHIBIT D, SENATE BILL 1057 (2007-08 SESSION), IS IMPROPER

For no discernible purpose (or at least no proper discernible purpose), Defendants also request the Court to take judicial notice of Senate Bill 1057 (2007-08 Session). Here again, the Defendants are incorrectly requesting the Court to notice a legislative fact under the provisions of Rule 201.

Furthermore, the Senate Bill lacks any relevance to the Defendants' Motion to Dismiss. SB 1057 has not been enacted as law, and the fact of its existence is utterly irrelevant to the issues on this motion.

## IV. CONCLUSION

For the foregoing reasons, the Court should not take judicial notice of Exhibits B–D.

DATED: March 11, 2008

HULETT HARPER STEWART LLP
DENNIS STEWART
JENNIFER A. KAGAN


  /s/Dennis Stewart
DENNIS STEWART

550 West C Street, Suite 1600
San Diego, CA  92101
Telephone:    (619) 338-1133
Facsimile:    (619) 338-1139

CENTER FOR PUBLIC INTEREST LAW
UNIVERSITY OF SAN DIEGO
  SCHOOL OF LAW
ROBERT C. FELLMETH
ED HOWARD
JULIANNE D'ANGELO FELLMETH
5998 Alcala Park
San Diego, CA  92110
Telephone:    (619) 260-4806
Facsimile:    (619) 260-4753

SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation
DONALD G. REZ
550 West "C" Street, Suite 1500
San Diego, CA  92101
Telephone:    (619) 233-4100
Facsimile:    (619) 231-4372

Attorneys for Plaintiffs