Michael L. Weiner (*Pro hac vice*)
SKADDEN ARPS SLATE MEAGHER &
  FLOM LLP
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000

Douglas B. Adler (Cal. Bar No. 130749)
SKADDEN ARPS SLATE MEAGHER &
  FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000

Sara L. Bensley (*Pro hac vice*)
SKADDEN ARPS SLATE MEAGHER &
  FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005-2111
Telephone: (202) 371-7000

Attorneys for Defendant
AVIS BUDGET GROUP, INC.

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHAMES; GARY GRAMKOW, on behalf of themselves and on behalf of all persons similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>THE HERTZ CORPORATION, a Delaware corporation; DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., a Delaware corporation; AVIS BUDGET GROUP, INC., a Delaware corporation; VANGUARD CAR RENTAL USA, INC., an Oklahoma corporation; ENTERPRISE RENT-A-CAR COMPANY, a Missouri corporation; FOX RENT A CAR, INC., a California corporation; COAST LEASING CORP., a Texas corporation; THE CALIFORNIA TRAVEL AND TOURISM COMMISSION and CAROLINE BETETA<br><br>**Defendants.** | Case No. 07 CV 2174 H BLM<br><br>[Class Action]<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE RENTAL CAR DEFENDANTS' MOTION TO DISMISS**<br><br>Date: April 1, 2008<br>Time: 10:30 a.m.<br>Place: Courtroom 13<br>**Honorable Marilyn L. Huff** |

**TABLE OF CONTENTS**

I.  INTRODUCTION ...........................................................................................1

II. PLAINTIFFS' SHERMAN ACT CLAIM SHOULD BE DISMISSED. ...............2

    A.   The Alleged Parallel Conduct Is Plainly Understandable As Independent Business Decisions. ..................................................................2

    B.   Plaintiffs Fail To Allege Any Facts That Make An Inference Of A Conspiracy Plausible. ........................................................................3

        1.   The Fact, Timing And Context Of Alleged Communications Do Not Support An Inference Of Conspiracy. ...............................4

        2.   The Alleged Fact That The Communications Concerned The "Very Number At Issue" Does Not Support An Inference Of Conspiracy. ..............................................................................4

        3.   The Alleged Simultaneous Imposition Of The Charges Does Not Support An Inference Of Conspiracy. ...................................5

        4.   Plaintiffs Allege No Other Improper "Plus" Factors. .....................5

    C.   The Ninth Circuit Recently Affirmed The Dismissal Of A Complaint Containing Essentially The Same Allegations That Plaintiffs Make Here. ........................................................................................6

III. PLAINTIFFS' PURPORTED UCL CLAIM SHOULD BE DISMISSED............7

    A.   Plaintiffs Cannot State A UCL Claim Based On Allegations That Defendants Engaged In Conduct That Violates The Sherman Act. ............7

    B.   Plaintiffs Cannot State A UCL Claim Based On Their Allegations That The Rental Car Defendants Improperly Described The CTTC Assessment. .......................................................................................8

    C.   Plaintiffs Do Not And Cannot Provide Any Factual Basis For Their Conclusory Allegation That The Rental Car Defendants "Overcharged" Customers. .......................................................................9

IV. CONCLUSION................................................................................................10

# **TABLE OF AUTHORITIES**

## **CASES**

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ................................................................ *passim*

*Belton v. Comcast Cable Holdings, LLC*, 151 Cal. App. 4th 1224 (2007) ................................ 2, 8

*Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798 (2007) ........................................... 9, 10

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163 (1999) .................................... 8

*DM Research, Inc. v. Coll. of Am. Pathologists*, 170 F. 3d 53 (1st Cir. 1999) .............................. 10

*In re Elevator Antitrust Litig.*, 502 F.3d 47 (2d Cir. 2007) ............................................................. 3

*In re Late Fee & Over-Limit Fee Litig.*, 528 F. Supp. 2d 953 (N.D. Cal. 2007) ....................... 3, 4, 5

*In re Universal Serv. Fund Tel. Billing Practices Litig.*, 219 F.R.D. 661 (D. Kan. 2004) ............... 3

*Kendall v. Visa U.S.A., Inc.*, No. 05-16549, __ F.3d. ___, 2008 WL 613924 (9th Cir. Mar. 7, 2008) ............................................................................................................................. 6, 7

*Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612 (1993) ......................................................... 10

*New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090 (C.D. Cal. 2004) .................................................. 8

*United Mine Workers of Am. v. Pennington*, 381 U.S. 657 (1965) ................................................. 4

## **STATUTES**

California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ............................................ 2

Cal. Bus. & Prof. Code § 17204 ................................................................................................ 9, 10

Cal. Civ. Code § 1936.01 ........................................................................................................ 2, 7, 8

Cal. Gov't Code § 13995.65 ..................................................................................................... 2, 8, 9

Cal. Gov't Code § 13995.90 ............................................................................................................ 8

