| | |
|---|---|
| 1 | Michael L. Weiner (*Pro hac vice*) |
| | SKADDEN ARPS SLATE MEAGHER & |
| 2 |    FLOM LLP |
| | Four Times Square |
| 3 | New York, New York 10036-6522 |
| | Telephone: (212) 735-3000 |
| 4 | |
| | Douglas B. Adler (Cal. Bar No. 130749) |
| 5 | SKADDEN ARPS SLATE MEAGHER & |
| |    FLOM LLP |
| 6 | 300 South Grand Avenue, Suite 3400 |
| | Los Angeles, California 90071-3144 |
| 7 | Telephone: (213) 687-5000 |
| 8 | Sara L. Bensley (*Pro hac vice*) |
| | SKADDEN ARPS SLATE MEAGHER & |
| 9 |    FLOM LLP |
| | 1440 New York Avenue, N.W. |
| 10 | Washington, D.C. 20005-2111 |
| | Telephone: (202) 371-7000 |
| 11 | |
| | Attorneys for Defendant |
| 12 | AVIS BUDGET GROUP, INC. |
| 13 | [Additional Counsel Listed on Signature Page] |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL SHAMES; GARY GRAMKOW, on behalf of themselves and on behalf of all persons similarly situated, | |
| Plaintiffs, | Case No. 07 CV 2174 H BLM |
| v. | [Class Action] |
| THE HERTZ CORPORATION, a Delaware corporation; DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., a Delaware corporation; AVIS BUDGET GROUP, INC., a Delaware corporation; VANGUARD CAR RENTAL USA, INC., an Oklahoma corporation; ENTERPRISE RENT-A-CAR COMPANY, a Missouri corporation; FOX RENT A CAR, INC., a California corporation; COAST LEASING CORP., a Texas corporation; THE CALIFORNIA TRAVEL AND TOURISM COMMISSION and CAROLINE BETETA | **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE RENTAL CAR DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Date: April 1, 2008<br>Time: 10:30 a.m.<br>Place: Courtroom 13<br>**Honorable Marilyn L. Huff** |
| Defendants. | |

Defendants The Hertz Corporation, Dollar Thrifty Automotive Group Inc., Avis Budget Group Incorporated, Vanguard Car Rental USA, Inc., Enterprise Rent-A-Car Company, Fox Rent-A-Car Incorporated, and Coast Leasing Corp. (collectively, the "Rental Car Defendants") respectfully submit this Reply Memorandum of Points and Authorities in Support of their Request for Judicial Notice.

**INTRODUCTION**

Plaintiffs contend that this Court should not take judicial notice of a letter that their own counsel submitted to the California Legislature. They take this position despite the fact that this letter (the "Fellmeth Letter") is indisputably a part of the legislative history of a statute that lies at the root of Plaintiffs' purported claims. *See* Req. for Jud. Notice in Supp. of Rental Car Defs' Mot. to Dismiss ("RJN"), Exhibits ("Exs.") B & C. The Fellmeth Letter, which Plaintiffs' counsel wrote in opposition to California Assembly Bill ("AB") 2592, was incorporated in the legislative history of California Civil Code § 1936.01 and therefore is a proper subject of judicial notice. *See, e.g.*, *Chaker v. Crogan*, 428 F.3d 1215, 1223 & n.8 (9th Cir. 2005). Since the existence and contents of the Fellmeth Letter are "not subject to reasonable dispute in that [they are] . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," judicial notice of the existence and contents of the Fellmeth Letter is mandatory. *See* Fed. R. Evid. 201(b), (d).[1]

This Court also should take judicial notice of California Senate Bill 1057 (RJN, Ex. D), because it bears directly on the interpretation of statutes at issue here. In particular, Senate Bill 1057 is relevant to whether Plaintiffs seek to challenge conduct that California law expressly allows, and whether Plaintiffs fail to allege any misrepresentations regarding the CTTC assessment as a matter of law.

