CENTER FOR PUBLIC INTEREST LAW
UNIVERSITY OF SAN DIEGO SCHOOL OF LAW
ROBERT C. FELLMETH, SBN 49897
cpil@sandiego.edu
ED HOWARD, SBN 151936
JULIANNE D'ANGELO FELLMETH, SBN: 109288
5998 Alcala Park
San Diego, CA  92110
Telephone:	(619) 260-4806
Facsimile:	(619) 260-4753

SULLIVAN HILL LEWIN REZ & ENGEL
A Professional Law Corporation
DONALD G. REZ, SBN 82615
rez@shlaw.com
550 West "C" Street, Suite 1500
San Diego, CA  92101
Telephone:	(619) 233-4100
Facsimile:	(619) 231-4372

HULETT HARPER STEWART LLP
DENNIS STEWART, SBN : 99152
dstewart@hulettharper.com
JENNIFER A. KAGAN, SBN: 234554
jenni@hulettharper.com
550 West C Street, Suite 1600
San Diego, CA  92101
Telephone:	(619) 338-1133
Facsimile:	(619) 338-1139

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHAMES; GARY GRAMKOW, on behalf of themselves and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE HERTZ CORPORATION, et al.,<br><br>Defendants. | Case No. 07CV2174H(BLM)<br><br>**CLASS ACTION**<br><br>**RESPONSE TO DEFENDANT CALIFORNIA TRAVEL AND TOURISM COMMISSION'S OBJECTION TO THE DECLARATION OF DONALD G. REZ IN SUPPORT OF REPLY RE MOTION FOR PRELIMINARY INJUNCTION**<br><br>DATE:	April 1, 2008<br>TIME:	10:30 a.m.<br>JUDGE:	Honorable Marilyn L. Huff<br>CTRM:	13 |

1    Plaintiff Michael Shames ("Plaintiff") submits this response to Defendant California Travel
2 and Tourism Commission's Objection to the Declaration of Donald G. Rez in Support of Reply Re
3 Motion for Preliminary Injunction.

4    The Rez Declaration was submitted in direct response to arguments presented for the first
5 time in the California Travel and Tourism Commission's ("CTTC") opposition to Plaintiff's
6 motion for preliminary injunction. Plaintiff filed his motion for preliminary injunction on
7 November 29, 2007. On December 11, 2007, the parties submitted a joint motion for interim
8 order, resolving the issues raised in the motion pending final resolution of the motion. The Court
9 granted the parties' motion on December 12, 2007. On December 19, 2007, in light of the interim
10 order and because the parties hoped to permanently resolve the issues in the motion, the parties
11 requested a continuance of the January 7, 2008 hearing. The Court granted the parties' request on
12 December 20, 2007. On January 10, 2008, for the same reasons, the parties submitted a joint
13 motion to continue the February 4, 2008 hearing, which the Court granted on January 16. On
14 February 15, 2008, the parties submitted a joint motion to continue the March 10, 2008 hearing,
15 which the Court granted on February 20, 2008. Finally, on March 14, 2008, the CTTC submitted
16 its opposition, three and a half months after the original motion was filed.

17    In its opposition, the CTTC raised the issue of its involvement in the alleged conspiracy as
18 a matter of jurisdiction. *See* Opp. at 5–12. In addition to responding to Plaintiff's assertion of
19 violations of the Bagley-Keene Act, the CTTC opposed the preliminary injunction motion on the
20 ground that it assertedly was uninvolved in the alleged antitrust offense and for that reason, the
21 Bagley-Keene Act claim is not a proper pendent action, and that Plaintiff lacks standing. For
22 example, the CTTC's opposition asserts that "this is a state law matter unrelated to the alleged
23 federal anti-trust claim," (Opp. at 2), that "the Motion fails to make any connection to the federal
24 claim at all," (Opp. at 5), and that "Plaintiff fails to allege a concrete injury or a causal connection
25 between his claims and the conduct of the CTTC," (Opp. at 9). In response to these arguments,
26 Plaintiff is certainly permitted to rebut the asserted lack of connection raised by the CTTC in its
27 response. This is the purpose of a reply.

28    Moreover, the CTTC can hardly raise surprise or ignorance of any of the evidence. The

evidence submitted consists of e-mails and public documents showing the CTTC's direct participation in the events that it claims are unrelated to it, evidence which was in its possession at the time of its opposition. Rather than ignore such evidence in its opposition in the hopes that Plaintiff would not bring it before the Court, the CTTC could have not made the argument this evidence so clearly refutes or have raised it itself. Having been caught making a somewhat specious argument in its opposition, it now cries foul because Plaintiff met its argument in its reply. The evidence shows that, for example, beyond the parameters of AB 2592, the CTTC circulated a ballot to the Rental Car Defendants, seeking a vote on whether the assessment would be "collected *by* each passenger car rental company," (Rez Decl., Ex. E (emphasis added)), and that there were related discussions at the October 3, 2006 CTTC Executive Committee meeting, (Rez Decl., Exs. F, G). The evidence also shows that the CTTC was intimately involved in facilitating the price fix and that this information was likely discussed at CTTC meetings. Rez Decl., Ex. A.

While the CTTC cites to cases in which courts generally state that new arguments or evidence should not be submitted in reply briefs, the CTTC ignores the fact that the law allows parties to respond to issues raised in oppositions. In fact, in *El Pollo Loco v. Hashim*, 316 F.3d 1032 (9th Cir. 2003), a case upon which the CTTC relies, the court stated:

> EPL's discovery rule argument was "raised for the first time in the reply brief," because EPL was responding to Hashim's argument that EPL's complaint was time-barred. Denying EPL the opportunity to counter this potentially dispositive argument would have effectively stripped EPL of its right to argue against Hashim's defense.

*Id*. at 1040; *see also Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007) ("Evidence is not 'new,' however, if it is submitted in direct response to proof adduced in opposition to a motion."). Furthermore, the CTTC has not even made an offer of proof as to how the evidence submitted is inaccurate, lacks foundation, or is subject to qualification, exception or doubt.

-2-

For these reasons, Plaintiff respectfully requests that the Court overrule the CTTC's objection.

DATED:  April 1, 2008

HULETT HARPER STEWART LLP
DENNIS STEWART
JENNIFER A. KAGAN


/s/ *Dennis Stewart*_____
DENNIS STEWART

550 West C Street, Suite 1600
San Diego, CA  92101
Telephone:	(619) 338-1133
Facsimile:	(619) 338-1139


CENTER FOR PUBLIC INTEREST LAW
UNIVERSITY OF SAN DIEGO
 SCHOOL OF LAW
ROBERT C. FELLMETH
ED HOWARD
JULIANNE D'ANGELO FELLMETH
5998 Alcala Park
San Diego, CA  92110
Telephone:	(619) 260-4806
Facsimile:	(619) 260-4753

SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation
DONALD G. REZ
550 West "C" Street, Suite 1500
San Diego, CA  92101
Telephone:	(619) 233-4100
Facsimile:	(619) 231-4372

Attorneys for Plaintiffs