1 | Michael L. Weiner (*Pro hac vice*)
SKADDEN ARPS SLATE MEAGHER &
2 |     FLOM LLP
Four Times Square
3 | New York, New York 10036-6522
Telephone:  (212) 735-3000
4 |
Douglas B. Adler (Cal. Bar No. 130749)
5 | SKADDEN ARPS SLATE MEAGHER &
     FLOM LLP
6 | 300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
7 | Telephone:  (213) 687-5000
8 | Sara L. Bensley (*Pro hac vice*)
SKADDEN ARPS SLATE MEAGHER &
9 |     FLOM LLP
1440 New York Avenue, N.W.
10 | Washington, D.C. 20005-2111
Telephone:  (202) 371-7000
11 |
Attorneys for Defendant
12 | AVIS BUDGET GROUP, INC.
13 | [Additional Counsel Listed on Signature Page]

14 | **UNITED STATES DISTRICT COURT**

15 | **SOUTHERN DISTRICT OF CALIFORNIA**

16 | **MICHAEL SHAMES; GARY GRAMKOW, on behalf of themselves and**
17 | **on behalf of all persons similarly situated,**

Case No. 07 CV 2174 H  BLM

18 | **Plaintiffs,**

[Class Action]

19 | **v.**

20 | **THE HERTZ CORPORATION, a Delaware corporation; DOLLAR**
21 | **THRIFTY AUTOMOTIVE GROUP, INC., a Delaware corporation; AVIS BUDGET**
22 | **GROUP, INC., a Delaware corporation; VANGUARD CAR RENTAL USA, INC.,**
23 | **an Oklahoma corporation; ENTERPRISE RENT-A-CAR COMPANY, a Missouri**
24 | **corporation; FOX RENT A CAR, INC., a California corporation; COAST LEASING**
25 | **CORP., a Texas corporation; and THE CALIFORNIA TRAVEL AND TOURISM**
26 | **COMMISSION**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE RENTAL CAR DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Date: July 14, 2008
Time: 10:30 a.m.
Place: Courtroom 13
**Honorable Marilyn L. Huff**

27 | **Defendants.**

28 |

# **TABLE OF CONTENTS**

I.     PRELIMINARY STATEMENT ...........................................................................1

II.     BACKGROUND ..............................................................................................4

    A.     Plaintiffs' Claims Relate To AB2592, Which Was Enacted In 2006. ...................4

    B.     Plaintiffs' Initial Complaint Failed To Allege A Plausible Conspiracy To Support An Antitrust Claim. ..................................................................6

    C.     The New Allegations In The Amended Complaint Tell The Same Old Story..........7

III.     ARGUMENT ...................................................................................................7

    A.     Plaintiffs Again Fail To State An Antitrust Claim Under Section 1.......................7

        1.     Plaintiffs Fail To Allege Any Facts To Support A Conspiracy By The Rental Car Defendants To Pass On Airport Concession Fees Without Decreasing Base Rates. .............................................................9

        2.     Plaintiffs' Additional Allegations Relating To The Pass-Through Of The Tourism Assessment Fail To Make A Conspiracy Plausible...........10

    B.     Plaintiffs Fail To State Any Claim Under California Law......................................13

        1.     Plaintiffs Fail To State A Claim Under Either The UCL Or The FAL. ........14

        2.     Plaintiffs Fail To State A Claim Under The CLRA. ...................................18

IV.     CONCLUSION ..............................................................................................19

1

**TABLE OF AUTHORITIES**

2

**CASES**

3  *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007) .................................................................. *passim*

4  *Belton v. Comcast Cable Holdings, LLC*, 151 Cal. App. 4th 1224 (2007)....................................... 17

5  *Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798 (2007)......................................... 16, 17

6  *Cattie v. Wal-mart Stores, Inc.*, 504 F. Supp. 2d 939 (S.D. Cal. 2007) ...................................... 4, 19

7  *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163 (1999)........................ 3, 14, 17

8  *Chavez v. Whirlpool Corp.*, 93 Cal. App. 4th 363 (2001) ............................................................. 15

9  *Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994)................................................. 8, 13

10  *Hall v. Time Inc.*, 158 Cal. App. 4th 847 (2008)........................................................................ 3, 16

11  *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2008)......................................................... 7, 8

12  *Kendall v. Visa U.S.A., Inc.*, No. C 04-04276 JSW, 2005 WL 2216941 (N.D. Cal. July 25, 2005)...4

13  *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612 (2007)................................................... 15, 17

14  *In re Late Fee & Over-Limit Fee Litig.*, 528 F. Supp. 2d 953 (N.D. Cal. 2007) ..................... 8, 9, 10

15  *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997 (9th Cir. 2001).................................................................. 16

16  *Multimedia Patent Trust v. Microsoft Corp.*, 525 F. Supp. 2d 1200 (S.D. Cal. 2007) ................... 15

17  *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090 (C.D. Cal. 2004) ........................................... 3, 15

18  *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917 (2003)................................................... 18

19  *Shames v. Hertz Corp.*, No. 07-CV-2174 (S.D. Cal.)............................................................... *passim*

20  *Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992 (N.D. Cal. 2007) ........................................ 4, 19

21  *Ting v. AT&T*, 319 F.3d 1126 (9th Cir. 2003)................................................................................. 18

22

**FEDERAL STATUTES**

23  15 U.S.C. § 1 (Sherman Act) ............................................................................................................ 1

24

**STATE STATUTES AND REGULATIONS**

25  Cal. Bus. & Prof. Code §§ 17200 *et seq.* (West 1997 & Supp. 2008).................................. 3, 13, 15

26  Cal. Bus. & Prof. Code § 17204 (West Supp. 2008)....................................................................... 16

27

28

07cv2174 H BLM

Cal. Bus. & Prof. Code § 17500 *et seq.* ................................................................. 13

Cal. Bus. & Prof. Code § 17535 ............................................................................ 16

Cal. Civ. Code §§ 1750 *et seq.* (West 1998 & Supp. 2008) ............................... 3, 13

Cal. Civ. Code § 1770 (West 2008) ....................................................................... 18

Cal. Civ. Code § 1936.01 (West Supp. 2008) ...................................... 4, 11, 12, 16, 18

Cal. Code Regs. tit. 10, § 5350 (2008) .................................................................... 5

Cal. Gov't Code §§ 13995 *et seq.* (West 2005 & Supp. 2008) ............................ 3, 14

Cal. Gov't Code § 13995.65 (West Supp. 2008) ................................................. 5, 14

Cal. Gov't Code § 13995.90 (West 2005) ...................................................... 3, 6, 14, 15

Cal. Gov't Code § 13995.92 (West Supp. 2008) ..................................................... 5

2006-6C Cal. Adv. Legis. Serv. ch. 790, at 535 (Deering) ................................ 4, 5

N.Y. Gen. Bus. Law § 396-z (McKinney Supp. 2008) .......................................... 5

N.C. Gen. Stat. § 66-202 (2007) ............................................................................. 5

07cv2174 H BLM

iii

1    Defendants The Hertz Corporation, Dollar Thrifty Automotive Group Inc., Avis Budget

2 Group, Inc., Vanguard Car Rental USA Inc., Enterprise Rent-A-Car Company, Fox Rent-A-Car

3 Incorporated, and Coast Leasing Corp. (collectively, the "Rental Car Defendants") respectfully

4 submit this Memorandum of Points and Authorities in Support of their Motion to Dismiss the First

5 Amended Complaint.

6                    **I.    PRELIMINARY STATEMENT**

7    This Court dismissed Plaintiffs' initial complaint because Plaintiffs "provide[d] 'no reason

8 to infer that the companies had agreed among themselves to do what was only natural anyway,'"

9 and therefore had "not alleged sufficient facts to make the existence of conspiracy plausible."

