Center for Public Interest Law
University of San Diego School of Law
  Robert C. Fellmeth, SBN 49897
  Ed Howard, SBN 151936
5998 Alcala Park
San Diego, CA 92110
Telephone:    (619) 260-4806
Facsimile:     (619) 260-4753
cpil@sandiego.edu

Sullivan, Hill, Lewin, Rez & Engel
A Professional Law Corporation
  Donald G. Rez, SBN 82615
550 West "C" Street, Suite 1500
San Diego, California 92101
Telephone:    (619) 233-4100
Facsimile:     (619) 231-4372
rez@shlaw.com

Hulett Harper Stewart LLP
  Dennis Stewart, SBN 99152
  Kirk Hulett, SBN 110726
  Jennifer Kagan, SBN 234554
550 West "C" Street, Suite 1600
San Diego, CA 92101
Telephone:    (619) 338-1133
Facsimile:     (619) 338-1139
dstewart@hulettharper.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHAMES; GARY GRAMKOW, on behalf of themselves and on behalf of all persons similarly situated, | Case No. 07CV2174 H BLM |
| Plaintiffs, | [CLASS ACTION] |
| v. | **REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| THE HERTZ CORPORATION, a Delaware corporation; DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., a Delaware corporation; AVIS BUDGET GROUP, INC., a Delaware corporation; VANGUARD CAR RENTAL USA, INC., an Oklahoma corporation; ENTERPRISE RENT-A-CAR COMPANY, a Missouri corporation; FOX RENT A CAR, INC., a California corporation; COAST LEASING CORP., a Texas corporation; THE CALIFORNIA TRAVEL AND TOURISM COMMISSION and CAROLINE BETETA | Date:           July 14, 2008<br>Time:          10:30 a.m.<br>Ctrm.:          13<br><br>Judge:         Hon. Marilyn L. Huff<br>Trial Date:    Not Set<br>Complaint Filed: November 14, 2007 |
| Defendants. | |

::ODMA\PCDOCS\PCDOCS\285529\1

1    Pursuant to Rules 201 and 106 of the Federal Rules of Evidence ("Rule 201" and "Rule

2  106") and this Court's Order of April 8, 2008 (Docket Document No. 84 at 10) (granting Rental Car

3  Defendants' request that the Court take judicial notice of portions of legislative history of the

4  pertinent statute herein (Cal. Civil Code section 1936.01) Plaintiffs herein respectfully request that

5  this Court take judicial notice of the existence and content of the documents attached hereto as

6  Exhibit A and B, which are additional aspects of the legislative history of California Civil Code

7  section 1936.01.

8    Exhibits A and B are part of the legislative history of California Civil Code section 1936, as

9  added by Statutes of 2006, Chapter 790, § 1, Assembly Bill 2592 ("AB 2592"). Exhibit A is the

10  Rental Car Defendants' lobbyist support letter in support of AB 2592 dated August 28, 2006.

11  Attached behind Exhibit A is the LIS Declaration of Authenticity. Exhibit B is the Official

12  Legislative Analysis of AB 2592 following Amendment prior to final vote. ("Concurrence in Senate

13  Amendments" - LIS Item 10.)

14    Rental Car Defendants requested this Court to take judicial notice of portions of the

15  legislative history of California Civil Code section 1936.01. Request for Judicial Notice In Support

16  of Rental Car Defendants' Motion to Dismiss (Docket Document No. 36, filed January 25, 2008).

17  This Court granted the motion on April 8, 2008 concluding "that it may take judicial notice of these

18  documents, which are a matter of public record related to legislation at issue here." Order dated

19  April 8, 2008 (Docket Document No. 84) at 10. This request is that additional portions of that same

20  legislative history be judicially noticed. In addition to the previous authorities cited and relied on by

21  Defendants and this Court, Rule 106 and the doctrine of completion require the court to consider

22  these parts of the legislative history as well.

23    Pursuant to Rule 201, the court may take judicial notice of a public record whose existence

24  and content are "not subject to reasonable dispute." *See, e.g., Intri-Plex Tech., Inc. v. Crest Group,*

25  *Inc.,* 499 F.3d 1048, 1052 (9th Cir. 2007). Facts are not subject to reasonable dispute when they are

26  "generally known" in the community or "capable of accurate and ready determination by reference

27  to sources whose accuracy cannot be reasonably questioned." *Stiefel v. Bechtel Corp.,* 497 F. Supp.

