Michael L. Weiner (*Pro hac vice*)
SKADDEN ARPS SLATE MEAGHER &
    FLOM LLP
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000

Douglas B. Adler (Cal. Bar No. 130749)
SKADDEN ARPS SLATE MEAGHER &
    FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000

Sara L. Bensley (*Pro hac vice*)
SKADDEN ARPS SLATE MEAGHER &
    FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005-2111
Telephone: (202) 371-7000

Attorneys for Defendant
AVIS BUDGET GROUP, INC.

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MICHAEL SHAMES; GARY GRAMKOW, on behalf of themselves and on behalf of all persons similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**THE HERTZ CORPORATION, a Delaware corporation; DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., a Delaware corporation; AVIS BUDGET GROUP, INC., a Delaware corporation; VANGUARD CAR RENTAL USA, INC., an Oklahoma corporation; ENTERPRISE RENT-A-CAR COMPANY, a Missouri corporation; FOX RENT A CAR, INC., a California corporation; COAST LEASING CORP., a Texas corporation; and THE CALIFORNIA TRAVEL AND TOURISM COMMISSION**<br><br>**Defendants.** | Case No. 07 CV 2174 H  BLM<br><br>[Class Action]<br><br>**REPLY MEMORANDUM IN SUPPORT OF THE RENTAL CAR DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Date: July 14, 2008<br>Time: 10:30 a.m.<br>Place: Courtroom 13<br>**Honorable Marilyn L. Huff** |

## **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................. 1

II. PLAINTIFFS FAIL TO BASE THEIR SECTION 1 CLAIM ON A PLAUSIBLE AGREEMENT ...................................................................................................... 2

    A. Plaintiffs Fail To Plead Sufficient Factual Allegations To Make Their Claimed Conspiracies Plausible. ............................................................... 2

    B. Plaintiffs Offer Nothing New With Respect To The Alleged Agreement To Unbundle And To State Separately The Airport Concession Fee. ........ 4

    C. Plaintiffs' Claim Of An Agreement To Pass-On The Tourism Assessment Is Not Plausible. ....................................................................................... 6

III. THE COURT SHOULD DISMISS PLAINTIFFS' CLAIMS BROUGHT UNDER CALIFORNIA LAW. ........................................................................................... 7

    A. Plaintiffs Fail To State A Claim Under Either The UCL Or The FAL. ................ 7

        1. Plaintiffs Cannot Dispute That The Government Code Expressly Immunizes The Rental Car Defendants' Alleged Conduct. ............... 7

        2. Plaintiffs Do Not Have Standing To Assert A UCL Claim Against Rental Car Defendants From Which They Did Not Rent. ................. 8

        3. Plaintiffs Do Not And Cannot Allege Facts Sufficient To Show That Defendants Acted Unlawfully Or Unfairly. ..................................... 8

        4. Plaintiffs Do Not Allege Facts Sufficient To Show That The Rental Car Defendants Engaged In Any Fraudulent Business Practice. ...... 9

    B. Plaintiffs Fail To State A Claim Under The CLRA. ............................. 10

IV. CONCLUSION ................................................................................................... 10

## TABLE OF AUTHORITIES

### CASES

*Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955 (2007) .................................................*passim*

*Belton v. Comcast Cable Holdings, LLC*, 151 Cal. App. 4th 1224 (2007) ........................................9

*Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939 (S.D. Cal. 2007) ............................................10

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163 (1999) ......................................7

*City of Moundridge v. Exxon Mobil Corp.*, __ F. Supp. 2d __, Civil Action No. 04-940, 2008 WL 1735856 (D.D.C. Apr. 16, 2008) .........................................................................5

*Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994) .......................................................5

*Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111 (2d Cir. 1982) ........................................................6

*In re Citric Acid Litig.*, 191 F.3d 1090 (9th Cir. 1999) ......................................................................5

*In re Graphics Processing Units Antitrust Litig.*, 540 F. Supp. 2d 1085 (N.D. Cal. 2007) ...............4

