1  Thadd A. Blizzard, State Bar No. 83297
   Michael A. Kvarme, State Bar No. 90749
2  W. Scott Cameron, State Bar No. 229828
   **weintraub** genshlea chediak
3  a law corporation
   400 Capitol Mall, 11th Floor
4  Sacramento, CA 95814
   (916) 558-6000 – Main
5  (916) 446-1611 – Facsimile

6  EDMUND G. BROWN JR.
   Attorney General of the State of California
7  W. DEAN FREEMAN
   FELIX E. LEATHERWOOD
8  Supervising Deputy Attorneys General
   RONALD N. ITO, State Bar No. 71322
9  DIANE SPENCER SHAW, State Bar No. 73970
   LISA W. CHAO, State Bar No. 198536
10 Deputy Attorneys General
   300 South Spring Street, Suite 1702
11 Los Angeles, CA 90013
   (213) 897-2477 – Main
12 (213) 897-5775 – Facsimile

13 Attorneys for Defendant
   The California Travel and Tourism Commission
14

15              UNITED STATES DISTRICT COURT

16              SOUTHERN DISTRICT OF CALIFORNIA

17 MICHAEL SHAMES; GARY GRAMKOW, on      ) Case No. 07 CV 2174 H BLM
   behalf of themselves and on behalf of all )
18 persons similarly situated,            ) [CLASS ACTION]
                                          )
19         Plaintiffs,                    )
                                          )
20    vs.                                 ) DEFENDANT CTTC'S MEMORANDUM OF
                                          ) POINTS AND AUTHORITIES IN SUPPORT
21 THE HERTZ CORPORATION, a Delaware     ) OF MOTION FOR ENTRY OF FINAL
   corporation; DOLLAR THRIFTY           ) JUDGMENT
22 AUTOMOTIVE GROUP, INC., a Delaware    )
   corporation; AVIS BUDGET GROUP, INC., a) [Fed. R. Civ. P. 54(b)]
23 Delaware corporation; VANGUARD CAR    )
   RENTAL USA, INC., an Oklahoma         )
24 corporation; ENTERPRISE RENT-A-CAR    ) Date:    September 22, 2008
   COMPANY, a Missouri corporation; FOX  ) Time:    10:30 a.m.
25 RENT A CAR, INC., a California corporation;) Place: Courtroom 13
   COAST LEASING CORP., a Texas          )
26 corporation; and THE CALIFORNIA TRAVEL) The Honorable Marilyn L. Huff
   AND TOURISM COMMISSION,               )
27                                        )
           Defendants.                    )
28 _____)

{10824/16392/WSC/1056660.DOC;}                        Defendant CTTC's Motion for
                                                       Entry of Final Judgment

I.  Introduction

On July 24, 2008, this Court entered its Order Granting CTTC's Motion to Dismiss the First Amended Complaint ("Order"). This Order disposes of all claims against CTTC. The only remaining claim in this putative class action (against the remaining defendants) is a claim based on Section 1 of the Sherman Act. The Court ruled in its Order that CTTC is immune from liability for an antitrust violation under the state action doctrine. Order, p. 15.

By way of this motion, CTTC respectfully requests that in view of this immunity applicable to CTTC and the fact that all claims against CTTC have been dismissed without leave to amend, the Court enter final judgment in CTTC's favor.

II.  Final Judgment Should Be Entered In Favor Of CTTC Because All Claims Against CTTC Have Been Dismissed And There Is No Just Reason For Delay.

Federal Rule of Civil Procedure 54(b) permits a court to enter final judgment where it has issued a ruling disposing of all claims against a party. Fed. R. Civ. P. 54(b). The Supreme Court has provided guidance on the steps a district court should follow in making a determination under Rule 54(b):

> A district court must first determine that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual [party] entered in the courts of a multiple [party] action.'

*Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7, 100 S.Ct. 1460, 1464 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436, 76, S.Ct. 895, 900 (1956)). The Court's Order in the present case clearly satisfies this requirement in that it dismisses, without granting leave to amend, all claims against CTTC. Order, p. 15.

