FOLGER LEVIN & KAHN LLP
Gregory D. Call (CSB No. 120483)
Beatrice B. Nguyen (CSB No. 172961)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

FOLGER LEVIN & KAHN LLP
Jennifer S. Romano (CSB No. 195953)
Michael Y. Kao (CSB No. 235263)
1900 Avenue of the Stars, 28th Floor
Los Angeles, CA 90067
Telephone: (310) 556-3700
Facsimile: (310) 556-3770

Attorneys for Defendant
ENTERPRISE RENT-A-CAR COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHAMES; GARY GRAMKOW, on behalf of themselves and on behalf of all persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE HERTZ CORPORATION, a Delaware corporation; DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., a Delaware corporation; AVIS BUDGET GROUP, INC., a Delaware corporation; VANGUARD CAR RENTAL USA, INC., an Oklahoma corporation; ENTERPRISE RENT-A-CAR COMPANY, a Missouri corporation; FOX RENT A CAR, INC., a California corporation; and COAST LEASING CORP., a Texas corporation, <br><br> Defendants. | Case No. 07CV 2174 H BLM <br><br> **DEFENDANT ENTERPRISE RENT-A-CAR COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant Enterprise Rent-A-Car Company ("Defendant"), by and through its undersigned counsel, hereby files its answer to the First Amended Complaint for Injunction, Money Damages and Declaratory Relief filed on May 1, 2008 (the "FAC"), admitting, denying or otherwise responding as follows:

1.   Defendant denies each and every allegation in Paragraph 1, except that it admits that the defendant rental car companies (the "Rental Car Defendants") operate at certain California airports and that the plaintiffs Michael Shames and Gary Gramkow (collectively, "Plaintiffs") purport to bring an action pursuant to 15 U.S.C. § 1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that "[t]he CTTC consistently describes itself as 'an industry-led public/private partnership.'"

2.   Defendant denies each and every allegation in Paragraph 2, except that it admits that Assembly Bill ("AB") 2592 permits the Rental Car Defendants to (i) separately state the Airport Concession Fee in their billings and (ii) pass on both the Airport Concession Fee and the tourism assessment to their customers.

3.   Defendant denies each and every allegation in Paragraph 3, except that it admits that one of its representatives executed the Memorandum of Agreement and that it participated in the Passenger Rental Car Industry Referendum Ballot, which are attached as Exhibits A and E to the FAC, respectively.

4.   Defendant denies each and every allegation in Paragraph 4.

5.   Defendant denies each and every allegation in Paragraph 5, except that it admits that it competes against the other Rental Car Defendants and that AB 2592 permits the Rental Car Defendants to separately state the Airport Concession Fee in their billings beginning in January 2007. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that "[n]ationwide, airport car rental rates declined in January 2007; in California they increased."

6.   Defendant denies each and every allegation in Paragraph 6, except that it admits that the California Legislature enacted AB 2592 to provide an additional funding source to the

///

California Travel and Tourism Commission, which is responsible for promoting California tourism.

7. Defendant denies each and every allegation in Paragraph 7, except that it admits that Plaintiffs purport to bring an action for damages and injunctive relief pursuant to 15 U.S.C. § 1.

## ANSWER TO ALLEGATIONS OF "JURISDICTION AND VENUE"

8. Defendant admits that Plaintiffs purport to invoke the jurisdiction of this Court under 15 U.S.C. §§ 15 and 26, and 28 U.S.C. §§ 1331 and 1337. Defendant denies that this action is appropriately maintained as a class action and that jurisdiction is proper under Rule 23 of the Federal Rules of Civil Procedure.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that there is diversity of citizenship and that the Court has jurisdiction over the parties under 28 U.S.C. § 1332(d)(2) and (6). With respect to the remaining allegations in Paragraph 9, Defendant denies each and every one of them.

10. No response to the allegations in Paragraph 10 is required in light of the Court's dismissal of Plaintiffs' state law claims on July 24, 2008. *See* Order: (1) Granting the CTTC's Motion to Dismiss the First Amended Complaint; and (2) Granting in Part and Denying in Part the Rental Car Defendants' Motion to Dismiss the First Amended Complaint, issued on July 24, 2008 (the "July 24, 2008 Order").

## ANSWER TO ALLEGATIONS OF "DEFINITIONS"

11. Paragraph 11, including its subparts, contains terms defined by Plaintiffs to which no response is required.

12. Defendant denies each and every allegation in Paragraph 12, except that it admits that Plaintiffs purport to bring a putative class action pursuant to Rules 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

/ / /

/ / /

/ / /

## ANSWER TO ALLEGATIONS OF
## "CLASS ALLEGATIONS AND REPRESENTATIVES"

13. Defendant denies each and every allegation in Paragraph 13, including its subparts, except that it admits that Plaintiffs purport to bring a putative class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, except that it admits that plaintiff Michael Shames rented a vehicle from Alamo on September 13, 2007.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, except that it admits that plaintiff Gary Gramkow rented a vehicle from Enterprise Rent-A-Car Company of San Francisco on July 24, 2007.