Cal. Gov't Code § 13995.92 ................................................................................................... 4, 5, 7

## **OTHER**

HON. WILLIAM W. SCHWARZER ET AL., CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL
  PROCEDURE BEFORE TRIAL (The Rutter Group 2007) ........................................................ 10

## I. **INTRODUCTION**

Plaintiffs' Opposition fails to point to a single *fact* in the Complaint suggesting that the Rental Car Defendants conspired with each other – either to pass on the California Travel and Tourism Commission ("CTTC") assessment to customers or to "unbundle" the Airport Concession Fee without reducing the base rate.[1] Indeed, stripped of the rhetoric, Plaintiffs' Opposition basically accuses the Rental Car Defendants of "doing the same thing," causing Plaintiffs to conclude that an antitrust violation must have occurred. However, the Supreme Court has spoken on this issue: No antitrust violation lies for "doing the same thing." *See Bell Atl.Corp. v. Twombly*, 127 S. Ct. 1955, 1965-66 (2007).

The lynchpin of Plaintiffs' argument is that the Court simply should assume a conspiracy because the Rental Car Defendants allegedly availed themselves, in parallel, of a change in the law that they had lobbied for – a change that allows them to pass on the CTTC assessment and the previously-bundled Airport Concession Fee to consumers. However, Plaintiffs' own counsel predicted that a natural consequence of the change in the law would be that each Rental Car Defendant would "unbundle" the Airport Concession Fee and pass it on to renters without lowering the base rate. *See* Defs.' Req. for Jud. Notice ("RJN"), Exs. B & C. Yet, without alleging any *facts*, Plaintiffs ask this Court to believe that this parallel behavior, predicted by their own counsel, was a result of some conspiracy instead of "rational and competitive business strategy unilaterally prompted by common perceptions of the market." *Twombly*, 127 S. Ct. at 1964. Plaintiffs cannot point to *any* allegation in their Complaint that describes the contour of the alleged conspiracy or that provides any details as to when or where the supposed participants formulated their alleged conspiracy. As a consequence, Plaintiffs fail to state a Sherman Act claim.

---

[1] In their Opposition, Plaintiffs state that their antitrust claim is based on the alleged uniform passing through of the CTTC assessment and the Airport Concession Fee. (*See* Opposition to Motions to Dismiss ("Opp'n") at 1:6-8.) Because Plaintiffs have clarified that they do not challenge on antitrust grounds the Rental Car Defendants' lobbying activities or agreement to the CTTC assessment, this Reply does not address such activities. Any such challenge by Plaintiffs would have been futile as a matter of law. (*See* Mem. P. & A. in Supp. of Rental Car Defs.' Mot. to Dismiss ("Defs.' Mem.") at 12-13.)

Plaintiffs also fail to state a claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.. Because Plaintiffs' Sherman Act claim fails, Plaintiffs cannot rely on conduct underlying the alleged Sherman Act violation to maintain a claim under the UCL. *Belton v. Comcast Cable Holdings, LLC*, 151 Cal. App. 4th 1224, 1240 (2007). Moreover, Plaintiffs fail to allege any "misrepresentation" as a matter of law. Finally, Plaintiffs fail to allege with particularity any claim based on their conclusory allegation that the Rental Car Defendants somehow "overcharged" customers for the CTTC assessment.

As the Supreme Court recognized in *Twombly*, antitrust discovery can be enormously expensive, and courts must carefully scrutinize antitrust complaints and weed out defective claims at the pleading stage. *Twombly*, 127 S. Ct. at 1967. Plaintiffs' Complaint is precisely the type of deficient pleading that *Twombly* intended to eliminate. This Court should grant Defendants' motion and dismiss the Complaint.

## II. PLAINTIFFS' SHERMAN ACT CLAIM SHOULD BE DISMISSED.

### A. The Alleged Parallel Conduct Is Plainly Understandable As Independent Business Decisions.

As in *Twombly*, Plaintiffs have failed to place their allegations "in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action." *Id.* at 1966.

First, Plaintiffs argue that their allegations of parallel conduct by the Rental Car Defendants in passing on to customers the entire CTTC assessment and separately stating both the CTTC assessment and the Airport Concession Fee somehow demonstrate a conspiracy. However, California law expressly *allows* the Rental Car Defendants to do each of these things, and Plaintiffs allege that the Rental Car Defendants specifically lobbied the Legislature to obtain this result. *See* Cal. Civ. Code § 1936.01(b)(4); Cal Gov't Code § 13995.65(f); Complaint ("Compl.") ¶¶ 32, 36.[2] Thus, the alleged parallel conduct is explainable solely in terms of independent business decisions

---

[2] Plaintiffs concede that the Rental Car Defendants are immune from liability for purported lobbying activities. (Opp'n at 21:3-5.)