Since Plaintiffs do not object to this Court's taking judicial notice of an Assembly Floor

---

[1] Interestingly, Plaintiffs raise no objection to this Court's taking notice of Exhibit A, an Assembly Floor Analysis of AB 2592. Plaintiffs apparently would have this Court consider some, but not all, of the legislative history of AB 2592.

Analysis of AB 2592 (RJN, Ex. A), or of Plaintiffs' rental agreements (RJN, Exs. E & F), this Court also should take notice of each of these documents.

### ARGUMENT

**I.    This Court Should Take Judicial Notice Of The Fellmeth Letter.**

    **A.    Judicial Notice Of The Fellmeth Letter Is Proper, Because Its Existence And Contents Are Not Subject To Reasonable Dispute.**

In ruling on a motion to dismiss, "[a] court may take judicial notice of matters of public record . . . as long as the facts noticed are not subject to reasonable dispute." *Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (alteration in original) (internal quotation marks omitted).[2] Plaintiffs do not and cannot dispute that documents contained within a statute's official legislative history are matters of public record. Nor could Plaintiffs dispute that the Fellmeth Letter is part of the official legislative history of California Civil Code § 1936.01, or that this statute is relevant to Plaintiffs' claims. Because Plaintiffs do not and cannot dispute the existence and contents of the Fellmeth Letter, its existence and contents may be judicially noticed. *See Intri-Plex*, 499 F.3d at 1052.

Plaintiffs seek to prevent this Court from taking *any* notice of the Fellmeth Letter by mischaracterizing the Rental Car Defendants' request. Contrary to Plaintiffs' assertions, the Rental Car Defendants are *not* requesting that this Court accept the truth of the statements made in the Fellmeth Letter. Instead, the Rental Car Defendants request that this Court notice the *existence* of the Fellmeth Letter and the *fact* that its author, who went on to become counsel for Plaintiffs, predicted in writing to the California Legislature that enactment of AB 2592 would result in the parallel conduct that Plaintiffs now allege in their Complaint, without stating that such parallel conduct would require some antitrust conspiracy. Since these facts are not subject to reasonable dispute, this Court may take notice of the existence and contents of the Fellmeth Letter. This Court

---

[2]    Plaintiffs' own authorities establish that this Court may take notice of the existence of public records. *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001); *Marsh v. San Diego County*, 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006).

2

07cv2174

may consider these properly noticed facts in deciding for itself on the pending motion to dismiss whether Plaintiffs' allegations plausibly suggest an antitrust conspiracy.[3]

**B.   Plaintiffs Fail To Provide This Court With Any Basis For Not Taking Notice Of The Fellmeth Letter And Its Contents.**

Plaintiffs attempt to obfuscate what should be a simple issue by mischaracterizing the distinction between "adjudicative" and "legislative" facts. An adjudicative fact is merely one that "'relate[s] to the parties [and] their activities.'" Fed. R. Evid. 201 advisory committee's note (quoting 2 Administrative Law Treatise 353). To the extent that Plaintiffs are suggesting that legislative history cannot be an adjudicative fact, or that a court may consider legislative history only for the purpose of interpreting statutory language or the legislative intent, those suggestions have no legal (or logical) support and Plaintiffs cite none. Legislative history can be an adjudicative fact that may be judicially noticed. *See, e.g.*, *Chaker*, 428 F.3d at 1223 & n.8.[4]

Since a court may take judicial notice of legislative history – like any public record – pursuant to Rule 201, and the existence and contents of the Fellmeth Letter are "not subject to

---

[3]   This Court has ample grounds to dismiss Plaintiffs' purported Sherman Act claim for failure to state a claim for which relief can be granted, even without considering the Fellmeth Letter. *See* Mem. P. & A. in Supp. of Rental Car Defs.' Mot. to Dismiss; Reply Mem. P. & A. in Supp. of Rental Car Defs.' Mot. to Dismiss. Since the existence and contents of the Fellmeth Letter bear on the issues raised in Plaintiffs' lawsuit, however, judicial notice of the Fellmeth Letter and its contents is appropriate.