10 *Shames v. Hertz Corp.*, No. 07-CV-2174, slip op. at 9 (S.D. Cal. Apr. 8, 2008) (quoting *Bell Atl.*

11 *Corp. v. Twombly*, 127 S. Ct. 1955, 1971 (2007)).  Despite the additional pages to the First

12 Amended Complaint ("Amended Complaint" or "Am. Compl."), nothing has changed.  Plaintiffs'

13 Amended Complaint fails to allege facts that provide any basis now to find that Plaintiffs have

14 stated a cognizable claim under Section 1 of the Sherman Act, 15 U.S.C. § 1, or under California

15 state law.

16    At bottom, Plaintiffs' antitrust theory remains implausible in that it still fails to account (as

17 the law requires in order to state a claim) for the non-conspiratorial explanation for the alleged

18 parallel pricing conduct that is apparent even on the face of the Amended Complaint:  Each Rental

19 Car Defendant lobbied for the economically advantageous right to state separately and pass

20 through certain types of fees, including airport concession fees and the tourism assessment fee.

21 (Am. Compl. ¶¶ 36-37.)  Having secured this legislation, a rational company would exercise its

22 legal rights so that its base rates would not, by comparison, look higher than its competitors' base

23 rates.  *Cf. Shames*, slip op. at 8 ("The gravamen of Plaintiffs' complaint is that, beginning when AB

24 2592 took effect in January of 2007, the rental car defendants simultaneously increased their prices

25 by approximately 9% and imposed a uniform 2.5% fee on consumers.  Plaintiffs acknowledge that

26 AB 2592 permitted these actions.").  Specifically, as to the allegations that the Rental Car

27 Defendants agreed to unbundle, state separately, and pass through airport concession fees to their

28

1

1  customers without reducing their base rates, Plaintiffs have not pled *any* new facts.  And as to the

2  allegations that the Rental Car Defendants agreed to pass through the new tourism assessment fees,

3  Plaintiffs add only a couple of communications regarding the implementation and enactment of

4  legislation (for which the Defendants lobbied) and still rely on the same core factual allegations as

5  the previously dismissed complaint.  The new factual allegations do not evidence any conspiracy.

6  Accordingly, the Amended Complaint still fails to set forth a plausible conspiracy and should be

7  dismissed with prejudice.

8       In the end, this lawsuit remains nothing more than a thinly-veiled attempt by Plaintiffs'

9  counsel to attempt to use the antitrust and consumer-protection laws to block legislation that, over

10  his vigorous opposition, the California State Legislature overwhelmingly approved.  *See* Exhibit

11  ("Ex.") A, Letter from Robert C. Fellmeth, Esq. to the Honorable Mark Leno, dated Aug. 23,

12  2006.[1]  This legislation, known as Assembly Bill 2592 ("AB2592"), expressly permits passenger

13  rental car companies to unbundle and pass through to consumers certain fees, including airport

14  concession fees and the tourism assessment fee.  Even though Plaintiffs affirmatively allege that

15  the Rental Car Defendants lobbied for, helped draft, and sought to implement this new legislation,

16  they continue to base this entire lawsuit on the incredible theory that Defendants needed to enter

17  into some type of *separate* agreement with one another to ensure that they would all actually take

18  advantage of the legislation for which they had lobbied.

19       Plaintiffs have had access to the public records of the California Travel and Tourism

20  Commission (the "CTTC"), yet the only factual allegations that they proffer in support of their

21  counter-intuitive theory remain that (i) Defendants had the opportunity to conspire and (ii) the

22  Rental Car Defendants engaged in parallel conduct coincident with the date that the

23  unbundling/pass-through rights took effect.  Notably, the public records that Plaintiffs cite in their

24  Amended Complaint do not support their allegations of an *agreement* among the Defendants, at

25  least not any agreement that Plaintiffs claim to be a violation of Section 1 of the Sherman Act.  The

26
27  [1]     This Court previously took judicial notice of this document because it is a matter of public record.  *Shames*, slip op. at 10.
28

1    only agreements that could be inferred from the public records relate to the tourism-assessment

2    referendum process called for by the California Tourism Marketing Act ("CTMA"), Cal. Gov't

3    Code §§ 13995 *et seq.* (West 2005 & Supp. 2008).  These public records indicate communications

4    between and among the rental car industry and the CTTC to determine (i) at what level the new

5    assessment would have to be set in order to attain the dollar-amount of funding called for by the

6    Legislature and (ii) how to collect the new assessment from the rental car companies.  Nothing in

7    these documents supports a broad price-fixing conspiracy theory.  And Plaintiffs fail to add even a

8    single new allegation to support their rejected claim that the Rental Car Defendants agreed to

9    unbundle and state separately airport concession fees while not changing their base rates.

10        Plaintiffs' tag-along state-law claims should also be dismissed.  Specifically, Plaintiffs'

11    purported claim under the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et*

12    *seq.* (West 1997 & Supp. 2008), should be dismissed for four reasons:

13        *First*, Plaintiffs' UCL claim is barred by an express grant of immunity by the California

14    Legislature.  *See* Cal. Gov't Code § 13995.90(c) (West 2005) (barring liability for claims sounding

15    in antitrust where there is compliance with the CTMA).  Plaintiffs may not plead around such an

16    absolute bar by attempting to plead their claims under the UCL.  *See Cel-Tech Commc'ns, Inc. v.*

17    *L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999).

18        *Second*, Plaintiffs do not and cannot plead facts sufficient to show that the Rental Car

19    Defendants violated the Sherman Act, the Consumers Legal Remedies Act (the "CLRA"), Cal. Civ.

20    Code §§ 1750 *et seq.* (West 1998 & Supp. 2008), or any other law.  *See, e.g., New.Net, Inc. v.*

21    *Lavasoft*, 356 F. Supp. 2d 1090, 1111-12 (C.D. Cal. 2004).

22        *Third*, Plaintiffs do not and cannot plead facts sufficient to show that the Rental Car

23    Defendants have committed any actionable representation, or that Plaintiffs even relied on the

24    Rental Car Defendants' alleged descriptions of the CTTC assessment.  *See, e.g., Hall v. Time Inc.*,

25    158 Cal. App. 4th 847, 855 (2008).

26        *Fourth*, Plaintiffs do not and cannot allege facts sufficient to show that the Rental Car

27    Defendants' conduct was somehow "unfair."

28

                                                                                    7cv2174 H BLM

                                                3

1    Plaintiffs' purported CLRA claim should be dismissed for two reasons:

2    *First*, the Rental Car Defendants have committed no misrepresentation as to the CTTC

3    assessment, which California law defines as "the charge collected by a rental company from a

4    renter that has been established by the [CTTC]." Cal. Civ. Code § 1936.01(a)(3) (West Supp.

5    2008).

6    *Second*, Plaintiffs do not and cannot allege that they relied on a material misrepresentation.

7    *See, e.g.*, *Cattie v. Wal-mart Stores, Inc.*, 504 F. Supp. 2d 939, 946 (S.D. Cal. 2007). For example,

8    Plaintiffs do not and cannot allege that they would have behaved any differently if the CTTC

9    assessment had been described differently. *See Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992,

10   1000 (N.D. Cal. 2007).

11   In short, Plaintiffs have wasted enough judicial resources on this Sherman Act goose chase.

12   *Cf. Kendall v. Visa U.S.A., Inc.*, No. C 04-04276 JSW, 2005 WL 2216941, at *1 (N.D. Cal. July 25,

13   2005) ("For private antitrust claims, if the facts 'do not at least outline or adumbrate a violation of

14   the Sherman Act, the plaintiffs will get nowhere merely by dressing them up in the language of

15   antitrust.'") (quoting *Rutman Wine Co. v. E & J Gallo Winery*, 829 F.2d 729, 736 (9th Cir. 1987)),

16   *aff'd*, 518 F.3d 1042 (9th Cir. 2008). The Court should dismiss the Amended Complaint with

17   prejudice because Plaintiffs cannot state a Section 1 claim for which relief can be granted, and their

18   state-law claims also fail as a matter of law.