28  2d 1138, 1144 (S.D. Cal. 2007) (citing Fed. R. Evid. 201(b)). Pursuant to Rule 201(d), a court

1  "shall" take judicial notice of such facts where "requested by a party," and the court is "supplied

2  with the necessary information." Fed. R. Evid. 201(d).[1]

3       The existence and content of the legislative history of statutes are not subject to reasonable

4  dispute, and courts in the Ninth Circuit have consistently taken judicial notice of the legislative

5  history of California statutes. *See, e.g., Chaker v. Crogan,* 428 F.3d 1215, 1223 n.8 (9th Cir. 2005)

6  (granting a federal habeas corpus petitioner's request for judicial notice of the legislative history of a

7  California Penal Code provision); *Louie v. McCormick & Schmick Rest. Corp.,* 460 F. Supp. 2d

8  1153, 1156 n.4 (C.D. Cal. 2006) (granting a plaintiff's request for judicial notice of portions of the

9  legislative history of a California statute and stating that, under Rule 201, a federal court "may take

10  judicial notice of the records of state courts, the legislative history of state statutes and the records of

11  state administrative agencies") (citations omitted).  As in *Chaker* and *Louie,* this Court with "shall"

12  take judicial notice of these documents pursuant to Rule 201(d).  This is particularly so under the

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23

24  [1] Moreover, a court may consider those properly-noticed facts in ruling on a motion to dismiss without

25  converting the motion into one for summary judgment. *See, e.g., Intri-Plex Tech.,* 499 F.3d at 1052; *see also, Stiefel,* 497 F. Supp. 2d at 1144 (stating that a "matter that is properly the subject of judicial notice may be

26  considered along with the complaint when deciding a motion to dismiss for failure to state a claim") (citing *MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986)).

27

28

1  doctrine of completion since this Court has already ordered that parts of the legislative history is to

2  be judicially noticed.  *See* Rule 106 and Court Order of April 8, 2008.

3

4                              **Respectfully submitted,**

   Dated:        June 23, 2008        **CENTER FOR PUBLIC INTEREST LAW**
5                                     **University of San Diego School of Law**
                                      Robert C. Fellmeth
6                                     Ed Howard

7                                     **HULETT HARPER STEWART LLP**
                                      Dennis Stewart
8                                     Kirk Hulett
                                      Jennifer Kagan
9
                                      **SULLIVAN, HILL, LEWIN, REZ & ENGEL**
10                                    **A Professional Law Corporation**

11
                                      By: */s/ Donald G. Rez*
12                                        Donald G. Rez
                                          550 West "C" Street, Suite 1500
13                                        San Diego, California 92101
                                          Telephone:        (619) 233-4100
14                                        Facsimile:        (619) 231-4372

15                                    Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

## REQUEST FOR JUDICIAL NOTICE
## IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
## FIRST AMENDED COMPLAINT

### EXHIBITS

**Page**

Exhibit A      Rental Car Defendants' Lobbyist Support Letter dated August 28, 2006 ........... 1-5
(and LIS Declaration of Authenticity)

Exhibit B      Official Legislative Analysis of AB 2592 following Amendment .................... 6-10

**EXHIBIT A**

P U B L I C     P O L I C Y     A D V O C A T E S LLC



FILE COPY

August 28, 2006

Honorable Mark Leno
California State Assembly
State Capitol Building
Sacramento  CA  95814

**Re:    AB 2592 (Leno): SUPPORT**

Dear Assembly Member Leno:

On behalf of **Alamo, Avis, Budget, Hertz and National Rental Cars,** we strongly support your AB 2592. This bill is designed to substantially increase the total amount of money for tourism promotion by the California Travel & Tourism Commission.  It will do this while simultaneously reducing General Fund spending.  Total spending is now about $18.25 million annually, with $7.3 million of that amount coming from the state's General Fund this year.  AB 2592 will increase total funding to $25 million this fiscal year and $50 million next year.  Further, it will roll-back this year's state General Fund appropriation from $7.3 million to just $1 million.

Tourism is California's fourth largest employer and the fifth largest contributor to the gross state product (GSP).  When the state's Travel & Tourism Commission budget was first fully funded (1998-2002  California's domestic market share of tourism increased from 9.7 percent to 11.5 percent.  When tourism funding was cut back in 2003 and 2004 tourism in California decreased. With restored funding, it has again started to increase. The enactment of AB 2592 will accelerate that increase.  Travel research specialists conservatively project that a $10 million advertising budget would generate an additional $3.8 billion in travel expenditures and $75-$85 million in additional tax revenues as well as tens of thousands of new jobs.  AB 2592, of course, will produce even greater benefits because its new advertising dollars are well in excess of that threshold amount.