*In re Late Fee and Over-Limit Fee Litig.*, 528 F. Supp. 2d 953 (N.D. Cal. 2007) ....................3, 4, 5

*In re Se. Milk Antitrust Litig.*, __ F. Supp. 2d __, MDL No. 1899, 2008 WL 2117159 (E.D. Tenn. May 20, 2008) ..........................................................................................................4

*Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2008) ..........................................................1, 4

*Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181 (S.D. Cal. 2005), *aff'd*, 252 Fed. Appx. 777 (9th Cir. 2007), *cert. denied*, 128 S. Ct. 2500 (2008) ..............................................9, 10

*Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496 (2003) ........................................................9

*Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997 (9th Cir. 2001) ....................................................................8

*Medina v. Safe-Guard Prods. Int'l, Inc.*, ___ Cal. App. 4th ___, 2008 Cal. App. LEXIS 933 (Cal. Ct. App. June 19, 2008) ..................................................................................9, 10

*O'Brien v. Camisasca Auto. Mfg., Inc.*, 161 Cal. App. 4th 388 (2008) ...........................................10

*Shames v. Hertz Corp.*, No. 07-CV-2174 (S.D. Cal. Apr. 8, 2008) .........................................*passim*

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) ....................................................5

*Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977 (9th Cir. 2002) .........................................7

### STATUTES

Cal. Bus. & Prof. Code § 17203 (West Supp. 2008) .........................................................................8

Cal. Bus. & Prof. Code § 17204 (West Supp. 2008) ......................................................................8, 9

Cal. Civil Code § 1936.01 (West Supp. 2008) ................................................................. 9, 10

Cal. Gov't Code § 13995.65 (West Supp. 2008) ................................................................ 3, 7

Cal. Gov't Code § 13995.90 (West 2005) ............................................................................... 7

**OTHER**

5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1358 (3d ed. 2004) ....................................................................................................................... 6

## I.     **INTRODUCTION**

Try as they might, Plaintiffs cannot avoid the Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). *Twombly* requires dismissal of the Amended Complaint unless the context of the alleged conduct plausibly suggests a conspiracy. *Shames v. Hertz Corp.*, No. 07-CV-2174, slip op. at 8-9 (S.D. Cal. Apr. 8, 2008) ("Apr. 8th Order"). (*See also* Mem. of P. & A. in Supp. of Rental Car Defs' Mot. to Dismiss the First Am. Compl. at 1-3, 6-13 ("Opening Br.").) In other words, "[a]llegations of facts that could just as easily suggest rational, legal business behavior by the defendants as they could suggest an illegal conspiracy are insufficient to plead a violation of the antitrust laws." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1049 (9th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1964-66 & n.5). Here, Plaintiffs allege that the Rental Car Defendants lobbied for AB 2592, and that the Rental Car Defendants then acted exactly as the new legislation allows. Because these allegations (even when read in the light most favorable to Plaintiffs) are just as suggestive of rational business behavior as they are of any conspiracy, *Twombly* dooms their Amended Complaint. *See id.*

Plaintiffs claim that they have satisfied *Twombly* because they attached "evidence" to the Amended Complaint. But the question is: What does that evidence plausibly suggest? Under *Twombly*, a claim based on alleged parallel conduct is *not* plausible where "the complaint itself gives reasons to believe that the [defendants] would see their best interests" in engaging in the parallel conduct. *Twombly*, 127 S. Ct. at 1972-73. Plaintiffs' "evidence" here simply confirms the implausibility of their own theory: It confirms why the Rental Car Defendants – each acting in its unilateral best interest – would want to pass through to consumers two fees that legislation specifically authorized them to pass through. Plaintiffs still have pleaded no more than parallel conduct and an opportunity to conspire, which the Supreme Court instructs is insufficient to state a Section 1 claim. *Twombly*, 127 S. Ct. at 1971 & n.12.