"Once having found finality, the district court must go on to determine whether there is any just reason for delay." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. at 7, 100 S.Ct. at 1464-65. In making that determination, "a district court must take into account judicial administrative interests as well as the equities involved." *Id.* at 8, 100 S.Ct. at 1465. Factors proper for the district court's review include (1) "whether the claims [decided] were separable from the others remaining to be adjudicated," and (2) "whether the nature of the claims already

determined was such that no appellate court would have to decide the same issue more than once even if there were subsequent appeals." *Id.* Following *Curtiss-Wright*, the Ninth Circuit has held it is proper to enter final judgment where "the matters disposed of ... were sufficiently severable factually and legally from the remaining matters, and [the dismissal] completely extinguished liability" as to a party. *Continental Airlines Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987).

The matters disposed of in the Court's Order were CTTC's immunity and the Bagley-Keene Act claim. These matters are severable from the remaining antitrust claim against the Rental Car Defendants. Moreover, the dismissal with prejudice completely extinguished liability as to CTTC. The Court determined that CTTC was immune from antitrust liability under the state action immunity doctrine. Order, p. 15. CTTC's immunity has nothing to do with the antitrust claim remaining against the Rental Car Defendants. The Bagley-Keene Act claim, which had been brought only against CTTC, was also dismissed. Thus, the Bagley-Keene Act claim is separable from the sole remaining antitrust claim.

The second factor identified in *Curtiss-Wright* also favors entry of judgment for CTTC at this time. Judgment for CTTC now will not require an appellate court to decide the same issue twice. CTTC was granted immunity as a state agency acting pursuant to a clearly articulated state policy that foresaw anticompetitive conduct. No remaining defendant has this state agency attribute. This issue cannot reappear in any subsequent appeal relating to the action against the Rental Car Defendants.

Absent "sound reason to delay appellate resolution of the undisputed claims already adjudicated," it is proper for a district court to enter judgment pursuant to Rule 54(b). *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. at 8, 100 S.Ct. at 1465. As demonstrated above, there is no sound reason to delay entry of judgment for CTTC in this matter.

In addition, the equities clearly point toward establishing finality in this matter. CTTC is charged by statute to collect the tourism assessment and use these funds in promoting travel and tourism to California. The Court ruling clears the way for CTTC to continue to do so. However, until that Order is a final judgment, CTTC finds itself in the awkward position of being mandated

1  by statute to spend the money it receives from the assessment without finality on its ability to do
2  so. It is proper to enter judgment in favor of a party that has been terminated from an action by
3  reason of dismissal. *Bogosian v. Gulf Oil Co.*, 561 F.2d 434, 443 (3rd Cir. 1977). In
4  *Bogosian*, the district court granted summary judgment to 13 defendants in a complex antitrust
5  case, leaving two defendants awaiting trial. In ruling that the district court acted properly by
6  entering final judgment for the 13 dismissed defendants, the Court of Appeals noted that "a
7  decision on [the remaining] claim might take a number of years to reach, and, in the interim, the
8  defendants would bear the uncertainty arising from the fact that they may be forced to defend a
9  massive antitrust claim years in the future." *Id.* The danger is even more acute here, where the
10 case is still at the pleading stage, and class certification has not even begun.
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

III. Conclusion

For the foregoing reasons, CTTC respectfully requests the Court to enter final judgment in CTTC's favor, directing that plaintiffs take nothing from CTTC by way of their First Amended Complaint and that CTTC be awarded its costs incurred herein.

Dated: August 22, 2008

Respectfully submitted,

**WEINTRAUB GENSHLEA CHEDIAK**
Law Corporation

By: _____/s/ Thadd S. Blizzard_____
Thadd A. Blizzard
California State Bar No. 83297
Attorneys for Defendant The California
Travel and Tourism Commission

EDMUND G. BROWN JR., Attorney General
of the State of California
W. DEAN FREEMAN
FELIX E. LEATHERWOOD
Supervising Deputy Attorneys General
RONALD N. ITO
DIANE SPENCER SHAW
LISA W. CHAO
Deputy Attorneys General

By: _____/s/ Ronald N. Ito_____
Ronald N. Ito
California State Bar No. 71322
Attorneys for Defendant California
Travel and Tourism Commission