## ANSWER TO ALLEGATIONS OF "DEFENDANTS"

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Defendant denies each and every allegation in Paragraph 19, except that it admits that Vanguard Car Rental USA Inc. ("Vanguard") is a corporation organized and existing under the laws of Oklahoma with offices located at 6929 N. Lakewood Avenue, #100, Tulsa, OK 74112, that Vanguard operates the brands Alamo and National, and that Vanguard is licensed to do business in California.

20. Defendant denies each and every allegation in Paragraph 20, except that it admits that it is a privately-held corporation organized and existing under the laws of Missouri with its headquarters located at 600 Corporate Park Drive, St. Louis, MO 63105, that Enterprise Rent-A-Car Company of Los Angeles, Enterprise Rent-A-Car Company of Sacramento, and Enterprise

///

Rent-A-Car Company of San Francisco are its operating subsidiaries, and that its California operating subsidiaries are licensed to do business in California.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

**ANSWER TO ALLEGATIONS OF "TRADE AND COMMERCE"**

24. Defendant denies each and every allegation contained in Paragraph 24.

25. Defendant denies each and every allegation contained in Paragraph 25.

26. Defendant denies each and every allegation contained in Paragraph 26, except that it admits that its operating subsidiaries rent cars to customers at various locations within the United States.

27. Defendant denies each and every allegation contained in Paragraph 27, except that it admits that documents associated with the provision of rental car services by its California operating subsidiaries were transmitted in interstate commerce.

28. Defendant denies each and every allegation contained in Paragraph 28, except that it admits that its California operating subsidiaries used instrumentalities of interstate commerce to market their rental cars.

**ANSWER TO ALLEGATIONS OF**

**"CALIFORNIA TRAVEL AND TOURISM COMMISSION (CTTC)"**

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, except that it states that the statutes that created and govern the CTTC speak for themselves.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, except that it states that the statutes that created and govern the CTTC speak for themselves.

1    31.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, except that it states that the statutes that created and govern the CTTC speak for themselves.

4    32.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, except that it states that the statutes that created and govern the CTTC speak for themselves.

7    33.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, except that it states that the statutes that created and govern the CTTC speak for themselves.

10    34.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, except that it states that the statutes that created and govern the CTTC speak for themselves.

### ANSWER TO ALLEGATIONS OF
### "CALIFORNIA RENTAL CAR COMPANY BILLING PRACTICES"

15    35.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, except that it admits that rental car companies were not permitted to separately state the Airport Concession Fee in their billings during certain periods of time prior to the enactment of AB 2592.

19    36.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, except that it admits it lobbied for the passage of AB 2592 and states that AB 2592 and its legislative history speak for themselves.

22    37.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, except that it admits that AB 2592 permits the Rental Car Defendants to separately state the Airport Concession Fee in their billings beginning in January 2007.

26    38.    Defendant denies each and every allegation in Paragraph 38, except that it admits that AB 2592 permits the Rental Car Defendants to separately state the Airport Concession Fee in their billings beginning in January 2007 and states that AB 2592 speaks for itself.

39. Defendant denies and each every allegation in Paragraph 39, except that it admits that its representative provided comments on the draft of the Memorandum of Agreement (which is attached as Exhibit A to the FAC), that the CTTC held meetings related to the implementation of AB 2592, and that Defendant's representative participated in some of these meetings.

40. Defendant denies each and every allegation in Paragraph 40, except that it admits that its representative executed the Memorandum of Agreement and that it participated in the Passenger Rental Car Industry Referendum Ballot, which are attached as Exhibits A and E to the FAC, respectively. Defendant states that Plaintiffs have mischaracterized the documents referenced in Paragraph 40 and that those documents speak for themselves.

41. Defendant denies each and every allegation in Paragraph 41, except that it states that Plaintiffs have mischaracterized the documents referenced in Paragraph 41 and that those documents speak for themselves.

42. Defendant denies each and every allegation in Paragraph 42.

43. Defendant denies each and every allegation in Paragraph 43, except that it admits that it competes with the other Rental Car Defendants and that AB 2592 permits the Rental Car Defendants to separately state the Airport Concession Fee in their billings beginning in January 2007. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the average nationwide and California rental car rates.

44. Defendant denies each and every allegation in Paragraph 44.

45. Defendant denies each and every allegation in Paragraph 45, including its subparts.

46. Defendant denies each and every allegation in Paragraph 46.

47. Defendant denies each and every allegation in Paragraph 47.

48. Defendant denies each and every allegation in Paragraph 48.

**ANSWER TO ALLEGATIONS OF FIRST CAUSE OF ACTION**

49. Defendant repeats and realleges each and every response to Paragraphs 1-48 of the FAC with the same force and effect as if set forth herein at length.