2

by the Rental Car Defendants to avail themselves of the new statutory provisions.  *See In re Late Fee & Over-Limit Late Fee Litig.*, 528 F. Supp. 2d 953, 963 n.8 (N.D. Cal. 2007) (dismissing antitrust action under *Twombly* and noting that a new regulation allowed fee increases in 2005, the year the alleged increases began).

Second, Plaintiffs again allege mere lawful parallel conduct in asserting that the Rental Car Defendants "unbundled" the Airport Concession Fee without reducing their base rates.  Since the parallel conduct allegedly occurred coincident with when AB 2592 went into effect – as Plaintiffs' counsel predicted – it can be explained as a "rational and competitive business strategy unilaterally prompted by common perceptions of the market." *Twombly*, 127 S. Ct. at 1964.  Indeed, these "common perceptions" were shared by Plaintiffs' counsel himself.  (*See* RJN, Exs. B & C.)  Again, Plaintiffs have not placed their allegations "in a context that raises a suggestion of preceding agreement, not merely parallel conduct that could just as well be independent action." *Id.* at 1966; *see also In re Elevator Antitrust Litig.*, 502 F.3d 47, 51-52 (2d Cir. 2007) (per curiam) ("[S]imilar pricing can suggest competition at least as plausibly as it can suggest anticompetitive conspiracy.").  Thus, Plaintiffs' allegations fail to state a claim under the Sherman Act.[3]

### B. Plaintiffs Fail To Allege Any Facts That Make An Inference Of A Conspiracy Plausible.

Plaintiffs claim to have pleaded allegations that make an inference of conspiracy plausible in light of *Twombly*. (*See* Opp'n at 2:11-14 ("The fact of communications, the time and context of the communications, the fact that the communications concerned the very number at issue, the simultaneous imposition of the aberrational price increase, and no apparent cost justification . . . .").)  Plaintiffs are wrong.  Taken either individually or collectively, Plaintiffs' bare allegations fail to state a claim sufficient to survive a motion to dismiss.

---

[3] Plaintiffs' reliance on *In re Universal Service Fund Telephone Billing Practices Litigation*, 219 F.R.D. 661 (D. Kan. 2004), is misplaced.  That decision involved a request for class certification and, in making the statement that, "in a truly competitive market, defendants' USF surcharge rates should arguably be lower," the court was merely paraphrasing a declaration submitted by one of the parties. *Id.* at 681.  The court did not pass on the accuracy of this declaration. *See id.*

### 1. The Fact, Timing And Context Of Alleged Communications Do Not Support An Inference Of Conspiracy.

Alleged opportunities to conspire are insufficient under *Twombly* to show that parallel conduct was the result of a conspiracy. *See Twombly*, 127 S. Ct. at 1971 & n.12; *In re Late Fee & Over-Limit Fee Litig.*, 528 F. Supp. 2d at 963-64. (*See also* Defs.' Mem. at n.6 (citing authorities).)

Furthermore, every meeting alleged in the Complaint took place *after* January 1, 2007, the date on which the alleged parallel conduct began. (*See* Compl. ¶¶ 51-58.) To the extent that Plaintiffs are suggesting that Defendants communicated with one another to lobby the California Legislature prior to January 1, 2007, any such communications are indisputably protected by the *Noerr-Pennington* doctrine, which provides that "[j]oint efforts to influence public officials do not violate the antitrust laws even though intended to eliminate competition." *See United Mine Workers of Am. v. Pennington*, 381 U.S. 657, 670 (1965).[4] Thus, "the fact of communications, [and] the time and context of communications" cannot give rise to an inference of conspiracy.

### 2. The Alleged Fact That The Communications Concerned The "Very Number At Issue" Does Not Support An Inference Of Conspiracy.

Although they argue that a conspiracy should be inferred based on alleged communications among Defendants concerning the "very number at issue," Plaintiffs fail to identify the communications to which they are referring. Presumably, Plaintiffs are referring to purported communications about the CTTC assessment, including perhaps participation in the CTTC referendum. However, communications regarding the referendum cannot be construed as evidence of an agreement in restraint of trade because the Legislature *directed* that very activity. *See* Cal. Gov't Code § 13995.92 (requiring the CTTC to submit a referendum to the passenger rental car industry). Neither *Twombly* nor any cases following it have suggested that Defendants should be penalized for merely abiding by legal obligations, and Plaintiffs cite no such legal authority.

---

[4] Plaintiffs themselves concede that even misleading statements made to the Legislature are immunized from antitrust liability. (*See* Opp'n at 21:3-5.)

### 3. The Alleged Simultaneous Imposition Of The Charges Does Not Support An Inference Of Conspiracy.

No conspiratorial inference can be drawn from Plaintiffs' allegation that the Rental Car Defendants all simultaneously began to engage in parallel conduct on January 1, 2007. As Plaintiffs concede, the alleged parallel conduct was "exactly coincident with the effective date" of AB 2592. (*See* Compl. ¶¶ 33-36.) Since it is not surprising that each Rental Car Defendant independently would decide to separate out the relevant charges at the time first permitted by AB 2592, Plaintiffs' allegations as to coincident timing do not support an inference of conspiracy. *See In re Late Fee & Over-Limit Fee Litig.*, 528 F. Supp. 2d 953, 963 & n.8, 965 (N.D. Cal. 2007) (finding that a change in regulations is a plausible and non-conspiratorial explanation for alleged parallel increases in credit-card fees).