[4]   The Ninth Circuit in *Chaker* cited Rule 201(b) in taking judicial notice of the legislative history of a California state statute. Plaintiffs suggest that the Ninth Circuit should not have cited to Rule 201 because the facts it noticed must be characterized as "legislative."

The question of how best to characterize the facts noticed in *Chaker* is ultimately not relevant here because, contrary to Plaintiffs' unsupported suggestion, a fact is not always and only a "legislative" fact simply because it is contained in legislative history. The same fact can be either legislative or adjudicative "depending on context." *See, e.g.*, *United States v. Bello*, 194 F.3d 18, 22-23 (1st Cir. 1999). When the fact is germane to the parties and their activities in the case at hand, it is adjudicative. *Id.* The same fact can also be legislative when it is used to formulate common law policy or interpret a statute. *See id.* The existence and content of the legislative history of AB 2592, including the Fellmeth Letter, relate to the conduct alleged in the Complaint. In this context, they are adjudicative.

reasonable dispute," judicial notice of the existence and contents of the Fellmeth Letter is mandatory. *See* Fed. R. Evid. 201(b), (d).

## II. This Court Should Take Judicial Notice Of Senate Bill 1057.

Plaintiffs object to this Court's taking judicial notice of California Senate Bill ("SB") 1057 (RJN, Ex. D) solely on the basis of their claim that SB 1057 is irrelevant to this dispute. Like the Fellmeth Letter, however, SB 1057 confirms that conduct of which Plaintiffs complain – here, the separate stating and passing on of the airport concession fee and tourism commission assessment  – is allowed under California law.

In addition, SB 1057 bears directly on Plaintiffs' allegation that "Defendants misrepresent to consumers that the 2.5% surcharge is owed by consumers to the CTTC [when] [i]n fact, the only assessment which is owed is owed by Defendants not by consumers." Complaint ¶ 49.B. Section 1936.01(a)(3) of the California Civil Code defines "tourism commission assessment" as "*the charge collected by a rental company from a renter* that has been established by the California Travel and Tourism Commission pursuant to Section 13995.65 of the Government Code." Cal. Civ. Code § 1936.01(a)(3) (emphasis added). Given this definition of the tourism commission assessment, Defendants did not make any misrepresentation as to who owed the assessment as a matter of law. Furthermore, Senate Bill 1057 establishes the absence of any such misrepresentation, because SB 1057 would *amend* Section 1936.01(a)(3) as follows:  "Tourism commission assessment" means the charge ~~collected by a rental company from a renter~~ that has been established by the California Travel and Tourism Commission pursuant to Section 13995.65 of the Government Code *and assessed to a rental company*." RJN, Ex. D, at E24. As such, SB 1057's proposed amendment to Section 1936.01(a)(3) establishes the point that, currently under Section 1936.01(a)(3), it is the *renter* (rather than the rental car companies) who owes the tourism commission assessment. Thus, because SB 1057 is directly relevant to Plaintiffs' purported claims, this Court should take notice of it.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in the Request for Judicial Notice in Support of the Rental Car Defendants' Motion to Dismiss, this Court should grant the Rental Car Defendants' Request for Judicial Notice in its entirety.

Dated: March 24, 2008                    Respectfully submitted,

FOLGER LEVIN & KAHN LLP                  SKADDEN ARPS SLATE MEAGHER & FLOM, LLP

By: _____            By: /s/ Michael L. Weiner
    Gregory D. Call (Cal. Bar No. 120484)    Michael L. Weiner (*Pro hac vice*)
    Beatrice B. Nguyen (Cal. Bar No. 172961)
                                             Four Times Square
Embarcadero Center West                      New York, New York 10036
275 Battery Street, 23rd Floor               Tel.: (212) 735-2632
San Francisco, California 94111
Tel.: (415) 986-2800                         Douglas B. Adler (Cal. Bar No. 130749)

Jennifer S. Romano (Cal. Bar No. 195953)     300 South Grand Avenue
1900 Avenue of the Stars                     Suite 3400
28th Floor                                   Los Angeles, California 90071
Los Angeles, California 90067                Tel.: (213) 687-5120
Tel.: (310) 556-3700
                                             Sara L. Bensley (*Pro hac vice*)