19                              **II.     BACKGROUND**

20       **A.     Plaintiffs' Claims Relate To AB2592, Which Was Enacted In 2006.**

21   This litigation concerns California Assembly Bill 2592 ("AB2592"), which the Legislature

22   enacted in 2006. (Am. Compl. ¶¶ 2, 36-39, 43.) The law amends the CTMA by providing for an

23   increase in funding for the CTTC, as long as the rental car industry accepts an assessment that

24   would generate the increased funding. *See* 2006-6C Cal. Adv. Legis. Serv. ch. 790, at 535

25   (Deering). (*See also* Am. Compl. ¶ 43.) Further, provided that the rental car industry has accepted

26   the increased assessment, the law also permits the passenger rental car companies to state

27   separately the new tourism assessment and unbundle existing airport concession fees from their

28

7cv2174 H BLM

1  base rates and pass on those charges separately to renters.  *See* 2006-6C Cal. Adv. Legis. Serv. ch.
2  790, at 536 (Deering).  (*See also* Am. Compl. ¶ 43.)

3         Plaintiffs acknowledge that the Rental Car Defendants lobbied for this legislation.  (Am.
4  Compl. ¶ 36 (alleging that "the Rental Car Defendants proposed end-of-session substantial changes
5  to an uncontroversial bill," ultimately resulting in AB2592 being amended to the form in which it
6  was enacted).)  Indeed, it is incontrovertible that the Rental Car Defendants did so in order to gain
7  legislative authorization to permit them to pass through the airport concession fee to their
8  customers and to separate out the new tourism assessment fee.  This authorization would align
9  California with the vast majority of other States that had previously authorized rental car
10 companies to unbundle and pass through airport concession fees to their customers, including by
11 specific statutory provisions.  *See, e.g.*, N.Y. Gen. Bus. Law § 396-z (McKinney Supp. 2008); N.C.
12 Gen. Stat. § 66-202 (2007).

13        By its own terms, AB2592 neither directly imposes nor calculates the level of the new
14 assessment on the rental car industry.  Instead, it provides that the rental car industry would have to
15 accept the new assessment level by referendum vote.  *See* Cal. Gov't Code § 13995.92 (West Supp.
16 2008) (enacted by AB2592).  (*See also* Am. Compl. ¶ 36.)  California Government Code Section
17 13995.92 explicitly directs the CTTC to propose to the rental car industry (for their referendum
18 vote) a new assessment level "that will generate funding that will be sufficient, when aggregated
19 together with other funding for the commission . . . for a spending plan for the 2006-07 fiscal year
20 of twenty-five million dollars ($25,000,000), and for the 2007-08 fiscal year of fifty million dollars
21 ($50,000,000)."  Cal. Gov't Code § 13995.92(a) (West Supp. 2008).  Similarly, a pre-existing
22 provision of the CTMA, California Government Code Section 13995.65(a), provides that "[e]ach
23 industry category [represented on the CTTC] shall establish a committee to determine the
24 following within its industry category: . . . assessment formula for each industry segment, and any
25 types of business exempt from assessment."  Cal. Gov't Code § 13995.65(a) (West Supp. 2008).
26 The "Passenger Car Rental Industry" is one such "industry category."  Cal. Code Regs. tit. 10, §
27 5350(s) (2008).

28
                                          5                                    7cv2174 H BLM

1    Finally, the Legislature explicitly provided a complete statutory defense against certain

2   state-law claims, such as Plaintiffs', that are based on conduct undertaken pursuant to the CTMA

3   (including AB2592).  California Government Code Section 13995.90 ("Compliance with chapter

4   as defense in specified actions") provides:

5       In any civil or criminal action or proceeding for violation of any of
        the following, proof that the act that is complained of was done in
6       compliance with the provisions of this chapter [the CTMA] is a
        complete defense to the action or proceeding:

7
        (a) The Cartwright Act, Chapter 2 . . . .
8
        (b) The Unfair Practices Act, Chapter 4. . . .
9
        (c) *Any rule of statutory or common law against monopolies or*
10      *combinations in restraint of trade.*

11   Cal. Gov't Code § 13995.90 (West 2005) (emphasis added).

12       **B.    Plaintiffs' Initial Complaint Failed To Allege A Plausible Conspiracy To
                 Support An Antitrust Claim.**
13

14       This Court dismissed Plaintiffs' original complaint, which alleged that Defendants agreed

15   to pass through to their customers the new tourism assessment in full and to unbundle the existing

16   airport concession fees from their base rates and pass those fees through to their customers without

17   decreasing their base rates (Complaint ¶¶ 35, 44) because, as Defendants argued, Plaintiffs only

18   alleged parallel conduct that did not permit a plausible inference of conspiracy.  (Mem. of Points &

19   Authorities in Supp. of the Rental Car Defs' Mot. to Dismiss at 7-12.)[2]  The Court explained,

20   "Plaintiffs fail to place those allegations [of parallel conduct] 'in a context that raises a suggestion

21   of a preceding agreement, not merely parallel conduct that could just as well be independent

22   action.'"  *Shames*, slip op. at 8 (quoting *Twombly*, 127 S. Ct. at 1966).  The Court also took judicial

23

24       [2]    Defendants further argued that, to the extent Plaintiffs challenged the Defendants'
         alleged lobbying efforts or the Rental Car Defendants' acceptance of the tourism assessment, such
25       claims were barred by the *Noerr-Pennington* doctrine and state-action doctrine, respectively, and
         that such conduct could not have caused direct injury to Plaintiffs.  (Mem. of Points & Authorities
26       in Supp. of the Rental Car Defs' Mot. to Dismiss at 12-14.)  In their March 11, 2008, Opposition to
         Motions to Dismiss, Plaintiffs clarified that they did not claim that the Defendants' lobbying or
27       acceptance of the new tourism assessment violated Section 1.  (Opp. to Motions to Dismiss at 21 &
         n.15.)
28
                                          6

1  notice of Plaintiffs' counsel's publicly stated concern that the consequence of the enactment of
2  AB2592 "is going to be an industry-wide price hike of 10%." (Ex. A.)

3        **C.**    **The New Allegations In The Amended Complaint Tell The Same Old Story.**

4        Plaintiffs continue to allege that the Defendants engaged in two conspiracies:  (1) an alleged
5  agreement to unbundle and separately state a 9% airport concession fee without reducing base rates
6  (Am. Compl. ¶ 5), and (2) an agreement to pass on the 2.5% tourism commission assessment (Am.
7  Compl. ¶¶ 3-4).  Plaintiffs have added no factual allegations to their deficient initial complaint to
8  support their theory regarding the 9% airport concession fee.  As to their theory regarding the
9  tourism commission assessment, Plaintiffs' claim remains based solely on alleged opportunities to
10 conspire and parallel pricing behavior by the Rental Car Defendants coincident with the effective
11 date of AB2592.  The hundreds of pages of documents produced by the Business, Transportation
12 and Housing Agency, which detail the implementation of AB2592, confirm that Plaintiffs'
13 conspiracy theory is not plausible.  While these documents reveal the communications necessary to
14 enact and implement the legislation, they do not contain a single document that implies the
15 formation or conduct of an illegal price-fixing conspiracy.