AB 2592 would also allow rental car companies to separately state enumerated charges in a way that provides clear disclosure to consumers.  Under your bill, consumers would have a better understanding of what they are paying for both at the time of receiving a quote and when the rental commences

By guaranteeing a higher level of tourism funding through an increase in private assessments, AB 2592 would not only save the General Fund money but it would also stimulate the economy by generating new spending, jobs and tax revenues.  It would also ensure that consumers know what they are being charged by rental car companies prior to payment.

**1015 K Street, Suite 200, Sacramento, CA 95814**
**916-441-0702 * 916-441-3549 (fax)**

(800) 666-1917

LEGISLATIVE INTENT SERVICE



AP - 31

02
EXHIBIT A

For these reasons, we strongly support AB 2592.

Sincerely,

Fred Taugher
Legislative Advocate, Public Policy Advocates
On behalf of Alamo, Avis, Budget, Hertz and National Rental Cars

Cc:    All Members, California State Legislature
       Curt Augustine, Deputy Legislative Secretary, Business, Transportation & Housing Agency
       Caroline Beteta, Executive Director, California Travel & Tourism Commission

LEGISLATIVE INTENT SERVICE    (800) 666-1917

AP - 32

03
EXHIBIT A

# LEGISLATIVE
# INTENT SERVICE, INC.

712 Main Street, Suite 200, Woodland, CA 95695
(800) 666-1917 • Fax (530) 668-5866 • www.legintent.com

## DECLARATION OF MARIA A. SANDERS

I, Maria A. Sanders, declare:

I am an attorney licensed to practice in California, State Bar No. 092900, and am employed by Legislative Intent Service, Inc. a company specializing in researching the history and intent of legislation.

Under my direction and the direction of other attorneys on staff, the research staff of Legislative Intent Service, Inc. undertook to locate and obtain all documents relevant to the enactment of Assembly Bill 2592 of 2006. Assembly Bill 2592 was approved by the Legislature and was enacted as Chapter 790 of the Statutes of 2006.

The following list identifies all documents obtained by the staff of Legislative Intent Service, Inc. on Assembly Bill 2592 of 2006. All listed documents have been forwarded with this Declaration except as otherwise noted in this Declaration. All documents gathered by Legislative Intent Service, Inc. and all copies forwarded with this Declaration are true and correct copies of the originals located by Legislative Intent Service, Inc. In compiling this collection, the staff of Legislative Intent Service, Inc. operated under directions to locate and obtain all available material on the bill.

### ASSEMBLY BILL 2592 OF 2006:

1. All versions of Assembly Bill 2592 (Leno-2006);
2. Procedural history of Assembly Bill 2592 from the 2005-06 Assembly Weekly History;
3. Two analyses of Assembly Bill 2592 prepared for the Assembly Committee on Arts, Entertainment, Sports, Tourism, and Internet Media;
4. Material from the legislative bill file of the Assembly Committee on Arts, Entertainment, Sports, Tourism, and Internet Media on Assembly Bill 2592;
5. Third Reading analysis of Assembly Bill 2592 prepared by the Assembly Committee on Arts, Entertainment, Sports, Tourism, and Internet Media;

04
EXHIBIT A

6.  Analysis of Assembly Bill 2592 prepared for the Senate
    Committee on Business, Professions and Economic
    Development;

7.  Material from the legislative bill file of the Senate
    Committee on Business, Professions and Economic
    Development on Assembly Bill 2592;

8.  Third Reading analysis of Assembly Bill 2592 prepared by
    the Office of Senate Floor Analyses;

9.  Material from the legislative bill file of the Office of Senate
    Floor Analyses on Assembly Bill 2592;

10. Concurrence in Senate Amendments analysis of Assembly
    Bill 2592 prepared by the Assembly Committee on Arts,
    Entertainment, Sports, Tourism, and Internet Media;

11. Post-enrollment documents regarding Assembly Bill 2592;
    - (Governor Schwarzenegger's legislative files are under
    restricted access and are not available to the public.);

12. The Governor's Task Force on Tourism Funding,
    November 12, 1993.

I declare under penalty of perjury under the laws of the State of California
that the foregoing is true and correct. Executed this 25th day of April, 2007 at
Woodland, California.

_____
MARIA A. SANDERS

W:\WDOCS\ABLYBILL\ab\2592\00074801.DOC

Page 2 of 2

**EXHIBIT B**

AB 2592
Page 1

CONCURRENCE IN SENATE AMENDMENTS
AB 2592 (Leno)
As Amended August 24, 2006
Majority vote

**FILE COPY**

ASSEMBLY:    64-3    (May 4, 2006)          SENATE:    37-3    (August 29, 2006)

ARTS, SPORTS, ENTERTAINMENT
COMMITTEE VOTE:    8-0    (August 30, 2006)          RECOMMENDATION:    Concur

Original Committee Reference:  A.,E.,S.,T. & I.M.