Plaintiffs offer no factual allegations of an alleged agreement either to unbundle and pass through airport concession fees or to pass through the tourism assessment. As to the airport concession fee, the Amended Complaint does not contain a single new factual allegation. Given

1 this Court's determination that the original complaint failed to state a claim, (Apr. 8th Order at
2 8:16–9:9), Plaintiffs' arguments as to the airport concession fee amount to nothing more than a
3 baseless request that the Court reconsider its previous Order.  Plaintiffs' additional allegations as to
4 the tourism assessment do not render plausible the existence of a joint agreement to pass on the
5 assessment:  Plaintiffs allege that the Rental Car Defendants lobbied for AB 2592, which permits
6 them to pass on any tourism assessment to consumers.  Their individual decisions to do so are
7 therefore consistent with rational business strategy.
8     Plaintiffs already have received hundreds of pages of documents from the Business,
9 Transportation and Housing Agency and, as a consequence, have more information at the pleading
10 stage than *Twombly* contemplates.  Plaintiffs are not entitled to more discovery in order to advance
11 their conspiracy theory, because this would flip *Twombly* on its head:  They are required to plead a
12 plausible conspiracy *before* being entitled to discovery.  Thus, their inability to plead a plausible
13 conspiracy, even after receiving documents from the Business, Transportation and Housing
14 Agency, just further highlights why this action should be dismissed with prejudice.
15     Plaintiffs' failure to state any antitrust claim requires dismissal of their state law claims
16 since they are based on the same alleged conduct.  Plaintiffs' purported state law claims also fail
17 because of a grant of immunity provided under California law, because Plaintiffs lack standing to
18 pursue claims against all the Rental Car Defendants, and because Plaintiffs fail to allege either any
19 actionable representation or any reliance upon such a representation.

20     **II.     PLAINTIFFS FAIL TO BASE THEIR SECTION 1**
             **CLAIM ON A PLAUSIBLE AGREEMENT**
21
        **A.    Plaintiffs Fail To Plead Sufficient Factual Allegations To Make Their Claimed**
22           **Conspiracies Plausible.**

23     Plausibility is the touchstone of the *Twombly* standard:  There is a "need at the pleading
24 stage for allegations plausibly suggesting (not merely consistent with) agreement."  *Twombly*, 127
25 S. Ct. at 1966.  Conspiracy claims "must be placed in a context that raises a suggestion of a
26 preceding agreement, not merely parallel conduct that could just as well be independent action."  *Id*.
27 Indeed, in *Twombly*, the Supreme Court affirmed the district court's dismissal where "the
28

complaint itself gives reasons to believe" that the defendants would have engaged in the alleged parallel conduct without any conspiracy. *Id.* at 1972-73.

Plaintiffs do not and cannot dispute that there is a non-conspiratorial explanation for their Section 1 allegations: The Rental Car Defendants engaged in the challenged pricing behaviors permitted by new legislation at the exact time that the new legislation went into effect. *See* Cal. Gov't Code § 13995.65(f) (West Supp. 2008). (*See also* First Am. Compl. for Inj., Money Damages & Declaratory Relief at ¶¶ 5, 43 ("Am. Compl.").) Plaintiffs even allege that the Rental Car Defendants lobbied for the right to separately state and pass on the charges at issue provided by the legislation. (Am. Compl. ¶¶ 36-37; Req. for Judicial Notice in Opp. to Defs' Mot. to Dismiss First Am. Compl. (June 23, 2008) (Docket No. 99-2) at Ex. A.) Indeed, Plaintiffs' counsel opposed this legislation, stating that it (and not a separate, extra-legislative agreement among rental car companies) would cause the "industry-wide price hike" that Plaintiffs now allege has occurred. (Req. for Judicial Notice in Support of Defs' Mot. to Dismiss (Jan. 25, 2008) (Docket No. 36) at Ex. A.)[1]

Plaintiffs attempt to distinguish *In re Late Fee and Over-Limit Fee Litigation*, 528 F. Supp. 2d 953 (N.D. Cal. 2007), on the grounds that the alleged conduct there was not completely parallel and that those plaintiffs failed to provide details on the "'when, where, or by whom the alleged agreement was reached.'" (Pls' Opp'n to the Rental Car Defs' Mot. to Dismiss the First Am. Compl. at 1:19–2:3 ("Opp'n") at 17:26-27 (quoting *Late Fee*, 528 F. Supp. 2d at 962).) Yet Plaintiffs fail to address *Late Fee*'s controlling logic: A change in regulations provided a non-conspiratorial explanation for the alleged parallel conduct. *See Late Fee*, 528 F. Supp. 2d at 963 n.8, 965. Here, a change in law – which is evident on the face of the Amended Complaint – provides the same non-conspiratorial explanation.