50. Defendant denies each and every allegation in Paragraph 50.

51. Defendant denies each and every allegation in Paragraph 51, including its subparts.

52. Defendant denies each and every allegation in Paragraph 52.

53. Defendant denies each and every allegation in Paragraph 53.

54. Defendant denies each and every allegation in Paragraph 54.

55. Defendant denies each and every allegation in Paragraph 55.

### ANSWER TO ALLEGATIONS OF SECOND CAUSE OF ACTION

Dismissed pursuant to the July 24, 2008 Order

### ANSWER TO ALLEGATIONS OF THIRD CAUSE OF ACTION

Dismissed pursuant to the July 24, 2008 Order

### ANSWER TO ALLEGATIONS OF FOURTH CAUSE OF ACTION

Dismissed pursuant to the July 24, 2008 Order

### ANSWER TO "PRAYER"

In response to the Prayer, Defendant denies each and every allegation in the Prayer and further specifically denies that Plaintiffs are entitled to any of the relief described or to any remedy whatsoever against Defendant.

### GENERAL DENIAL

All allegations of the FAC not heretofore admitted or denied are here and now denied as though specifically denied herein.

### AFFIRMATIVE AND/OR ADDITIONAL DEFENSES

Without assuming any burden that it would otherwise not bear, and reserving its right to amend its Answer to assert other defenses as they may become known during discovery, Defendant asserts the following affirmative and/or additional defenses.

By setting forth any particular affirmative and/or additional defense below, Defendant does not thereby assume an affirmative burden as to that defense, but rather relies on applicable law governing which party has the burden of proof and what such burden is.

### FIRST DEFENSE

The FAC fails to state a claim upon which relief can be granted.

///

///

**SECOND DEFENSE**

Plaintiffs, and each and every member of the putative class, have not suffered and will not suffer antitrust injury as a result of Defendant's conduct, and therefore lack standing to assert the claims made in the FAC.

**THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because some members of the putative class are indirect purchasers who lack standing under the United States antitrust laws to pursue a claim against Defendant.

**FOURTH DEFENSE**

Defendant's conduct is protected by the state action doctrine, if applicable.

**FIFTH DEFENSE**

Defendant's conduct is protected by the *Noerr Pennington* doctrine.

**SIXTH DEFENSE**

The putative class defined by the FAC does not constitute an appropriate class to be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**SEVENTH DEFENSE**

Plaintiffs, and each and every member of the putative class, are barred from recovery, in whole or in part, because their alleged damages, if any, are speculative, uncertain, and not recoverable.

**EIGHTH DEFENSE**

If Plaintiffs and any member of the putative class have been injured or damaged, the fact and extent of such injury or damages being expressly denied by Defendant, Plaintiffs and each and every member of the putative class are barred from recovery, in whole or in part, by their failure to mitigate injury and damages.

**NINTH DEFENSE**

The FAC is barred, in whole or in part, because Plaintiffs, and each and every member of the putative class, have not suffered actual, cognizable injury or antitrust injury as a result of the conduct of which Plaintiffs complain.

### TENTH DEFENSE

The FAC is barred, in whole or in part, because the alleged injuries and damages were not legally or proximately caused by any act or omission of Defendant. The FAC also is barred because the alleged injuries and damages were not legally or proximately caused by any alleged conspiracy among the Rental Car Defendants.

### ELEVENTH DEFENSE

The FAC is barred, in whole or in part, because the alleged injuries and damages, the fact and extent of which are expressly denied by Defendant, were directly and proximately caused by, or contributed to, by the acts and/or omissions of or third persons or entities apart from Defendant.

### TWELFTH DEFENSE

The FAC is barred, in whole or in part, because any and all of Defendant's conduct has been reasonable, based on independent, legitimate business and economic justifications, and without any purpose or intent to injure competition.

### THIRTEENTH DEFENSE

The FAC is barred, in whole or in part, because Plaintiffs, and each and every member of the putative class, directly or indirectly authorized, consented to, acquiesced in or ratified some or all of the actions and omissions of which they complain.

### FOURTEENTH DEFENSE

Plaintiffs, and each and every member of the putative class, are barred from recovery, in whole or in part, by estoppel.

### FIFTEENTH DEFENSE

The claims for equitable relief in the FAC are barred because Plaintiffs, and each and every member of the putative class, have adequate remedies at law.

### SIXTEENTH DEFENSE

Any affirmative defenses pleaded by other defendants and not pleaded by Defendant are incorporated herein to the extent they do not conflict with Defendant's affirmative defenses.

## RESERVATION OF DEFENSES

Defendant reserves the right to assert additional defenses as discovery and analysis progresses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays to the Court as follows:

1. That the Complaint be dismissed with prejudice;
2. That judgment be entered in favor of Defendant;
3. That Defendant be awarded its costs in this action; and
4. That Defendant be awarded such other and further relief as the Court deems just and proper.

Dated: August 25, 2008                                FOLGER LEVIN & KAHN LLP


                                       /s/           *Gregory D. Call*
                                             Gregory D. Call
                                           Attorneys for Defendant
                                       ENTERPRISE RENT-A-CAR COMPANY

29055\6003\614455.1