### 4. Plaintiffs Allege No Other Improper "Plus" Factors.

Plaintiffs' attempt to articulate "[n]umerous additional plus factors" is utterly anemic. (*See* Opp'n at 9:3-11.)

First, the "short time frame" in which the Rental Car Defendants all allegedly acted in establishing the complained-of pass-throughs, and the uniformity of the alleged pass-throughs, *see id.*, is easily explained, not by an agreement among Defendants but rather by reference to the date on which AB 2592's pass-through authorization went into effect. *See In re Late Fee & Over-Limit Fee Litig.*, 528 F. Supp. 2d at 963 n.8, 965.

Second, the claim that the change in legislation itself resulted in a motivation to conspire is baseless. To the contrary, as the Northern District of California recently explained, a change in legislation or regulations provides a *non-conspiratorial* explanation for the alleged parallel conduct. *See id.* Plaintiffs fail to address the *In re Late Fee* case or its relevant logic.

Third, the assertion that the Rental Car Defendants charged supra-competitive prices cannot be a *Twombly* "plus" factor because it is a bare assertion unsupported by any factual allegations in the Complaint. And the only legal support that Plaintiffs muster for the notion that a bare assertion of supra-competitive pricing may evidence an agreement is a pre-*Twombly* District of New Mexico case decided in 1979, which considered a transfer of venue motion. (*See* Opp'n at 9:6 (citing *In re*

*Uranium Indus. Antitrust Litig.*, 466 F. Supp. 958, 962 (D.N.M. 1979)).) Finally, in this regard, Plaintiffs admit in both their Complaint and Opposition that the Rental Car Defendants continue to compete on base rates. (*See* Compl. ¶ 36; Opp'n at 9:8-10.)

### C. The Ninth Circuit Recently Affirmed The Dismissal Of A Complaint Containing Essentially The Same Allegations That Plaintiffs Make Here.

In a recent case involving similar allegations, *Kendall v. Visa U.S.A., Inc.*, No. 05-16549, __ F.3d ___, 2008 WL 613924 (9th Cir. Mar. 7, 2008), the Ninth Circuit upheld the district court's dismissal, with prejudice, of antitrust claims that "failed to plead any evidentiary facts beyond parallel conduct . . . ." *Id.*[5] The *Kendall* plaintiffs alleged two conspiracies: First, that the Visa and MasterCard consortiums had conspired to set the interchange fee charged to member banks, and, second, that the credit-card issuing member banks of those consortiums conspired to pass on the interchange fee to merchants, such as themselves, in the form of the "merchant discount" charged for credit card transactions. *See Kendall*, 2008 WL 613924, at *1-2.[6]

As to the second alleged conspiracy, the Ninth Circuit held that "merely charging, adopting or following the fees set by a Consortium is insufficient *as a matter of law* to constitute a violation of Section 1 of the Sherman Act." *Id.* at *4 (emphasis added). Noting that the *Kendall* plaintiffs did "not allege any facts to support their theory that the Banks conspired or agreed with each other or with the Consortiums to restrain trade," the Ninth Circuit affirmed dismissal. *Id.* Like the

---

[5] In *Kendall*, the district court granted the defendants' first motion for dismissal and instructed plaintiffs to conduct limited discovery for purposes of amending their complaint. *See Kendall v. Visa U.S.A., Inc.*, No. C 04-04276, 2005 WL 2216941, at *1, 2 n.1 (N.D. Cal. 2005) (describing earlier proceedings). After plaintiffs deposed two individuals, they filed an amended complaint. *See Kendall*, 2008 WL 613924, at *2. The defendants then moved for dismissal of the amended complaint, which the district court granted and the Ninth Circuit affirmed. *Id.*, at *7. Significantly, the district court proceedings all took place *before* the Supreme Court decided *Twombly*, which requires that defective claims be dismissed to *prevent* expensive antitrust discovery. *Twombly*, 127 S. Ct. at 1967. In light of *Twombly*, a court faced with allegations such as those in *Kendall* or this case should dismiss with prejudice in the first instance.

[6] The Ninth Circuit held that the merchant plaintiffs lacked standing to challenge the first alleged conspiracy. *Id.* at *5-6.