Counsel for Defendants                       1440 New York Avenue, N.W.
ENTERPRISE RENT-A-CAR COMPANY                Washington, D.C. 20005-2111
and VANGUARD CAR RENTAL USA, INC.            Tel.: (202) 371-7000

                                             Counsel for Defendant
                                             AVIS BUDGET GROUP, INC.

| | |
|---|---|
| JONES DAY | LONG, WILLIAMSON AND DELIS |
| By: /s/ Jeffrey A. LeVee<br>　　Jeffrey A. LeVee (Cal. Bar No. 125863) | By: _____<br>　　T. Patrick Long (Cal. Bar No. 182394) |
| 555 South Flower Street<br>Fiftieth Floor<br>Los Angeles, California 90071<br>Tel.: (213) 489-3939 | 400 N. Tustin Ave.<br>Suite 370<br>Santa Ana, California 92705<br>Tel: (714) 668-1400 |
| Counsel for Defendant<br>DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. | Counsel for Defendant<br>COAST LEASING CORP. dba ADVANTAGE RENT A CAR, erroneously sued and served herein as Coast Leasing Corp., a Texas corporation |
| O'MELVENY & MYERS LLP | WERTZ McDADE WALLACE MOOT & BROWER |
| By: _____<br>　　Richard G. Parker (Cal. Bar No. 62356) | By: _____<br>　　John H. Stephens (Cal. Bar No. 82971) |
| 1625 Eye Street, NW<br>Washington, D.C. 20006<br>Tel.: (202) 383-5300 | 945 Fourth Avenue<br>San Diego, California 92101<br>Tel: (619) 233-1888 |
| Michael F. Tubach (Cal. Bar No. 145955)<br>Thomas P. Brown (Cal. Bar No. 182916) | Counsel for Defendant<br>FOX RENT A CAR D/B/A PAYLESS RENT-A-CAR |
| Embarcadero Center West<br>275 Battery Street<br>Suite 2600<br>San Francisco, California 94111<br>Tel.: (415) 984-8700 | |
| Gerald A. Stein (*Pro hac vice*) | |
| Times Square Tower<br>Seven Times Square<br>New York, New York 10036<br>Tel.: (212) 326-2000 | |
| Counsel for Defendant<br>THE HERTZ CORPORATION | |

| | |
|---|---|
| JONES DAY | LONG, WILLIAMSON AND DELIS |
| By: _____<br>Jeffrey A. LeVee (Cal. Bar No. 125863) | By: _/s/_____<br>T. Patrick Long (Cal. Bar No. 182394) |
| 555 South Flower Street<br>Fiftieth Floor<br>Los Angeles, California 90071<br>Tel.: (213) 489-3939 | 400 N. Tustin Ave.<br>Suite 370<br>Santa Ana, California 92705<br>Tel: (714) 668-1400 |
| Counsel for Defendant<br>DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. | Counsel for Defendant<br>COAST LEASING CORP. dba ADVANTAGE RENT A CAR, erroneously sued and served herein as Coast Leasing Corp., a Texas corporation |
| O'MELVENY & MYERS LLP | WERTZ McDADE WALLACE MOOT & BROWER |
| By: _____<br>Richard G. Parker (Cal. Bar No. 62356) | By: _____<br>John H. Stephens (Cal. Bar No. 82971) |
| 1625 Eye Street, NW<br>Washington, D.C. 20006<br>Tel.: (202) 383-5300 | 945 Fourth Avenue<br>San Diego, California 92101<br>Tel: (619) 233-1888 |
| Michael F. Tubach (Cal. Bar No. 145955)<br>Thomas P. Brown (Cal. Bar No. 182916) | Counsel for Defendant<br>FOX RENT A CAR D/B/A PAYLESS RENT-A-CAR |
| Embarcadero Center West<br>275 Battery Street<br>Suite 2600<br>San Francisco, California 94111<br>Tel.: (415) 984-8700 | |
| Gerald A. Stein (*Pro hac vice*) | |
| Times Square Tower<br>Seven Times Square<br>New York, New York 10036<br>Tel.: (212) 326-2000 | |
| Counsel for Defendant<br>THE HERTZ CORPORATION | |