16                        **III.**    **ARGUMENT**

17       **A.**    **Plaintiffs Again Fail To State An Antitrust Claim Under Section 1.**

18       As this Court previously noted, *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007),
19 provides the general rule for deciding motions to dismiss and the specific standard applicable to
20 Section 1 claims.  *See also Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1046-47 (9th Cir. 2008)
21 (providing general standard for ruling on a motion to dismiss and specific application in Section 1
22 context).  As to the general rule, *Twombly* provides:

23           While a complaint attacked by a Rule 12(b)(6) motion to dismiss
          does not need detailed factual allegations, a plaintiff's obligation to
24           provide the "grounds" of his "entitle[ment] to relief" requires more
          than labels and conclusions, and a formulaic recitation of the
25           elements of a cause of action will not do, *see Papasan v. Allain*, 478
          U.S. 265, 286 . . . (1986) (on a motion to dismiss, courts "are not
26           bound to accept as true a legal conclusion couched as a factual
          allegation").

27

28

7cv2174 H BLM

1  *Twombly*, 127 S. Ct. at 1964-65 (alteration in original) (citations omitted).  Furthermore, "the court

2  is not required to accept legal conclusions in the form of factual allegations if those conclusions

3  cannot *reasonably* be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d

4  752, 754-55 (9th Cir. 1994) (emphasis added).

5          In the specific context of a Section 1 claim based on allegations of parallel conduct, such as

6  this one, *Twombly* holds that a motion to dismiss should be granted unless plaintiffs allege

7  sufficient facts to make an inference of a conspiracy plausible.  *Twombly*, 127 S. Ct. at 1964-65.

8  Allegations of opportunity to conspire are insufficient to permit an inference of conspiracy.  *E.g.*,

9  *Twombly*, 127 S. Ct. at 1971 & n.12; *Shames*, slip op. at 8-9.  (*See also* Mem. of Points &

10  Authorities in Supp. of the Rental Car Defs' Mot. to Dismiss at 11 n.6 (citing authorities).)  Further,

11  a complaint fails to plead an illegal conspiracy claim if the allegations support a plausible, non-

12  conspiratorial explanation for the alleged agreement.  *See Twombly*, 127 S. Ct. at 1972-73 ("In fact,

13  the complaint itself gives reasons to believe that the [Defendants] would see their best interests in

14  keeping to their old turf [i.e., engaging in parallel conduct]."); *see also In re Late Fee & Over-*

15  *Limit Fee Litig.*, 528 F. Supp. 2d 953, 963 n.8, 965 (N.D. Cal. 2007) (finding that a change in

16  regulations is a plausible and non-conspiratorial explanation for alleged parallel increases in credit

17  card fees).

18          In *Kendall v. Visa U.S.A.*, the Ninth Circuit affirmed the dismissal of an amended complaint

19  (without leave to replead) for failure to satisfy the *Twombly* pleading standard because the

20  plaintiffs "failed to plead evidentiary facts sufficient to establish a conspiracy."  *Kendall*, 518 F.3d

21  at 1045.  Although the *Kendall* plaintiffs included more allegations in their amended complaint

22  than in their earlier pleadings, the district court and Ninth Circuit both found that these allegations

23  amounted to nothing more than assertions that the defendants all charged the interchange fee that

24  had been set by the Visa and Mastercard Consortiums.  The Ninth Circuit expressly held that these

25  allegations were insufficient to state a claim under Section 1 of the Sherman Act:  "Here, [plaintiffs]

26  pleaded only ultimate facts, such as conspiracy, and legal conclusions.  They failed to plead the

27  necessary evidentiary facts to support those conclusions."  *Id.* at 1047-48.

28

7cv2174 H BLM

As in *Kendall*, dismissal is warranted here because neither of Plaintiffs' conspiracy theories is supported with "the necessary evidentiary facts to support those conclusions [of conspiracy]." *Id.*

*First*, Plaintiffs fail to set forth *any* additional allegations regarding the alleged agreement among the Rental Car Defendants to unbundle the existing airport concession fees from their base rates, pass through those fees to their customers, and not decrease their base rates. This failure is fatal given the Court's previous holding that Plaintiffs had failed to state a cognizable claim. Plaintiffs have not even tried to change the Court's mind.

*Second*, as in *Kendall*, Plaintiffs' Amended Complaint contains more factual allegations than their initial complaint as to the tourism-assessment pass-through, but these additional factual allegations do not make an inference of conspiracy any more plausible. The alleged parallel conduct is coincident with the effective date of the new legislation for which each of the Rental Car Defendants lobbied. In these circumstances, a Section 1 conspiracy claim has not been adequately pled. *See Twombly*, 127 S. Ct. at 1971 ("[T]here is no reason to infer that the companies had agreed among themselves to do what was only natural anyway . . . ."); *Late Fee*, 528 F. Supp. 2d at 963 n.8, 965; *Shames*, slip op. at 9 ("It is equally plausible that the rental car defendants' actions constituted 'identical, independent action' motivated by economic self-interest.") (quoting *Twombly*, 127 S. Ct. at 1961).

        1.    <u>Plaintiffs Fail To Allege Any Facts To Support A Conspiracy By The Rental Car Defendants To Pass On Airport Concession Fees Without Decreasing Base Rates.</u>

The Amended Complaint does not add any new allegations to Plaintiffs' proffered theory regarding the airport concession fees to alter what this Court already has determined: "Plaintiffs' assertions are equally consistent with 'a wide swath of rational and competitive business strategy unilaterally prompted by common perceptions of the market.'" *Shames*, slip op. at 8 (quoting *Twombly*, 127 S. Ct. at 1964). Indeed, prior to the passage of AB2592, Plaintiffs' own counsel argued to the sponsor of AB2592 that the natural result of the bill (i.e., the resulting rational and competitive business strategy) would be the same parallel conduct that Plaintiffs now allege to be the result of a private price-fixing agreement among Defendants. (Ex. A (Fellmeth Letter).)

7cv2174 H BLM

1  Plaintiffs' counsel did not suggest that there was any need for a conspiracy among the Defendants

2  to engage in such parallel conduct.  (*Id.*)

3         The only additional allegations in the Amended Complaint directed to Plaintiffs' airport

4  concession fee theory are set forth in paragraphs 5 and 43.  In each of these paragraphs, Plaintiffs

5  amplify their allegation, which was included in the original complaint, that the Rental Car

6  Defendants' prices went up in California in January 2007, while they decreased elsewhere.  (Am.

7  Compl. ¶¶ 5, 43.)  That is, Plaintiffs add *zero* new allegations to their Amended Complaint to

8  support their airport concession fee theory.  The fact remains that the alleged changes in California

9  rental prices (for which Plaintiffs admit the Rental Car Defendants compete with regard to base

10 rates) are fully explained by each Rental Car Defendant individually taking advantage of the

11 legislation for which it had lobbied.  A change in legislation provides a non-conspiratorial

12 explanation for parallel pricing behavior by competitors.  *See Late Fee*, 528 F. Supp. 2d at 963 n.8,

13 965; *Shames*, slip op. at 9 (noting that the "common reaction of firms in a concentrated market that

14 recognize their shared economic interests not in itself unlawful") (citing *Brooke Group Ltd. v.*

15 *Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 227 (1993).  A non-conspiratorial explanation

16 for the complained of parallel conduct with respect to the airport concession fees thus continues to

17 be apparent from the face of the Amended Complaint:  The Rental Car Defendants individually

18 took advantage of the change in law.  Plaintiffs have provided no new allegations that provide any

19 basis for this Court to deviate from its prior ruling.  As such, the Court should again hold that

20 Plaintiffs have failed to satisfy the *Twombly* pleading standard as to their airport concession fee

21 theory and it should be dismissed from this case.