SUMMARY:  Modifies the conditions and terms of appointees and elected members of the California Travel and Tourism Commission (CTTC), broadens industry segments which may voluntary participate in CTTC programs, and clarifies certain assessment and referendum procedures. Additionally, the bill makes changes to the way the passenger car rental industry is assessed by the CTTC which will permit rental car companies to separately state specified fees in advertising, quotes and charges for rental cars which become operational only if the rental car industry agrees to increase its Tourism Marketing Assessment (assessment) to specified levels,

The Senate amendments:

1) Permit rental car companies to take the following actions if those companies approve a referendum that increases the assessment paid by rental car companies to a level sufficient for the CTTC's budget to be brought up to $25 million in fiscal year 2006-07 and $50 million in fiscal year 2007-08:

   a) Advertise rental rates that include the entire charge, except taxes and customer facility and mileage charges, which a renter must pay to hire or lease a vehicle.

   b) Separately state in a quote or separately charge the rental rate, taxes, customer facilities charges, airport concession fees, tourism commission assessments and mileage charges which a renter must pay to hire or lease a vehicle.

   c) Require additional specified actions at the time a quote is given, at the time and place the rental commences, or if a rental is provided by a third party, if customer facility charges, airport concession fees, or tourism commission assessments are imposed.

   d) Prohibit additional charges for:

      i) additional drivers on a car rental agreement;

      ii) the period of time which occurs between the time a vehicle being delivered leaves the rental car facility and arrives at the location of the customer, or, when the rental company picks up a vehicle, the interval between the time the renter notifies the rental company the vehicle is available for pick up and the time it is picked up; and



(800) 666-1917          LEGISLATIVE INTENT SERVICE

**LIS - 10**

   iii) transporting a renter to a location where a rented vehicle will be delivered, unless
       permitted as part of a customer facility charge.

  e) Permit a car renter to bring a civil action against a rental car company for specified violations
including damage waivers and disclosure, quote and advertising requirements; the prevailing
party is entitled to recover attorney's fees and costs.

2) Permit the CTTC to take the following actions if rental car companies approve a referendum that
increases the assessment paid by those companies to a level sufficient for the CTTC's budget to
be brought up to $25 million in fiscal year 2006-07 and $50 million in fiscal year 2007-08:

  a) Establish a separate category of assessment for passenger rental car companies.

  b) Establish differing caps on assessments for each industry category or segment.

  c) Allow commissioners elected from each industry category to be determined by the weighted
percentage of assessment from that category with a cap of six commissioners from the
passenger rental car category.

  d) Allow the weighted percentage assigned to a business in the passenger car rental category that
pays an assessment greater than the cap, to be the same as though its assessment were equal to
the highest maximum assessment.

  e) Restrict assessments on the passenger car rental category to rental transactions that commence
at an airport, hotel, or overnight lodging facility.

3) Revert $6.3 million to the General Fund from the CTTC if rental car companies approve a
referendum that increases the assessment paid by those companies to a level sufficient for the
CTTC's budget to be brought up to $25 million in fiscal year 2006-07 and $50 million in fiscal
year 2007-08.

4) Revise the terms of office for commissioners elected to the CTTC to July 1 through June 30.

5) Automatically extend the terms of office for elected commissioners which expire December 31,
2006, to June 30, 2007.

6) Clarify that voluntary assessments shall be "proportionally" equivalent to the assessment levied
from an assessed business.

7) Provide that if the CTTC delivers a resolution to the Secretary of the Business, Transportation,
and Housing Agency (Secretary), then the Secretary may call a referendum at any time.

8) Require the Secretary to identify, to the extent reasonably feasible, those businesses that would
become newly assessed due to a change sought in a referendum, and provide those businesses the
opportunity to vote in that referendum.

9) Provide procedures for persons sharing common ownership, management, or control of more than
one assessed business to calculate, administer, and pay the assessment owed by each business.

(800) 666-1917    LEGISLATIVE INTENT SERVICE

10) Specify that the threshold for small businesses to be exempt from assessment ($1,000,000 in total California gross annual revenue) may be lowered by referendum, but is never to be set lower than $500,000.

11) Make other technical and clarifying changes.

EXISTING LAW:

1) Requires rental car companies to advertise, quote, and charge a renter for the entire rental rate a consumer must pay to hire or lease a vehicle, except for taxes.