---

[1] *See* Apr. 8th Order at 10:12 (taking judicial notice of Professor Fellmeth's letter).

Reverting to the old saw that they are "without the benefit of discovery,"[2] Plaintiffs ignore that their failure to plead a cause of action defeats any right to discovery. *Twombly*, 127 S. Ct. at 1967; *see also Kendall*, 513 F.3d at 1047 ("[D]iscovery in antitrust cases frequently causes substantial expenditures and gives the plaintiff the opportunity to extort large settlements even where he does not have much of a case."); *see also In re Se. Milk Antitrust Litig.*, __ F. Supp. 2d __, MDL No. 1899, 2008 WL 2117159, at *5 (E.D. Tenn. May 20, 2008) (same). Because Plaintiffs have had two bites at this apple and still fail to state a claim, their Amended Complaint should be dismissed with prejudice.

### B. Plaintiffs Offer Nothing New With Respect To The Alleged Agreement To Unbundle And To State Separately The Airport Concession Fee.

Plaintiffs added no new material allegations in the Amended Complaint regarding the airport concession fee. By devoting only *one paragraph* of their Opposition's six-page "Factual Background" to this fee, Plaintiffs acknowledge that they have not given this Court any reason to change its prior ruling. (Opp'n at 6-11.) Plaintiffs' allegation remains that the rental rates at California airports rose in January 2007, while they declined on average in the United States. (*Compare* Compl. ¶ 36, *with* Am. Compl. ¶ 43.) Rather than pleading any additional material facts, Plaintiffs added only a pricing chart from USA Today that adds nothing new to the allegations that this Court already found to be deficient. (S*ee* Apr. 8th Order at 8-9.) Plaintiffs' allegations as to the airport concession fee therefore continue to fail to state a claim.

Plaintiffs rely heavily on *In re Graphics Processing Units Antitrust Litigation*, 540 F. Supp. 2d 1085 (N.D. Cal. 2007), for the proposition that "aberrant" pricing behavior establishes a price-fixing conspiracy. However, *Graphics Processing Units* did *not* involve any change in the law, as occurred here (or change in regulations, as in *Late Fee*). As the Northern District found in *Late Fee*, such a change provides a non-conspiratorial explanation for the alleged pricing changes that

---

[2] Opp'n at 5:13-15 & n.13, 13:22; *see also* Opp'n to Mot. by CTTC to Dismiss First Am. Compl. (June 23, 2008) (Docket No. 99) at 20 (offering the "argument" that Plaintiffs' inability to plead a conspiracy as to the airport concession fee demonstrates the existence of a conspiracy).

negates any claim of "aberrance." Plaintiffs' concession that the alleged parallel pricing behavior is "coincident with the effective date" of AB 2592, (Opp'n at 11:5; Am. Compl. ¶ 43:14-15), therefore renders *Graphics Processing Units* inapplicable.[3]

Plaintiffs' allegations of an "opportunity to conspire," (Opp'n at 16:24), also are insufficient. *See Twombly*, 127 S. Ct. at 1971 & n.12; *In re Late Fee*, 528 F. Supp. 2d at 963-64; *see also In re Citric Acid Litig.*, 191 F.3d 1090, 1098 (9th Cir. 1999) (holding that evidence of participation in trade association is insufficient evidence of conspiracy at summary judgment stage). Similarly, Plaintiffs' recitation of other "plus" factors repeats arguments that this Court rejected in dismissing their original complaint. (Opp'n at 16:18–17:11.) Plaintiffs' suggestion of a "rigid[] refus[al] to make any sales by lowering prices by even *de minimis* amounts," (Opp'n at 16:20-21 (internal quotation marks and citation omitted)), is belied by their concession that there is and has always been ongoing competition on prices. (Am. Compl. ¶ 43.) And Plaintiffs' assertion of contemporaneous action is negated by their concession that the alleged parallel pricing behavior was coincident with a change in the law that permits such behavior. (*Id.* ¶¶ 5, 43.)