*Kendall* plaintiffs, Plaintiffs here fail to allege any *facts* supporting a theory of concerted action. Plaintiffs' purported Sherman Act claim likewise should be dismissed.[7]

Significantly, the Ninth Circuit also held that, "[a]t least for the purposes of adequate pleading in antitrust cases, the [*Twombly* Supreme] Court abrogated the usual 'notice pleading' rule, found in Federal Rule of Civil Procedure 8(a)(2) and *Conley v. Gibson*." *Kendall*, at *3 n.5. The rationale for this heightened pleading standard is rooted in inescapable realities: "[D]iscovery in antitrust cases frequently causes substantial expenditures and gives the plaintiff the opportunity to extort large settlements even where he does not have much of a case." *Id.* at *3. Plaintiffs must satisfy every element of this heightened *Twombly/Kendall* standard for their claim to proceed. Since they cannot do so, their purported Sherman Act claim should be dismissed.

### III.   PLAINTIFFS' PURPORTED UCL CLAIM SHOULD BE DISMISSED.

Plaintiffs' purported UCL claim is based entirely on three allegations: (1) Defendants purportedly engaged in conduct that violates the Sherman Act; (2) the Rental Car Defendants somehow improperly described the CTTC assessment in their rental agreements; and (3) the Rental Car Defendants supposedly collected more money in CTTC assessments than they passed on to the CTTC. (*See* Opp'n 17:11-24.) None of these conclusory allegations support a UCL claim.

#### A.   Plaintiffs Cannot State A UCL Claim Based On Allegations That Defendants Engaged In Conduct That Violates The Sherman Act.

The only basis for Plaintiffs' claim of UCL unlawfulness is their allegation that Defendants violated the Sherman Act. (*See* Opp'n at 19:22-20:10.) In fact, Plaintiffs do not dispute that if

---

[7] Plaintiffs attempt to distinguish *Kendall* on the grounds that the Rental Car Defendants, unlike the banks in *Kendall*, were "independent competitors, not joined together by any common network," and that the CTTC assessment and the Airport Concession Fees "were not dictated or set in any way by a legitimate member association (*i.e.*, Visa and Mastercard)." (Opp'n at 7 n.5.) In making this argument, Plaintiffs ignore their allegation that the Rental Car Defendants were members of the CTTC, and that the CTTC assessment was indirectly established by the Legislature and set by the CTTC-run referendum. *See* Cal. Gov't Code 13995.92(a); Compl. ¶ 31. Furthermore, the Airport Concession Fees, which are dictated by the airports, were specifically authorized by statute to be unbundled. *See* Cal. Civ. Code § 1936.01(b)(2). Thus, the alleged parallel conduct is plainly understandable as unilateral conduct like the adherence to the interchange fees at issue in *Kendall*.

7

their Sherman Act claim fails, their claim of UCL unlawfulness fails as well. *See, e.g.*, *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1111-12 (C.D. Cal. 2004). Moreover, an inability to plead a Sherman Act claim precludes any finding that the conduct alleged to violate the Sherman Act is somehow "unfair" under the UCL. *Belton v. Comcast Cable Holdings, LLC*, 151 Cal. App. 4th 1224, 1240 (2007). Thus, because Plaintiffs fail to state a Sherman Act claim for the reasons discussed above, Plaintiffs' antitrust allegations cannot form a basis for a UCL claim.[8]

### B. Plaintiffs Cannot State A UCL Claim Based On Their Allegations That The Rental Car Defendants Improperly Described The CTTC Assessment.

In alleging that the Rental Car Defendants somehow misrepresented that customers (as opposed to rental car companies) owed the CTTC assessment (*see* Compl. ¶ 49.B), Plaintiffs ignore that the Legislature expressly defined the "[t]ourism commission assessment" as "*the charge collected by a rental company from a renter* that has been established by the [CTTC] . . . ." Cal. Civ. Code § 1936.01(a)(3) (emphasis added). Since the assessment is a charge rental car companies *collect from renters*, Defendants made no misrepresentation as a matter of law.[9]

Plaintiffs do not dispute that this Court may take judicial notice of Plaintiffs' own rental agreements, which further establish the absence of any misrepresentation. Plaintiff Shames' agreement with Alamo states "CA COMMISSION ASSESSMENT @ 2.5%", while Plaintiff Gramkow's agreement with Enterprise Rent-A-Car Company of San Francisco ("ERAC-SF") states "TOURISM FEE @ 2.5%". Plaintiffs also do not dispute that the amount of the CTTC assessment actually is 2.5%. (*See, e.g.*, Opp'n at 2:15-16.) Nor do Plaintiffs point to any law

---

[8] In addition, Plaintiffs acknowledge that, pursuant to Section 13995.90 of the California Government Code, compliance with the California Tourism and Marketing Act (the "CTMA") provides a complete defense "to an antitrust/UCL action." (Opp'n at 18:3-5.) Because the CTMA expressly allows the Rental Car Defendants to pass on the CTTC assessment to customers, and to separately state this charge, such conduct is immunized from UCL liability. *See* Cal. Gov't Code §§ 13995.65(f), 13995.90.