| | |
|---|---|
| JONES DAY | LONG, WILLIAMSON AND DELIS |
| By: _____<br>Jeffrey A. LeVee (Cal. Bar No. 125863) | By: _____<br>T. Patrick Long (Cal. Bar No. 182394) |
| 555 South Flower Street<br>Fiftieth Floor<br>Los Angeles, California 90071<br>Tel.: (213) 489-3939 | 400 N. Tustin Ave.<br>Suite 370<br>Santa Ana, California 92705<br>Tel: (714) 668-1400 |
| Counsel for Defendant<br>DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. | Counsel for Defendant<br>COAST LEASING CORP. dba ADVANTAGE RENT A CAR, erroneously sued and served herein as Coast Leasing Corp., a Texas corporation |
| O'MELVENY & MYERS LLP | WERTZ McDADE WALLACE MOOT & BROWER |
| By: /s/ Richard G. Parker /w/FT by permission<br>Richard G. Parker (Cal. Bar No. 62356) | By: _____<br>John H. Stephens (Cal. Bar No. 82971) |
| 1625 Eye Street, NW<br>Washington, D.C. 20006<br>Tel.: (202) 383-5300 | 945 Fourth Avenue<br>San Diego, California 92101<br>Tel: (619) 233-1888 |
| Michael F. Tubach (Cal. Bar No. 145955)<br>Thomas P. Brown (Cal. Bar No. 182916) | Counsel for Defendant<br>FOX RENT A CAR D/B/A PAYLESS RENT-A-CAR |
| Embarcadero Center West<br>275 Battery Street<br>Suite 2600<br>San Francisco, California 94111<br>Tel.: (415) 984-8700 | |
| Gerald A. Stein (*Pro hac vice*) | |
| Times Square Tower<br>Seven Times Square<br>New York, New York 10036<br>Tel.: (212) 326-2000 | |
| Counsel for Defendant<br>THE HERTZ CORPORATION | |

| | |
|---|---|
| JONES DAY | LONG, WILLIAMSON AND DELIS |
| By: _____<br>Jeffrey A. LeVee (Cal. Bar No. 125863)<br><br>555 South Flower Street<br>Fiftieth Floor<br>Los Angeles, California 90071<br>Tel.: (213) 489-3939<br><br>Counsel for Defendant<br>DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. | By: _____<br>T. Patrick Long (Cal. Bar No. 182394)<br><br>400 N. Tustin Ave.<br>Suite 370<br>Santa Ana, California 92705<br>Tel: (714) 668-1400<br><br>Counsel for Defendant<br>COAST LEASING CORP. dba ADVANTAGE RENT A CAR, erroneously sued and served herein as Coast Leasing Corp., a Texas corporation |
| O'MELVENY & MYERS LLP | WERTZ McDADE WALLACE MOOT & BROWER |
| By: _____<br>Richard G. Parker (Cal. Bar No. 62356)<br><br>1625 Eye Street, NW<br>Washington, D.C. 20006<br>Tel.: (202) 383-5300<br><br>Michael F. Tubach (Cal. Bar No. 145955)<br>Thomas P. Brown (Cal. Bar No. 182916)<br><br>Embarcadero Center West<br>275 Battery Street<br>Suite 2600<br>San Francisco, California 94111<br>Tel.: (415) 984-8700<br><br>Gerald A. Stein (*Pro hac vice*)<br><br>Times Square Tower<br>Seven Times Square<br>New York, New York 10036<br>Tel.: (212) 326-2000<br><br>Counsel for Defendant<br>THE HERTZ CORPORATION | By: /s/ John H. Stephens<br>John H. Stephens (Cal. Bar No. 82971)<br><br>945 Fourth Avenue<br>San Diego, California 92101<br>Tel: (619) 233-1888<br><br>Counsel for Defendant<br>FOX RENT A CAR D/B/A PAYLESS RENT-A-CAR |