22         2.    Plaintiffs' Additional Allegations Relating To The Pass-Through Of The
               Tourism Assessment Fail To Make A Conspiracy Plausible.

23

24         The new allegations concerning an alleged agreement among the Rental Car Defendants to

25 pass through the tourism commission assessment do not support a plausible claim for an illegal

26 conspiracy.  None of the documents that Plaintiffs annex to their Amended Complaint is sufficient

27

28
                                                                                  7cv2174 H BLM

1  to alter this Court's conclusion that Plaintiffs' theory, as set forth in the initial Complaint and

2  repeated in the Amended Complaint, fails to state a cognizable Section 1 claim.

3              (a)    The Amended Complaint Continues To Allege Rational
                      Parallel Conduct.

4

5         As this Court previously found, the Rental Car Defendants' independent but parallel

6  decisions to pass on the tourism assessment fee exemplify a rational and competitive business

7  strategy.  Plaintiffs' attempt to resurrect their tourism assessment fee theory by relying on

8  documents that relate to the formation, enactment and implementation of AB2592 fails to change

9  this conclusion.  Plaintiffs rely on a Memorandum of Agreement between the CTTC and the

10 members of the rental car industry (Am. Compl. Ex. A), a referendum ballot (*id.* Ex. E) and other

11 documents allegedly related to those events (*id.* Exs. D, F, G) to support the conclusion that the

12 Defendants conspired to pass through the 2.5% tourism assessment fee to consumers, but their

13 reliance is misplaced.  A plain reading of the documents in the context of Plaintiffs' allegations –

14 that the rental car companies lobbied for legislation to permit them to pass on the airport

15 concession fee to consumers – negates Plaintiffs' interpretation of these documents.

16        First, the Memorandum of Agreement ("MOA") (Am. Compl. Ex. A) between the CTTC

17 and the rental car industry was an integral part of the proposed referendum and was prescribed by

18 State law.  The MOA concerns the potential assessment on the rental car industry, and how it

19 would be calculated and collected; it does not refer in any way to pass-through of the tourism

20 assessment to renters.

21        Second, the referendum ballot (Am. Compl. Ex. E) does *not* state that the Rental Car

22 Defendants, rental car companies generally, or even the CTTC have agreed that the tourism

23 commission assessment fee must be passed on.  Rather, it states:  "*[T]he Office of Tourism* has

24 determined a percentage of Revenue to be collected by each passenger car rental company . . . ."

25 (Am. Compl., Ex. E, at 24 (emphasis added).)  The logical inference to be drawn from this

26 language is that the Office of Tourism based the ballot on California Civil Code Section

27 1936.01(a)(3), which defines "'[t]ourism commission assessment'" as "the charge collected by a

28

                                          11

                                                                    7cv2174 H BLM

rental company from a renter that has been established by the California Travel and Tourism Commission pursuant to [the referendum procedure specified in] Section 13995.65 of the Government Code." Cal. Civ. Code § 1936.01(a)(3) (West Supp. 2008).

Third, Plaintiffs' reliance on selected pages from the CTTC website is unavailing. The Rental Car Defendants do not control the CTTC website. Moreover, that the CTTC's website describes the CTTC as "industry-led" (Am. Compl. Ex. C, at 19) does not permit an inference that the Rental Car Defendants conspired to pass on the tourism assessment fee uniformly to their customers. Indeed, this webpage does not even concern the rental car industry specifically, let alone relate to the tourism assessment program. Moreover, the old CTTC webpage that allegedly stated that "[t]his assessment rate shall be passed through to the customer" (Am. Compl. Ex. H, at 35) does not say anything about any agreement among the Rental Car Defendants. Construed most favorably to Plaintiffs, this suggests at most a reliance on California Civil Code Section 1936.01(a)(3) as requiring that the assessment be "collected by a rental company from a renter," Cal. Civ. Code § 1936.01(a)(3) (West Supp. 2008), without noting that California Civil Code Section 1936.01(b)(2) makes this pass through permissive, rather than mandatory.

Fourth, Plaintiffs cannot save their Section 1 claim by mischaracterizing an e-mail exchange between Denise McNulty, a licensee of Defendant Vanguard Car Rental USA Inc., and Terry Toohey, an employee of the Office of Tourism. (*See* Am. Compl. Ex. I.) This e-mail exchange does not demonstrate an agreement among the Rental Car Defendants to pass on the tourism assessment. Plainly, it neither references nor implies any agreement among rental car companies. Rather, this e-mail reflects Ms. McNulty's individual concern that each rental car company subject to AB2592 should charge and pay the tourism assessment to the CTTC. Otherwise, rental car companies that collect and pay the tourism assessment would be disadvantaged, as they would be subject to a 2.5% assessment to which other rental car companies were not subject and their rates would appear higher.

Fifth, contrary to Plaintiffs' allegations, the agenda for the "Passenger Car Rental Industry Tourism Assessment Meeting" on January 25, 2007 (Am. Compl. Ex. B, at 17), does not

1    demonstrate that the CTTC somehow acted as an "enforcement mechanism" for an alleged price-

2    fixing conspiracy. (Am. Compl. ¶ 41.) Rather, this agenda reflects a concern by the CTTC that

3    AB2592 be properly implemented (especially since the legislation had just gone into effect), so that

4    the rental car companies subject to AB2592 would be competing on a level playing field.

5         In sum, Plaintiffs seek unreasonable inferences from these factual allegations. By their

6    very terms these new factual allegations do not support an inference of an agreement in violation of

7    Section 1. Even on a motion to dismiss, the Court need not "accept legal conclusions cast in the

8    form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."

9    *Clegg*, 18 F.3d at 754-55.

10         **B.    Plaintiffs Fail To State Any Claim Under California Law.**

11         Plaintiffs' purported state law claims are again based on only three allegations: (1) that the

12   Rental Car Defendants allegedly engaged in conduct that violates the Sherman Act; (2) that the

13   Rental Car Defendants supposedly collected more money in CTTC assessments than they passed

14   on to the CTTC; and (3) that the Rental Car Defendants somehow improperly described the CTTC

15   assessment. None of these allegations states a claim under California's Unfair Competition Law

16   (the "UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, Consumer Legal Remedies Act (the

17   "CLRA"), Cal. Civ. Code §§ 1750 *et seq.*, or False Advertising Law ("FAL"), Cal. Bus. & Prof.

18   Code §§ 17500 *et seq.* To the extent that this Court finds that it has jurisdiction to entertain

19   Plaintiffs' purported state law claims, this Court should dismiss them for the reasons discussed

20   below.[3]

21

22

23

24

25   _____

26        [3] In granting the Rental Car Defendants' Motion to Dismiss the original Complaint, this
     Court declined to exercise supplemental jurisdiction over Plaintiffs' purported state law claims.
27   *See Shames*, slip op. at 9.

28                                                                                    7cv2174 H BLM

                                            13

1.   <u>Plaintiffs Fail To State A Claim Under Either The UCL Or The FAL.</u>

    (a)    <u>The Government Code Expressly Immunizes The Rental Car Defendants' Alleged Conduct.</u>

Plaintiffs' purported UCL claim is barred by Section 13995.90 of the California Government Code, which provides that where a defendant complies with the California Tourism and Marketing Act (the "CTMA"), Cal. Gov't Code §§ 13995 *et seq.*, which was amended by AB 2592, that defendant is immunized from *any* liability that might otherwise be based upon application of antitrust laws.  Section 13995.90 provides:

> In any civil or criminal action or proceeding for violation of any of the following, proof that the act that is complained of was done in compliance with the provisions of [the CTMA] is a *complete defense* to the action or proceeding:
>
> (a) The Cartwright Act, Chapter 2 . . .
>
> (b) The Unfair Practices Act, Chapter 4 . . .
>
> (c) *Any rule of statutory or common law against monopolies or combinations in restraint of trade*.