2) Permits a car renter to bring a civil action against a rental car company for specified violations including damage waivers and disclosure, quote and advertising requirements; the prevailing party is entitled to recover attorney's fees and costs.

3) Creates the California Tourism Marketing Act of 1995 (Act) and the California Division of Tourism in the Business, Transportation and Housing Agency (BTHA) to promote travel and tourism to and within California.

4) Establishes CTTC, a separate, independent, nonprofit corporation consisting of 37 members (BTHA Secretary, 12 members appointed by the Governor, and 24 commissioners elected by industry category in a referendum).

5) Authorizes the CTTC to levy assessments on specified businesses which benefit from travel and tourism spending, according to referendum of the assessed businesses for the purpose of producing a variety of marketing activities, including: a) advertising; b) visitor publications; and, c) cooperative programs.

6) Authorizes the CTTC to levy assessments on specified businesses which benefit from travel and tourism spending according to referendum of the "assessed businesses" for the purpose of producing a variety of marketing activities.

7) Exempts persons or businesses with less than $1 million in California gross annual revenue from assessment.

AS PASSED BY THE ASSEMBLY, this bill modified the conditions and terms of appointees and elected members to the CTTC, and broadened industry segments which may voluntary participate in the program.

FISCAL EFFECT: According to the Assembly Appropriations Committee

COMMENTS:

1) Purpose. According to the author, this bill is necessary to update and make clarifying changes to the Act with respect to the CTTC including the parameters for serving as a commissioner and allowing gaming interests to participate in the program on a voluntary basis. More critically, the author reports that "California now stands at 37[th] in the nation in overall state public spending/investment to promote tourism and attract visitors. It falls behind Illinois, West Virginia and Arkansas. It has been proven that the level of tourism funding is reflected in market

LEGISLATIVE INTENT SERVICE    (800) 666-1917

share. For example, from 1998-2002 when the tourism budget was fully funded by the CTTC and the State of California, California's market share increased from 9.7 percent to 11.5 percent. This resulted in an additional $8.7 billion in visitor spending, 120,833 jobs and approximately $539 million in direct tax revenues. Conversely, when funding was either eliminated or inconsistent during the late 1980s and early 1990s, California experienced a dramatic decline of domestic and international market share amongst competing states and destinations. This resulted in approximately $2.5 billion less spending, approximately $100 million less tax revenue, and approximately 35,000 less jobs."

The author opines that "AB 2592 would - for the first time ever – assure a stable funding source that would produce $25 million in FY 2006-2007 and $50 million in FY 2007-2008. AB 2592 would also save the General Fund money since the enactment of the bill would reduce the state's General Fund appropriation from $7.3 million to $1 million."

2) <u>California Travel & Tourism Commission</u>. The Legislature adopted the Act to allow the self-imposition of an assessment by businesses that benefit from travel and tourism. It also authorized the establishment of a non-profit, public benefit corporation, CTTC, to oversee the promotion of California as a premier travel destination. The primary focus of CTTC is to develop and implement a marketing plan that promotes travel to and within California. In support of this purpose, the plan is divided into four program areas: 1) Research and Rural Tourism Marketing; 2) Communications and Visitor Information (i.e., media relations, web site, welcome centers, and collateral and fulfillment); 3) National Advertising and Cooperative Marketing Activities; and, 4) International Travel, Trade Development and Marketing.

In 2001, assessed businesses voted to continue industry assessments by an 84% margin and will subsequently be renewable by industry vote every six years. The act intended that the state would match industry assessments, but budget limitations have severely reduced the state's participation.

3) <u>Passenger Rental Car Industry</u>. This measure affects the rental car industry in two significant ways. First, it modifies disclosure requirements for the advertising, quoting and charging of rental cars. Industry representatives indicate that the companies are not currently required to disclose, as part of a telephonic or Internet quote a total out-the-door price for the rental and that these changes will bring California's disclosure statutes into conformity with those of other states. Significantly, this "rebundling" will allow the industry to separate the CTTC assessment and airport concession fees from the rental car charge.

This bill will also result in a referendum to the rental car industry to substantially increase its CTTC assessment. The new industry assessment would significantly increase current funding for tourism marketing and supplant much of the CTTC's General Fund support. As originally crafted, the Act called for a match of general fund support with the industry assessments. Since the deterioration of the state's fiscal condition, the state's match has declined dramatically, even though support from the travel and tourism industry has remained constant.

<u>Analysis Prepared by:</u>  Kellie Smith / A.,E.,S.,T. & I.M. / (916) 319-3450

FN: 0017651

LEGISLATIVE INTENT SERVICE    (800) 666-1917