Plaintiffs' argument as to the airport concession fee therefore reduces to the following: The Rental Car Defendants met and discussed the tourism assessment. Therefore, (Plaintiffs speculate) the Rental Car Defendants also *must have* talked about the airport concession fee, and they also *must have* reached an agreement about the airport concession fee because they unbundled and passed the fees through when the new legislation went into effect. It is unreasonable to infer from these allegations the existence of a price-fixing conspiracy. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be

---

[3] *City of Moundridge v. Exxon Mobil Corp.*, __ F. Supp. 2d __, Civil Action No. 04-940, 2008 WL 1735856 (D.D.C. Apr. 16, 2008), is distinguishable for the same reason: There was no change in law coincident with the alleged change in pricing behavior.

drawn from the facts alleged."). Given Plaintiffs' complete failure to bolster their claim as to the airport concession fees, it must be dismissed again. *See* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1358 (3d ed. 2004) ("A Rule 12(b)(6) motion also may be used to challenge the sufficiency of part of a pleading, such as a single count or claim for relief."); *Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111, 115 (2d Cir. 1982) (dismissing portions of a single count).

      C.    **Plaintiffs' Claim Of An Agreement To Pass-On The Tourism Assessment Is Not Plausible.**

It also would be unreasonable, in the context of this case, to infer any agreement among the Rental Car Defendants to pass on the tourism assessment. The context provided by Plaintiffs' allegations includes (i) a change in legislation (Am. Compl. ¶ 2); (ii) that the Rental Car Defendants lobbied for (*id.* ¶ 36); (iii) which permitted the Rental Car Defendants to pass through the tourism assessment (*id.* ¶ 2). Having pled this context, Plaintiffs now implore the Court to ignore it and to unreasonably conclude that it is plausible that the alleged parallel pass-throughs resulted from conspiracy, not independent decisions. Yet, Plaintiffs offer no reasonable allegations of an agreement in the context of the legislative developments central to Plaintiffs' claims.

As explained in the Rental Car Defendants' opening memorandum, the factual allegations that Plaintiffs add in their Amended Complaint pertain to the arrangements by which the California Travel and Tourism Commission (the "CTTC") would collect the tourism assessment from the rental car companies, not any agreement to pass on the assessment to renters. (Opening Br. at 2:19–3:9, 11:5–13:9.). Exhibit D to the Amended Complaint, for example, concerns only the arrangements by which the CTTC will collect the assessment *from the rental car companies*, as indicated by Section 1936.01 of the California Civil Code, and does not support the existence of any agreement to pass through the tourism assessment to customers. This context is apparent when the e-mail exchange is considered in full, including the attachment to the first e-mail (attached

hereto as Exhibit 1).[4]

As with the airport concession fee, Plaintiffs fail to provide this Court with any reason to depart from its previous order as to the tourism assessment. This Court should again find that Plaintiffs have failed to state an antitrust claim, and dismiss that claim with prejudice.

### III. THE COURT SHOULD DISMISS PLAINTIFFS' CLAIMS BROUGHT UNDER CALIFORNIA LAW.

Since the Amended Complaint fails to state a claim under California's Unfair Competition Law (the "UCL"), Consumer Legal Remedies Act (the "CLRA"), or False Advertising Law (the "FAL"), this Court should dismiss each of these purported claims.

#### A. Plaintiffs Fail To State A Claim Under Either The UCL Or The FAL.

##### 1. Plaintiffs Cannot Dispute That The Government Code Expressly Immunizes The Rental Car Defendants' Alleged Conduct.