[9] This Court also should reject any arguments that the alleged representations were somehow "unfair." In arguing that this Court should ask whether Defendants' conduct is "generically" unfair, Plaintiffs ask this Court to apply the same standards that have been rejected as "too amorphous" by the California Supreme Court. *See Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 185 (1999); Opp'n at 22:23-23:8.

stating how this charge must be described. The CTMA provides only that rental car companies may "separately identify or itemize the assessment," Cal. Gov't Code § 13995.65(f), demonstrating that the Legislature did not intend for rental car companies to describe it in any particular way.

Plaintiffs also lack standing to challenge the Rental Car Defendants' descriptions of the CTTC assessment. First, Plaintiffs do not dispute that they did *not* rent from Defendants Hertz, Avis Budget, Dollar Thrifty, Fox, or Coast at a California situs airport after January 1, 2007. Since Plaintiffs did not rent from these Defendants, Plaintiffs have no standing to allege that these Defendants engaged in UCL fraud. *Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 812 (2007) (stating that purpose of Proposition 64 was "to prevent abusive UCL actions by attorneys whose clients had not been 'injured in fact' or used the defendant's product and service"). Second, Plaintiffs do not and cannot allege that they lost money or property as a result of Alamo's and ERAC-SF's descriptions of the CTTC assessment, as required by Proposition 64. *See* Cal. Bus. & Prof. Code § 17204 (mandating that a consumer may bring a UCL claim only if the consumer "has suffered injury in fact and has lost money or property as a result of the unfair competition"). That is, Plaintiffs do not and cannot allege that, but for how Alamo or ERAC-SF described the CTTC assessment in their rental agreements, Plaintiffs would not have rented from them. Thus, Plaintiffs have no standing to pursue a claim of UCL fraud against any Rental Car Defendant.

**C.     Plaintiffs Do Not And Cannot Provide Any Factual Basis For Their Conclusory Allegation That The Rental Car Defendants "Overcharged" Customers.**

The only other purported basis for Plaintiffs' UCL claim is Plaintiffs' vague and conclusory allegation, made on mere information and belief, that "Defendants are wrongfully collecting more money from the [CTTC] surcharge than they are turning over to the CTTC." (Compl. ¶ 49.B.) Neither Plaintiffs' Complaint nor Plaintiffs' Opposition alleges *any* facts to support this vague and conclusory allegation. Because a UCL plaintiff "must state with reasonable particularity the facts

9

07cv2174

supporting the statutory elements of the violation," this purported basis for UCL liability should be dismissed. *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993).[10]

This Court should reject Plaintiffs' argument that the "precise parameters of [the alleged] overcharge have not been pled because they require discovery . . . ." (Opp'n at 21:17-18.) As numerous authorities have held, "the price of entry, even to discovery, is for plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome. Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition." *DM Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999), *quoted with approval in* HON. WILLIAM W. SCHWARZER ET AL., CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL ¶ 8:27a (The Rutter Group 2007). Because Plaintiffs fail to allege *any* factual predicate for their allegation as to purported "overcharges," their purported claim should be dismissed.[11]

### IV.  CONCLUSION

Plaintiffs have failed to state a claim that should survive the Rental Car Defendants' motion to dismiss. Plaintiffs support their conspiracy claim on nothing more than lawful and independent parallel conduct. In opposition to the present motion, Plaintiffs can only argue that certain Rental Car Defendants participated in CTTC meetings that took place months after the alleged price-fixing scheme went into effect. Such argument is both irrelevant and insufficient to support their conspiracy claim. Plaintiffs also fail to allege a claim under the UCL. Accordingly, Plaintiffs' Complaint should be dismissed with prejudice.

---

[10] Plaintiffs' reliance on cases involving purported overcharges provide Plaintiffs with no help here since Plaintiffs allege *no* facts sufficient to show that the Rental Car Defendants ever "overcharged" customers. (*See* Opp'n at 27:1-10.)

[11] Since Plaintiffs do not and cannot allege that they rented from Defendants Hertz, Avis Budget, Dollar Thrifty, Fox, or Coast, Plaintiffs also lack standing to pursue these Defendants for any alleged overcharges. Cal. Bus. & Prof. Code § 17204; *Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 812 (2007).