Cal. Gov't Code § 13995.90 (West 2005) (emphasis added).[4]

Here, Plaintiffs expressly allege that the Rental Car Defendants complied with the CTMA.  For example, Plaintiffs allege that the Rental Car Defendants "pass on" the CTTC assessment to customers, which the CTMA expressly allows.  (Am. Compl. ¶¶ 4, 38.)  *See also* Cal. Gov't Code § 13995.65(f) (West Supp. 2008).  Since Plaintiffs allege facts sufficient to show compliance with the CTMA, no antitrust claim may lie.  *See* Cal. Gov't Code § 13995.90 (West 2005).

Plaintiffs may not circumvent the immunity provided by Section 13995.90 by attempting to restate their claim as one under the UCL.  *See, e.g., Cel-Tech Comm'ncs, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999) ("A plaintiff may . . . not 'plead around' an 'absolute bar to relief' simply 'by recasting the cause of action as one for unfair competition.'") (citation omitted).  Since

---

[4] In opposing the Rental Car Defendants' Motion to Dismiss the original Complaint, Plaintiffs conceded that this provision applies "to an antitrust/UCL action."  (Opp. to Motions to Dismiss at 18.)

7cv2174 H BLM

1    the purported antitrust claim is barred by Section 13995.90, Plaintiffs' purported UCL claim also is

2    barred.

3                         (b)    Plaintiffs Do Not And Cannot Allege Facts Sufficient To
                                State A UCL Or FAL Claim.
4

5            This Court also may dismiss Plaintiffs' UCL claim on the independent and alternative

6    ground that Plaintiffs do not and cannot allege that they have a right to relief under any prong of

7    Section 17200 of the UCL, which defines "unfair competition" to mean "any unlawful, unfair or

8    fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any

9    act prohibited by [the FAL]."  Cal. Bus. & Prof. Code § 17200 (West 1997).

10                        (i)    Plaintiffs Do Not And Cannot Allege Facts Sufficient
                                To Show That Defendants Acted Unlawfully.
11

12           The only laws that Plaintiffs allege the Rental Car Defendants violated are Section 1 of the

13   Sherman Act, the CLRA, and the FAL.  Plaintiffs' purported Sherman Act claim fails for the

14   reasons discussed above; Plaintiffs' purported CLRA and FAL claims fail for the reasons discussed

15   below.  Since these purported claims fail, Plaintiffs' claim of UCL unlawfulness fails as well.  *See,*

16   *e.g.*, *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1111-12 (C.D. Cal. 2004); *Chavez v.*

17   *Whirlpool Corp.*, 93 Cal. App. 4th 363, 373-75 (2001).

18           Moreover, Plaintiffs also cannot state a claim of UCL unlawfulness based on their vague

19   and conclusory allegation (made on information and belief) that "[t]he CTTC fee monies collected

20   exceed the amounts contributed to the CTTC budget by the Rental Car Defendants, in violation of

21   California law."  (Am. Compl. ¶ 56(B).)  A plaintiff alleging a UCL violation "must state with

22   reasonable particularity the facts supporting the statutory elements of the violation."  *Khoury v.*

23   *Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993); *see also Multimedia Patent Trust v.*

24   *Microsoft Corp.*, 525 F. Supp. 2d 1200, 1217-18 (S.D. Cal. 2007) (applying this standard).  Here,

25   as in *Khoury*, Plaintiffs' Amended Complaint "identifies no particular section of the statutory

26   scheme which was violated and fails to describe with any reasonable particularity the facts

27   supporting violation."  *Khoury*, 14 Cal. App. 4th at 619.  Indeed, Plaintiffs fail even to identify

28

                                                    15

1  *which* statutory scheme was allegedly violated, much less how the Rental Car Defendants

2  purportedly violated that unidentified statutory scheme.  Plaintiffs therefore fail to state a claim.[5]

3                          (ii)    <u>Plaintiffs Do Not And Cannot Allege Facts Sufficient
                                   To Show That The Rental Car Defendants Either
4                                  Acted Fraudulently Or Violated The FAL.</u>

5           Plaintiffs fail to state a claim under either the UCL fraud prong or the FAL with their vague

6  and conclusory allegation that "Defendants misrepresent to consumers that the 2.5% surcharge on

7  car rentals is owed by consumers to the CTTC" when "the only assessment which is owed is owed

8  by the Defendants."  (Am. Compl. ¶ 56(B).)  Among other things, this allegation ignores that

9  California law expressly defines the "'[t]ourism commission assessment" as "the charge collected

10  by a rental company from a renter that has been established by the California Travel and Tourism

11  Commission pursuant to [the referendum procedure specified in] Section 13995.65 of the

12  Government Code." Cal. Civ. Code § 1936.01(a)(3) (West Supp. 2008).  Plaintiffs therefore fail to

13  allege any  misrepresentation as a matter of law.

14          Furthermore, even if Plaintiffs had alleged a misrepresentation (which they have not), they

15  would still fail to allege facts sufficient to show that they "ha[ve] suffered injury in fact and ha[ve]

16  lost money or property as a result of [such] unfair competition," as both the UCL and the FAL

17  require.  Cal. Bus. & Prof. Code § 17204 (West Supp. 2008) (UCL); *accord id.* § 17535 (FAL).

18  The California Court of Appeal has made it clear that with the passage of Proposition 64, the UCL

19  now imposes a causation requirement, which requires "a showing of a causal connection or

20  reliance on the alleged misrepresentation."  *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 855 (2008).

21  The California Court of Appeal has further made it clear that "[i]n approving Proposition 64, the

22

23          [5] Furthermore, Plaintiffs do not dispute that they did *not* rent from Defendants Hertz, Avis,
24  Dollar Thrifty, Fox, or Coast at a California situs airport after January 1, 2007.  Since Plaintiffs did
    not rent from these Defendants, Plaintiffs have no standing to pursue a UCL claim against them.
25  *Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 812 (2007) (stating that the purpose of
    Proposition 64 was "to prevent abusive UCL actions by attorneys whose clients had not been
26  'injured in fact' or used the defendant's products and services" (citation omitted)); *see also Lee v.
    Am. Nat'l Ins. Co.*, 260 F.3d 997,1002 (9th Cir. 2001) (holding that there was no standing to assert
27  claim in federal court where plaintiff "did not buy any policy from ANTEX and so did not suffer
    any injury due to ANTEX's conduct").
28

1    voters made identical findings regarding the UCL and FAL, and amended Business & Professions

2    Code section 17535 to impose the standing requirements and limits placed upon UCL actions."

3    *Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 819 (2007). Here, Plaintiffs do not and

4    cannot meet these requirements, because they do not and cannot allege that they entered into their

5    rental agreements in reliance on Defendants' descriptions of the CTTC assessment.

6                     (c)    Plaintiffs Do Not And Cannot Allege Facts Sufficient To
                              Show That The Rental Car Defendants Acted Unfairly.

7

8           Other than the purported statutory violations and the purported "misrepresentations" and

9    "overcharges," Plaintiffs allege no conduct that could somehow be "unfair." Consequently, this

10   Court should determine that Plaintiff do not and cannot state a claim under the UCL's "unfairness"

11   prong.

12          First, Plaintiffs' inability to plead a Sherman Act claim precludes any finding that the

13   conduct alleged to violate the Sherman Act is somehow "unfair" under the UCL. *Belton v.*

14   *Comcast Cable Holdings, LLC*, 151 Cal. App. 4th 1224, 1240 (2007).