Plaintiffs concede that if an act is done in compliance with the California Tourism Marketing Act ("CTMA"), such compliance is a defense to an "antitrust/UCL action" pursuant to Section 13995.90 of the California Government Code. (Opp'n at 18:21.) Yet Plaintiffs do not – and cannot – dispute that the CTMA expressly allows the Rental Car Defendants to separately state and pass on the tourism assessment to customers, as the Amended Complaint alleges they did. *See* Cal. Gov't Code § 13995.65(f) (West Supp. 2008). (Am. Compl. ¶¶ 4, 38.) Having alleged compliance with the CTMA, Plaintiffs cannot avoid the Section 13995.90 immunity by "recasting the cause of action as one for unfair competition." *Cel-Tech Comm. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999).

---

[4] This Court may take notice of the full contents of the e-mail referenced in the Amended Complaint and attached as an exhibit thereto. *See Twombly*, 127 S. Ct. at 1973 n.13; *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

### 2. Plaintiffs Do Not Have Standing To Assert A UCL Claim Against Rental Car Defendants From Which They Did Not Rent.

Plaintiffs incorrectly argue that they somehow have standing to assert a UCL claim against all of the Rental Car Defendants, even though they did not rent from Defendants Hertz, Avis Budget, Dollar Thrifty, Fox or Coast at a California situs airport after January 1, 2007. (Opp'n at 20.) Plaintiffs' argument is without merit because neither of the named Plaintiffs can establish a cognizable "injury" attributable to these Defendants.

After Proposition 64, a plaintiff may bring a UCL claim only if he or she "has suffered injury in fact and has lost money or property as a result of such unfair competition." Cal. Bus. & Prof. Code § 17204 (West Supp. 2008). Plaintiffs' attempt to pursue a class action does *not* change the standing requirements. *Id.* at § 17203 (West Supp. 2008) ("Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 . . . ."). Accordingly, Plaintiffs lack standing to pursue a UCL claim against those Rental Car Defendants from which they did not rent and did not suffer any injury. *See Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1002 (9th Cir. 2001) (finding no standing where plaintiff "did not buy any policy from ANTEX and so did not suffer any injury due to ANTEX's conduct").[5]

### 3. Plaintiffs Do Not And Cannot Allege Facts Sufficient To Show That Defendants Acted Unlawfully Or Unfairly.

Plaintiffs' Opposition makes clear that the only "unlawful" or "unfair" behavior alleged is Defendants' alleged violation of the Sherman Act and purported "misrepresentations" allegedly in violation of the CLRA. (Opp'n at 19, 23-24.)[6] Plaintiffs' Sherman Act claim fails for the reasons discussed above; Plaintiffs' "misrepresentation" claims fail for the reasons discussed below. Thus,

---

[5] Rather than attempt to support their argument with UCL case law, Plaintiffs rely on inapposite antitrust standing principles. (Opp'n at 20.)

[6] Plaintiffs do not dispute that they cannot state a UCL claim based on their vague and conclusory allegation (made on information and belief) that "[t]he CTTC fee monies collected exceed the amounts contributed to the CTTC budget by the Rental Car Defendants." (Am. Compl. ¶ 56.B.; Opening Br. at 15:18–16:2.)

07cv2174 H BLM

Plaintiffs do not and cannot state a claim of "unlawfulness" or "unfairness" under the UCL. *See Belton v. Comcast Cable Holdings, LLC*, 151 Cal. App. 4th 1224, 1240 (2007) (an inability to plead a Sherman Act claim precludes any finding that the conduct is "unfair" under the UCL).

### 4. Plaintiffs Do Not Allege Facts Sufficient To Show That The Rental Car Defendants Engaged In Any Fraudulent Business Practice.