| | |
|---|---|
| 1  Dated: March 24, 2008 | Respectfully submitted, |
| 2 | |
| 3 | |
| 4  FOLGER LEVIN & KAHN LLP | SKADDEN ARPS SLATE MEAGHER & FLOM, LLP |
| 5 | |
| 6  By: /s/ Gregory D. Call | By: /s/ Michael L. Weiner |
|    Gregory D. Call (Cal. Bar No. 120484) | Michael L. Weiner (*Pro hac vice*) |
| 7  Beatrice B. Nguyen (Cal. Bar No. 172961) | |
| 8 | Four Times Square |
|    Embarcadero Center West | New York, New York 10036 |
| 9  275 Battery Street, 23rd Floor | Tel.: (212) 735-2632 |
|    San Francisco, California 94111 | |
| 10 Tel.: (415) 986-2800 | Douglas B. Adler (Cal. Bar No. 130749) |
| 11 Jennifer S. Romano (Cal. Bar No. | 300 South Grand Avenue |
|    195953) | Suite 3400 |
| 12 1900 Avenue of the Stars | Los Angeles, California 90071 |
|    28th Floor | Tel.: (213) 687-5120 |
| 13 Los Angeles, California 90067 | |
|    Tel.: (310) 556-3700 | Sara L. Bensley (*Pro hac vice*) |
| 14 | |
|    Counsel for Defendants | 1440 New York Avenue, N.W. |
| 15 ENTERPRISE RENT-A-CAR COMPANY | Washington, D.C. 20005-2111 |
|    and VANGUARD CAR RENTAL USA, | Tel.: (202) 371-7000 |
| 16 INC. | |
| | Counsel for Defendant |
| 17 JONES DAY | AVIS BUDGET Group, Inc. |
| | LONG, WILLIAMSON AND DELIS |
| 18 | |
| 19 By: _____ | By: _____ |
|    Jeffrey A. LeVee (Cal. Bar No. 125863) | T. Patrick Long (Cal. Bar No. 182394) |
| 20 | |
|    555 South Flower Street | 400 N. Tustin Ave. |
| 21 Fiftieth Floor | Suite 370 |
|    Los Angeles, California 90071 | Santa Ana, California 92705 |
| 22 Tel.: (213) 489-3939 | Tel: (714) 668-1400 |
| 23 Counsel for Defendant | Counsel for Defendant |
|    DOLLAR THRIFTY AUTOMOTIVE | COAST LEASING CORP. dba ADVANTAGE |
| 24 GROUP, INC. | RENT A CAR, erroneously sued and served |
| | herein as Coast Leasing Corp., a Texas |
| 25 | corporation |
| 26 | |
| 27 | |
| 28 | |

| | |
|---|---|
| Dated: March 24, 2008 | Respectfully submitted, |

| | |
|---|---|
| FOLGER LEVIN & KAHN LLP | SKADDEN ARPS SLATE MEAGHER & FLOM, LLP |
| By: _____<br>    Gregory D. Call (Cal. Bar No. 120484)<br>    Beatrice B. Nguyen (Cal. Bar No. 172961)<br><br>Embarcadero Center West<br>275 Battery Street, 23rd Floor<br>San Francisco, California 94111<br>Tel.: (415) 986-2800<br><br>Jennifer S. Romano (Cal. Bar No. 195953)<br>1900 Avenue of the Stars<br>28th Floor<br>Los Angeles, California 90067<br>Tel.: (310) 556-3700<br><br>Counsel for Defendants<br>ENTERPRISE RENT-A-CAR COMPANY and VANGUARD CAR RENTAL USA, INC. | By: /s/ Michael L. Weiner_____<br>    Michael L. Weiner (*Pro hac vice*)<br><br>Four Times Square<br>New York, New York 10036<br>Tel.: (212) 735-2632<br><br>Douglas B. Adler (Cal. Bar No. 130749)<br><br>300 South Grand Avenue<br>Suite 3400<br>Los Angeles, California 90071<br>Tel.: (213) 687-5120<br><br>Sara L. Bensley (*Pro hac vice*)<br><br>1440 New York Avenue, N.W.<br>Washington, D.C. 20005-2111<br>Tel.: (202) 371-7000<br><br>Counsel for Defendant<br>AVIS BUDGET Group, Inc. |
| JONES DAY | LONG, WILLIAMSON AND DELIS |
| By: /s/ Jeffrey A. LeVee_____<br>    Jeffrey A. LeVee (Cal. Bar No. 125863)<br><br>555 South Flower Street<br>Fiftieth Floor<br>Los Angeles, California 90071<br>Tel.: (213) 489-3939<br><br>Counsel for Defendant<br>DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. | By: _____<br>    T. Patrick Long (Cal. Bar No. 182394)<br><br>400 N. Tustin Ave.<br>Suite 370<br>Santa Ana, California 92705<br>Tel: (714) 668-1400<br><br>Counsel for Defendant<br>COAST LEASING CORP. dba ADVANTAGE RENT A CAR, erroneously sued and served herein as Coast Leasing Corp., a Texas corporation |