15          Second, Plaintiffs' failure to plead particular facts sufficient to establish either the alleged

16   "overcharges," or reliance on alleged material misrepresentations, precludes them from stating a

17   UCL claim based on either allegation. *See Khoury*, 14 Cal. App. 4th at 619 (particularity); *Hall*,

18   158 Cal. App. 4th at 855 (reliance).

19          Third, in alleging that the Rental Car Defendants' conduct was somehow "unfair," Plaintiffs

20   seek to apply a standard that was rejected by the California Supreme Court. In opposing the Rental

21   Car Defendants' Motion to Dismiss the original Complaint, Plaintiffs asked this Court to evaluate

22   whether the Rental Car Defendants' conduct was "generically 'unfair.'" (Opp. to Motions to

23   Dismiss at 22.) The California Supreme Court has made it clear, however, that "[c]ourts may not

24   simply impose their own notions of the day as to what is fair or unfair." *Cel-Tech Comm'ncs*, 20

25   Cal. 4th at 182. In asking this Court to evaluate whether the Rental Car Defendants' alleged

26   conduct was somehow "generically 'unfair,'" Plaintiffs also fail to tether their purported unfairness

27   claim to some "'specific constitutional, statutory or regulatory provisions,'" as the UCL requires.

28
                                                              7cv2174 H BLM

1    *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 940 (2003) (citation omitted).  This Court

2    should accordingly determine that Plaintiffs do not and cannot state a claim of UCL unfairness.

3              2.    Plaintiffs Fail To State A Claim Under The CLRA.

4         Plaintiffs' purported CLRA claim is based upon the same alleged conduct that Plaintiffs'

5    claim is "deceptive" under the UCL and FAL – *i.e.*, Plaintiffs' allegations that the Rental Car

6    Defendants somehow described the CTTC assessment in "misleading" ways.  (Am. Compl. ¶¶

7    56(B), 62.)  These allegations do not and cannot state a CLRA claim.[6]

8              (a)    Plaintiffs Do Not And Cannot Allege Any Actionable
                        Misrepresentation.
9

10        Plaintiffs incorrectly allege that the Rental Car Defendants have somehow committed a

11   misrepresentation by suggesting that the CTTC assessment is "imposed by a governmental entity

12   and that the rental car company has no discretion with respect to the charge" and by describing the

13   CTTC assessment as, among other things, a "Ca Tourism Commission Assessment" and a

14   "California Tourism Commission Assessment."  (Am. Compl. ¶ 62.)  According to Plaintiffs, these

15   suggestions and descriptions are somehow unfair under Section 1770(a)(14) of the California Civil

16   Code, because they supposedly "[r]epresent[] that a transaction confers or involves rights remedies,

17   or obligations which it does not have or involve, or which are prohibited by law."  Cal. Civ. Code §

18   1770(a)(14) (West 2008).

19        This Court should rule that Defendants have made no actionable misrepresentations as a

20   matter of law.  Again, California law expressly defines the "'[t]ourism commission assessment'" as

21   "the charge collected by a rental company from a renter that has been established by the California

22   Travel and Tourism Commission."  Cal. Civ. Code § 1936.01(a)(3) (West Supp. 2008).  The Rental

23   Car Defendants' alleged descriptions of the charge at issue are consistent with this statutory

24   definition.  Indeed, Plaintiffs themselves describe the charge at issue as the "CTTC assessment,"

25   _____

26        [6] The CLRA applies to a limited number of acts that "result[] in the *sale or lease* of goods
     or services to any consumer."  Cal. Civ. Code § 1770(a) (West Supp. 2008) (emphasis added).  The
27   Ninth Circuit has expressly stated that "[t]he CLRA is . . . inapplicable to rental agreements."  *Ting
     v. AT&T*, 319 F.3d 1126, 1148 (9th Cir. 2003).
28

7cv2174 H BLM

(Am. Compl. ¶ 62), demonstrating that they themselves recognize that this and similar descriptions are not misleading or deceptive as a matter of law.

>        (b)     Plaintiffs Do Not And Cannot Allege Reliance On A Material Misrepresentation.

Even if Plaintiffs had alleged some misrepresentation (which they have not), they would still fail to state a CLRA claim.  "California requires a plaintiff suing under the CLRA for misrepresentation . . . to plead and prove she *relied on* a *material* misrepresentation."  *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 946 (S.D. Cal. 2007) (emphasis added).  Here, Plaintiffs do *not* allege that they would have behaved any differently if the CTTC assessment had been described differently.  As such, Plaintiffs fail to state a claim under the CLRA.  *See Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 1000 (N.D. Cal. 2007) (finding materiality not adequately alleged where plaintiffs "failed to allege that, 'had the omitted information been disclosed, [they] would have been aware of it and behaved differently'" (alteration in original) (citation omitted)).[7]

## IV.     CONCLUSION

Plaintiffs' conclusory allegations of parallel conduct and an opportunity to conspire continue to fall far short of the factual predicate required by the Supreme Court's holding in *Twombly* for a Sherman Act claim.  The Court provided the Plaintiffs a second chance to remedy the defects in their original Complaint, and the Plaintiffs failed to do so.  In fact, as to their airport concession fee theory, they did not even try.  Having been given a second chance to plead a cognizable antitrust or state-law claim, and having failed, for the reasons foregoing, Plaintiffs' Amended Complaint should be dismissed with prejudice.

---

[7] Since Plaintiffs did *not* rent from Defendants Hertz, Avis, Dollar Thrifty, Fox, or Coast at a California situs airport after January 1, 2007, Plaintiffs also lack standing to pursue a CLRA claim against them.  *See Cattie*, 504 F. Supp. 2d at 943-44.

7cv2174 H BLM

1 | Dated: May 29, 2008

Respectfully submitted,

2 | FOLGER LEVIN & KAHN LLP

SKADDEN ARPS SLATE MEAGHER &
FLOM, LLP

3

4 | By: _____

By: /s/ Michael L. Weiner
    Michael L. Weiner (*Pro hac vice*)

    Gregory D. Call (Cal. Bar No. 120483)
5 |     Beatrice B. Nguyen (Cal. Bar No.
    172961)

    Four Times Square
    New York, New York 10036
6 |     Tel.: (212) 735-2632

    Embarcadero Center West
7 |     275 Battery Street, 23rd Floor
    San Francisco, California 94111

    Douglas B. Adler (Cal. Bar No. 130749)

8 |     Tel.: (415) 986-2800

    300 South Grand Avenue
9 |     Jennifer S. Romano (Cal. Bar No.
    195953)

    Suite 3400
    Los Angeles, California 90071
10 |     1900 Avenue of the Stars
    28th Floor

    Tel.: (213) 687-5120

11 |     Los Angeles, California 90067
    Tel.: (310) 556-3700

    Sara L. Bensley (*Pro hac vice*)

12 |
    1440 New York Avenue, N.W.
    Washington, D.C. 20005-2111

Counsel for Defendants
13 | ENTERPRISE RENT-A-CAR COMPANY
and VANGUARD CAR RENTAL USA,

    Tel.: (202) 371-7000

14 | INC.

Counsel for Defendant
AVIS BUDGET GROUP, INC.

15

16 | JONES DAY

LONG, WILLIAMSON AND DELIS

17

18 | By: _____

By: _____

19 |     Jeffrey A. LeVee (Cal. Bar No. 125863)

    T. Patrick Long (Cal. Bar No. 182394)

20 |     555 South Flower Street
    Fiftieth Floor

    400 N. Tustin Ave.
    Suite 370

21 |     Los Angeles, California 90071
    Tel.: (213) 489-3939

    Santa Ana, California 92705
    Tel: (714) 668-1400

22 |
Counsel for Defendant

Counsel for Defendant
23 | DOLLAR THRIFTY AUTOMOTIVE
GROUP, INC.