Plaintiffs now argue that the Rental Car Defendants' descriptions of the tourism assessment are somehow misleading because they imply that "some taxing or government authority is imposing the charge on the consumer." (Opp'n at 21:18.) However, Plaintiffs cannot dispute that California law expressly defines "'[t]ourism commission assessment'" as "the charge collected by a rental company from a renter that has been established by the [CTTC] . . . ." Cal. Civ. Code § 1936.01(a)(3) (West Supp. 2008). The Rental Car Defendants' alleged descriptions of the charge at issue are consistent with this statutory definition.[7] Indeed, Plaintiffs themselves describe the charge as the "CTTC assessment," (Am. Compl. ¶ 62), and thus cannot complain about the Rental Car Defendants' alleged descriptions. *See Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003) ("'Likely to deceive' implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.").

Moreover, Plaintiffs do not and cannot allege that they were injured in fact, or that they "lost money or property as a result of," the Rental Car Defendants' alleged descriptions of the tourism assessment– *i.e.*, that but for such descriptions, they would not have entered into the contracts.[8] Cal. Bus. & Prof. Code § 17204; *see also Medina v. Safe-Guard Prods. Int'l, Inc.*, ___

---

[7] For example, Plaintiff Shames' contract with Alamo simply states "CA COMMISSION ASSESSMENT @ 2.5%." Similarly, Plaintiff Gramkow's contract with ERAC-SF states "TOURISM FEE 2.5%." (Req. for Judicial Notice in Supp. of Rental Car Defs.' Mot. to Dismiss (Jan. 25, 2008) (Docket No. 36) at Exs. E & F.) The Court previously took judicial notice of these documents. (Apr. 8th Order at 10:4-15.)

[8] Plaintiffs' mere allegation that they "paid more for their car rentals than they otherwise would have" is insufficient to establish either injury or reliance. (Opp'n at 22:7-8.) Instead, Plaintiffs must – but do not – allege that the Rental Car Defendants' description of the fee actually *induced* them to pay the higher rates. *See Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005) (finding no standing where "none of the named Plaintiffs allege that they saw, read, or in any way relied on the advertisements; nor do they allege that they entered into the

*(cont'd)*

Cal. App. 4th ___, 2008 Cal. App. LEXIS 933, at *18-19 (Cal. Ct. App. June 19, 2008) ("The point of the Proposition 64 amendment was to impose *additional* requirements on plaintiffs . . .' namely, having lost money or property as a result of the act or practice." (emphasis in original)).

### B.    Plaintiffs Fail To State A Claim Under The CLRA.

Because Plaintiffs' purported CLRA claim is based on the same conduct alleged to be deceptive under the UCL, (Opp'n at 24:5-8), it fails for the same reasons as their UCL claim. First, the Rental Car Defendants have made no actionable representations as a matter of law, because their alleged descriptions of the "tourism commission assessment" are entirely consistent with the statutory definition. *See* Cal. Civ. Code § 1936.01(a)(3).

Moreover, even if Plaintiffs had alleged a misrepresentation (which they have not), the CLRA claim fails because Plaintiffs have not alleged reliance on a *material* misrepresentation. *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 946 (S.D. Cal. 2007). Plaintiffs do not allege that they would have behaved any differently if the tourism assessment was not described as it was on their rental agreements. And Plaintiffs do not allege or argue that Plaintiff Shames, whom they identify as a professional consumer advocate, relied on the description in his rental agreement or was unaware of the law. Thus, they fail to state a CLRA claim. *See O'Brien v. Camisasca Auto. Mfg., Inc.*, 161 Cal. App. 4th 388, 405 (2008) ("For the same reasons [plaintiff] cannot demonstrate standing under the FAL and the UCL, he cannot demonstrate he suffered damage *as the result of any violations of the CLRA*." (emphasis in original)).[9]

### IV.    CONCLUSION

For the foregoing reasons, and for the reasons discussed in the Rental Car Defendants' opening memorandum, Plaintiffs' First Amended Complaint should be dismissed with prejudice.

---

(cont'd from previous page)
transaction *as a result* of those advertisements"), *aff'd*, 252 Fed. Appx. 777 (9th Cir. 2007), *cert. denied*, 128 S. Ct. 2500 (2008).