| | | |
|---|---|---|
| 1 | Dated: March 24, 2008 | Respectfully submitted, |
| 2 | | |
| 3 | | |
| 4 | FOLGER LEVIN & KAHN LLP | SKADDEN ARPS SLATE MEAGHER & FLOM, LLP |
| 5 | | |
| 6 | By: _____ | By: /s/ Michael L. Weiner |
| 7 | Gregory D. Call (Cal. Bar No. 120484)<br>Beatrice B. Nguyen (Cal. Bar No. 172961) | Michael L. Weiner (*Pro hac vice*) |
| 8 | | Four Times Square<br>New York, New York 10036<br>Tel.: (212) 735-2632 |
| 9 | Embarcadero Center West<br>275 Battery Street, 23rd Floor | |
| 10 | San Francisco, California 94111<br>Tel.: (415) 986-2800 | Douglas B. Adler (Cal. Bar No. 130749) |
| 11 | Jennifer S. Romano (Cal. Bar No. 195953) | 300 South Grand Avenue<br>Suite 3400 |
| 12 | 1900 Avenue of the Stars | Los Angeles, California 90071<br>Tel.: (213) 687-5120 |
| 13 | 28th Floor<br>Los Angeles, California 90067<br>Tel.: (310) 556-3700 | Sara L. Bensley (*Pro hac vice*) |
| 14 | | 1440 New York Avenue, N.W. |
| 15 | Counsel for Defendants<br>ENTERPRISE RENT-A-CAR COMPANY<br>and VANGUARD CAR RENTAL USA, | Washington, D.C. 20005-2111<br>Tel.: (202) 371-7000 |
| 16 | INC. | Counsel for Defendant<br>AVIS BUDGET Group, Inc. |
| 17 | JONES DAY | LONG, WILLIAMSON AND DELIS |
| 18 | | |
| 19 | By: _____ | By: _____ |
| 20 | Jeffrey A. LeVee (Cal. Bar No. 125863) | T. Patrick Long (Cal. Bar No. 182394) |
| 21 | 555 South Flower Street<br>Fiftieth Floor | 400 N. Tustin Ave.<br>Suite 370 |
| 22 | Los Angeles, California 90071<br>Tel.: (213) 489-3939 | Santa Ana, California 92705<br>Tel: (714) 668-1400 |
| 23 | Counsel for Defendant | Counsel for Defendant |
| 24 | DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. | COAST LEASING CORP. dba ADVANTAGE RENT A CAR, erroneously sued and served |
| 25 | | herein as Coast Leasing Corp., a Texas corporation |
| 26 | | |
| 27 | | |
| 28 | | |

O'MELVENY & MYERS LLP

By: /s/ Richard G. Parker
Richard G. Parker (Cal. Bar No. 62356)

1625 Eye Street, NW
Washington, D.C. 20006
Tel.: (202) 383-5300

Michael F. Tubach (Cal. Bar No. 145955)
Thomas P. Brown (Cal. Bar No. 182916)

Embarcadero Center West
275 Battery Street
Suite 2600
San Francisco, California 94111
Tel.: (415) 984-8700

Gerald A. Stein (*Pro hac vice*)

Times Square Tower
Seven Times Square
New York, New York 10036
Tel.: (212) 326-2000

Counsel for Defendant
THE HERTZ CORPORATION

WERTZ McDADE WALLACE MOOT & BROWER

By: _____
John H. Stephens (Cal. Bar No. 82971)

945 Fourth Avenue
San Diego, California 92101
Tel: (619) 233-1888

Counsel for Defendant
FOX RENT A CAR D/B/A PAYLESS RENT-A-CAR

| | | |
|---|---|---|
| 1 | | |
| 2 | O'MELVENY & MYERS LLP | WERTZ McDADE WALLACE MOOT & BROWER |
| 3 | By: _____ | By: _[signature]_____ |
| 4 | Richard G. Parker (Cal. Bar No. 62356) | John H. Stephens (Cal. Bar No. 82971) |
| 5 | 1625 Eye Street, NW | 945 Fourth Avenue |
|   | Washington, D.C. 20006 | San Diego, California 92101 |
| 6 | Tel.: (202) 383-5300 | Tel: (619) 233-1888 |
| 7 | Michael F. Tubach (Cal. Bar No. 145955) | Counsel for Defendant FOX RENT A CAR D/B/A PAYLESS RENT-A-CAR |
| 8 | Thomas P. Brown (Cal. Bar No. 182916) | |

O'MELVENY & MYERS LLP

By: _____
Richard G. Parker (Cal. Bar No. 62356)

1625 Eye Street, NW
Washington, D.C. 20006
Tel.: (202) 383-5300

Michael F. Tubach (Cal. Bar No. 145955)
Thomas P. Brown (Cal. Bar No. 182916)

Embarcadero Center West
275 Battery Street
Suite 2600
San Francisco, California 94111
Tel.: (415) 984-8700

Gerald A. Stein (*Pro hac vice*)

Times Square Tower
Seven Times Square
New York, New York 10036
Tel.: (212) 326-2000

Counsel for Defendant
THE HERTZ CORPORATION

WERTZ McDADE WALLACE MOOT & BROWER

By: _[signature]_____
John H. Stephens (Cal. Bar No. 82971)

945 Fourth Avenue
San Diego, California 92101
Tel: (619) 233-1888

Counsel for Defendant
FOX RENT A CAR D/B/A PAYLESS RENT-A-CAR