COAST LEASING CORP. dba ADVANTAGE
RENT A CAR, erroneously sued and served

24 |
herein as Coast Leasing Corp., a Texas
corporation

25

26

27

28 |
            7cv2174 H BLM

20

Dated: May 29, 2008

Respectfully submitted,

FOLGER LEVIN & KAHN LLP

SKADDEN ARPS SLATE MEAGHER & FLOM, LLP

By: _____
    Gregory D. Call (Cal. Bar No. 120483)
    Beatrice B. Nguyen (Cal. Bar No. 172961)

    Embarcadero Center West
    275 Battery Street, 23rd Floor
    San Francisco, California 94111
    Tel.: (415) 986-2800

    Jennifer S. Romano (Cal. Bar No. 195953)
    1900 Avenue of the Stars
    28th Floor
    Los Angeles, California 90067
    Tel.: (310) 556-3700

Counsel for Defendants
ENTERPRISE RENT-A-CAR COMPANY
and VANGUARD CAR RENTAL USA,
INC.

By: _s/ Michael L. Weiner_____
    Michael L. Weiner (*Pro hac vice*)

    Four Times Square
    New York, New York 10036
    Tel.: (212) 735-2632

    Douglas B. Adler (Cal. Bar No. 130749)

    300 South Grand Avenue
    Suite 3400
    Los Angeles, California 90071
    Tel.: (213) 687-5120

    Sara L. Bensley (*Pro hac vice*)

    1440 New York Avenue, N.W.
    Washington, D.C. 20005-2111
    Tel.: (202) 371-7000

Counsel for Defendant
AVIS BUDGET GROUP, INC.

JONES DAY

LONG, WILLIAMSON AND DELIS

By: _s/ Jeffrey A.LeVee_____
    Jeffrey A. LeVee (Cal. Bar No. 125863)

    555 South Flower Street
    Fiftieth Floor
    Los Angeles, California 90071
    Tel.: (213) 489-3939

Counsel for Defendant
DOLLAR THRIFTY AUTOMOTIVE
GROUP, INC.

By: _____
    T. Patrick Long (Cal. Bar No. 182394)

    400 N. Tustin Ave.
    Suite 370
    Santa Ana, California 92705
    Tel: (714) 668-1400

Counsel for Defendant
COAST LEASING CORP. dba ADVANTAGE
RENT A CAR, erroneously sued and served
herein as Coast Leasing Corp., a Texas
corporation

7cv2174 H BLM

| | | |
|---|---|---|
| 1 | Dated: May 29, 2008 | Respectfully submitted, |
| 2 | FOLGER LEVIN & KAHN LLP | SKADDEN ARPS SLATE MEAGHER & FLOM, LLP |
| 3 | | |
| 4 | By: _____ | By: /s/ Michael L. Weiner _____ |
| 5 | Gregory D. Call (Cal. Bar No. 120483)<br>Beatrice B. Nguyen (Cal. Bar No. 172961) | Michael L. Weiner (*Pro hac vice*) |
| 6 | | Four Times Square<br>New York, New York 10036<br>Tel.: (212) 735-2632 |
| 7 | Embarcadero Center West<br>275 Battery Street, 23rd Floor<br>San Francisco, California 94111 | |
| 8 | Tel.: (415) 986-2800 | Douglas B. Adler (Cal. Bar No. 130749) |
| 9 | Jennifer S. Romano (Cal. Bar No. 195953) | 300 South Grand Avenue<br>Suite 3400 |
| 10 | 1900 Avenue of the Stars<br>28th Floor | Los Angeles, California 90071<br>Tel.: (213) 687-5120 |
| 11 | Los Angeles, California 90067<br>Tel.: (310) 556-3700 | Sara L. Bensley (*Pro hac vice*) |
| 12 | Counsel for Defendants | 1440 New York Avenue, N.W.<br>Washington, D.C. 20005-2111 |
| 13 | ENTERPRISE RENT-A-CAR COMPANY and VANGUARD CAR RENTAL USA, | Tel.: (202) 371-7000 |
| 14 | INC. | Counsel for Defendant<br>AVIS BUDGET GROUP, INC. |
| 15 | | |
| 16 | | |
| 17 | JONES DAY | LONG, WILLIAMSON AND DELIS |
| 18 | | |
| 19 | By: _____<br>Jeffrey A. LeVee (Cal. Bar No. 125863) | By: _____<br>T. Patrick Long (Cal. Bar No. 182394) |
| 20 | 555 South Flower Street | 400 N. Tustin Ave. |
| 21 | Fiftieth Floor<br>Los Angeles, California 90071 | Suite 370<br>Santa Ana, California 92705 |
| 22 | Tel.: (213) 489-3939 | Tel: (714) 668-1400 |
| 23 | Counsel for Defendant<br>DOLLAR THRIFTY AUTOMOTIVE | Counsel for Defendant<br>COAST LEASING CORP. dba ADVANTAGE |
| 24 | GROUP, INC. | RENT A CAR, erroneously sued and served herein as Coast Leasing Corp., a Texas |
| 25 | | corporation |
| 26 | | |
| 27 | | |
| 28 | | |

7cv2174 H BLM

O`MELVENY & MYERS LLP

By:  s/Richard G. Parker
     Richard G. Parker (Cal. Bar No. 62356)

     1625 Eye Street, NW
     Washington, D.C. 20006
     Tel.: (202) 383-5300

     Michael F. Tubach (Cal. Bar No.
       145955)
     Thomas P. Brown (Cal. Bar No.
       182916)

     Embarcadero Center West
     275 Battery Street
     Suite 2600
     San Francisco, California 94111
     Tel.: (415) 984-8700

     Gerald A. Stein (*Pro hac vice*)

     Times Square Tower
     Seven Times Square
     New York, New York 10036
     Tel.: (212) 326-2000

Counsel for Defendant
THE HERTZ CORPORATION

WERTZ McDADE WALLACE MOOT &
BROWER

By: _____
     John H. Stephens (Cal. Bar No. 82971)

     945 Fourth Avenue
     San Diego, California 92101
     Tel: (619) 233-1888

Counsel for Defendant
FOX RENT A CAR D/B/A PAYLESS RENT-
A-CAR

7cv2174 H BLM

1

2  O'MELVENY & MYERS LLP                    WERTZ McDADE WALLACE MOOT &
                                            BROWER
3
   By: _____             By: _____
4      Richard G. Parker (Cal. Bar No. 62356)    John H. Stephens (Cal. Bar No. 82971)

5      1625 Eye Street, NW                     945 Fourth Avenue
       Washington, D.C. 20006                  San Diego, California 92101
6      Tel.: (202) 383-5300                    Tel: (619) 233-1888

7      Michael F. Tubach (Cal. Bar No.       Counsel for Defendant
         145955)                             FOX RENT A CAR D/B/A PAYLESS RENT-
8      Thomas P. Brown (Cal. Bar No.         A-CAR
         182916)
9
       Embarcadero Center West
10     275 Battery Street
       Suite 2600
11     San Francisco, California 94111
       Tel.: (415) 984-8700
12
       Gerald A. Stein (*Pro hac vice*)
13
       Times Square Tower
14     Seven Times Square
       New York, New York 10036
15     Tel.: (212) 326-2000

16 Counsel for Defendant
   THE HERTZ CORPORATION
17

18

19

20

21

22

23

24

25

26

27

28

21

1

## ATTESTATION

2   I hereby attest that I have authorization for any signatures indicated by a "conformed" signature

3   ("s/") within this efiled document.

4                                                     s/ Michael L. Weiner
                                                      Michael L. Weiner (*Pro hac vice*)
5                                                     Attorney for Defendant Avis Budget Group, Inc.
                                                      E-mail: Michael.Weiner@skadden.com
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                                           7cv2174 H BLM