[9] Furthermore, Plaintiffs lack standing to pursue a CLRA claim against Defendants Hertz, Avis Budget, Dollar Thrifty, Fox and Coast. *See Cattie*, 504 F. Supp. 2d at 944 (finding that buyer lacked standing to pursue CLRA claim where she "never adequately alleged . . . that [she] bought bed linens from Wal-Mart Stores, or had any business relationship at all with Wal-Mart Stores").

| | | |
|---|---|---|
|1| Dated: July 7, 2008 | Respectfully submitted, |

FOLGER LEVIN & KAHN LLP

SKADDEN ARPS SLATE MEAGHER & FLOM, LLP

By:  s/Gregory D. Call
    Gregory D. Call (Cal. Bar No. 120483)
    Beatrice B. Nguyen (Cal. Bar No. 172961)

Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, California 94111
Tel.: (415) 986-2800

Jennifer S. Romano (Cal. Bar No. 195953)
1900 Avenue of the Stars
28th Floor
Los Angeles, California 90067
Tel.: (310) 556-3700

Counsel for Defendants
ENTERPRISE RENT-A-CAR COMPANY and VANGUARD CAR RENTAL USA, INC.

By:  s/Michael L. Weiner
    Michael L. Weiner (*Pro hac vice*)
    Email: Michael.Weiner@skadden.com

Four Times Square
New York, New York 10036
Tel.: (212) 735-2632

Douglas B. Adler (Cal. Bar No. 130749)

300 South Grand Avenue
Suite 3400
Los Angeles, California 90071
Tel.: (213) 687-5120

Sara L. Bensley (*Pro hac vice*)

1440 New York Avenue, N.W.
Washington, D.C. 20005-2111
Tel.: (202) 371-7000

Counsel for Defendant
AVIS BUDGET GROUP, INC.

JONES DAY

LONG, WILLIAMSON AND DELIS

By:  s/Jeffrey A. LeVee
    Jeffrey A. LeVee (Cal. Bar No. 125863)

555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Tel.: (213) 489-3939

Counsel for Defendant
DOLLAR THRIFTY AUTOMOTIVE GROUP, INC.

By:  s/T. Patrick Long
    T. Patrick Long (Cal. Bar No. 182394)

400 N. Tustin Ave.
Suite 370
Santa Ana, California 92705
Tel: (714) 668-1400

Counsel for Defendant
COAST LEASING CORP. dba ADVANTAGE RENT A CAR, erroneously sued and served herein as Coast Leasing Corp., a Texas corporation

| | |
|---|---|
| O'MELVENY & MYERS LLP | WERTZ McDADE WALLACE MOOT & BROWER |
| By:  s/Richard G. Parker<br>Richard G. Parker (Cal. Bar No. 62356) | By:  s/John H. Stephens<br>John H. Stephens (Cal. Bar No. 82971) |
| 1625 Eye Street, NW<br>Washington, D.C. 20006<br>Tel.: (202) 383-5300 | 945 Fourth Avenue<br>San Diego, California 92101<br>Tel: (619) 233-1888 |
| Michael F. Tubach (Cal. Bar No. 145955)<br>Thomas P. Brown (Cal. Bar No. 182916) | Counsel for Defendant<br>FOX RENT A CAR D/B/A PAYLESS RENT-A-CAR |
| Embarcadero Center West<br>275 Battery Street<br>Suite 2600<br>San Francisco, California 94111<br>Tel.: (415) 984-8700 | |
| Gerald A. Stein (*Pro hac vice*) | |
| Times Square Tower<br>Seven Times Square<br>New York, New York 10036<br>Tel.: (212) 326-2000 | |
| Counsel for Defendant<br>THE HERTZ CORPORATION | |

12

07cv2174 H BLM

ATTESTATION

I hereby attest that I have authorization for any signatures indicated by a "conformed" signature ("s/") within this efiled document.

      s/Michael L. Weiner
Michael L. Weiner (*Pro hac vice*)
Attorney for Defendant Avis Budget Group, Inc.
Email:  Michael.Weiner@skadden.com