1  MICHAEL F. TUBACH (Cal. Bar No. 145955)
   mtubach@omm.com
2  O'MELVENY & MYERS LLP
   Embarcadero Center West
3  275 Battery Street, 26th Floor
   San Francisco, California  94111
4  Telephone:    (415) 984-8700
   Facsimile:    (415) 984-8701
5
   RICHARD G. PARKER (Cal. Bar No. 62356)
6  rparker@omm.com
   O'MELVENY & MYERS LLP
7  1625 Eye Street, NW
   Washington, D.C.  20006
8  Telephone:    (202) 383-5300
   Facsimile:    (202) 383-5414
9
   GERALD A. STEIN (*pro hac vice*)
10 gstein@omm.com
   O'MELVENY & MYERS LLP
11 7 Times Square
   New York, New York  10036
12 Telephone:    (212) 326-2000
   Facsimile:    (212) 326-2061
13
   **Attorneys for Defendant**
14 **The Hertz Corporation**

15              **UNITED STATES DISTRICT COURT**

16            **SOUTHERN DISTRICT OF CALIFORNIA**

17

18 **MICHAEL SHAMES; GARY**               **Case No. 07-CV-2174 H (BLM)**
   **GRAMKOW, on behalf of themselves and**
19 **on behalf of all persons similarly situated,**   **ANSWER TO FIRST AMENDED**
                                          **COMPLAINT BY DEFENDANT**
20            **Plaintiffs,**             **THE HERTZ CORPORATION**

21      **v.**

22 **THE HERTZ CORPORATION, et al.,**

23            **Defendants.**

24

25      Defendant The Hertz Corporation ("Hertz") answers Plaintiffs' First Amended Complaint

26 ("FAC") as follows:

27      1.    Hertz admits that Plaintiffs purport to bring the claims stated in the First Amended

28 Complaint, but denies that Hertz is liable to Plaintiffs or that Plaintiffs are entitled to any relief

whatsoever, and alleges that it is without information or knowledge sufficient to form a belief as to the truth of the allegations regarding whether the CTTC "consistently describes itself as 'an industry-led public/private partnership.'" Except as otherwise admitted, Hertz denies each and every allegation in Paragraph 1.

2.    Paragraph 2 contains legal conclusions to which no response is required. Hertz denies that Paragraph 2 accurately or completely summarizes the relevant law. Hertz admits that AB 2592 permits rental car companies to (i) separately state the Airport Concession Fee in their billings; and (ii) pass on both the Airport Concession Fee and the tourism assessment to their customers. Except as otherwise admitted, Hertz denies each and every allegation in Paragraph 2.

3.    Paragraph 3 contains legal conclusions to which no response is required. Hertz denies the characterizations of the documents referenced in Paragraph 3, and refers to those documents for their contents. Except as otherwise admitted, Hertz denies each and every allegation in Paragraph 3.

4.    Paragraph 4 contains legal conclusions to which no response is required. Hertz denies that Paragraph 4 accurately or completely summarizes the relevant law. Hertz denies the characterizations of the documents referenced in Paragraph 4, and refers to those documents for their contents. Except as otherwise admitted, Hertz denies each and every allegation in Paragraph 4.

5.    Paragraph 5 contains legal conclusions to which no response is required. Hertz denies that Paragraph 5 accurately or completely summarizes the relevant law. Hertz admits that it competes against other rental car companies and that AB 2592 permits rental car companies to separately state the Airport concession Fee in their billings beginning in January 2007. Except as otherwise admitted, Hertz denies each and every allegation in Paragraph 5.

6.    Hertz alleges that it is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6 regarding any defendant other than Hertz, and on that basis denies each and every such allegation therein. Except as otherwise admitted, Hertz denies each and every allegation of Paragraph 6.

7.    Hertz admits that Plaintiffs purport to bring the claims and seek the relief as stated

- 2 -

HERTZ'S ANSWER TO THE
FIRST AMENDED COMPLAINT
CASE NO. 07-CV-2174 H (BLM)

1  in the First Amended Complaint, but denies that Hertz is liable to Plaintiffs or that Plaintiffs are

2  entitled to any relief whatsoever.  Except as otherwise admitted, Hertz denies each and every

3  allegation in Paragraph 7.

4          8.      Paragraph 8 contains legal conclusions to which no response is required.  Hertz

5  admits that Plaintiffs purport to bring the claims and seek the relief as stated in the First Amended

6  Complaint, but denies that Hertz is liable to Plaintiffs or that Plaintiffs are entitled to any relief

7  whatsoever.  Except as otherwise admitted, Hertz denies each and every allegation in

8  Paragraph 8.

9          9.      Paragraph 9 contains legal conclusions to which no response is required.  To the

10  extent that a response is required, Hertz states that the Court, in its order filed on July 24, 2008,

11  dismissed all of the state-law causes of action of the FAC, and so therefore this Court does not

12  have diversity jurisdiction over the surviving claims asserted.  Except as otherwise admitted,

13  Hertz denies each and every allegation in Paragraph 9.

14         10.      Paragraph 10 contains legal conclusions to which no response is required.  To the

15  extent that a response is required, Hertz states that the Court, in its order filed on July 24, 2008,

16  dismissed all of the state-law causes of action of the FAC.  Except as otherwise admitted, Hertz

17  denies each and every allegation in Paragraph 10.

18         11.      Hertz admits that it rents passenger cars to the public at California airports and

19  pays airport concession fees to certain airports within the State of California.  Hertz alleges that it

20  is without information or knowledge sufficient to form a belief as to the truth of the allegations

21  regarding defendants other than Hertz in Paragraph 11, and on that basis denies each and every

22  such allegation.  Hertz states that Paragraph 11 contains Plaintiffs' purported definitions of terms

23  used in the FAC.  Except as otherwise admitted, Hertz denies each and every allegation in

24  Paragraph 11, including all subparts.

25         12.      Hertz admits that Plaintiffs purport to bring a class action as described in

26  Paragraph 12, but denies that Hertz is liable to Plaintiffs or that Plaintiffs are entitled to any relief

27  whatsoever, or that this action may properly be maintained as a class action on behalf of the

28  purported class or otherwise.  Except as otherwise admitted, Hertz denies each and every

- 3 -

allegation in Paragraph 12.

13.    Hertz admits that Plaintiffs purport to bring a class action, but denies that this action may properly be maintained as a class action on behalf of the purported class or otherwise. Except as otherwise admitted, Hertz denies each and every allegation in Paragraph 13, including all subparts.

14.    Hertz denies the existence of a class and denies the existence of an "instant combination." Hertz alleges that it is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14, and on that basis denies each and every allegation therein.

15.    Hertz denies the existence of a class and denies the existence of an "instant combination." Hertz alleges that it is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15, and on that basis denies each and every allegation therein.

16.    Hertz avers that The Hertz Corporation is a wholly owned subsidiary of Hertz Investors, Inc., which is a wholly owned subsidiary of Hertz Global Holdings, Inc., and that there is no established public trading market for the common stock of Hertz. Hertz further avers that Hertz Investors, Inc., which is wholly owned by Hertz Global Holdings, Inc., owns all of the outstanding common stock of Hertz. Hertz further avers that Hertz Global Holdings, Inc. is a publicly traded stock listed on the New York Stock Exchange under the symbol HTZ. Hertz admits that The Hertz Corporation is a Delaware corporation licensed to do business and doing business throughout the State of California, including in San Diego, California, and that its corporate headquarters are located at 225 Brae Boulevard, Park Ridge, New Jersey 07656. Except as otherwise admitted, Hertz denies each and every allegation in Paragraph 16.

17.    Hertz alleges that it is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17, and on that basis denies each and every allegation therein.

18.    Hertz alleges that it is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18, and on that basis denies each and every

allegation therein.

19.    Hertz alleges that it is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19, and on that basis denies each and every allegation therein.

20.    Hertz alleges that it is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20, and on that basis denies each and every allegation therein.

21.    Hertz alleges that it is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21, and on that basis denies each and every allegation therein.

22.    Hertz alleges that it is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 22, and on that basis denies each and every allegation therein.

23.    Paragraph 23 contains legal conclusions to which no response is required.  Hertz alleges that it is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23, and on that basis denies each and every allegation therein.

24.    Hertz denies each and every allegation in Paragraph 24.

25.    Hertz denies each and every allegation in Paragraph 25.

26.    Hertz admits that it rents cars at facilities at various locations within the United States.  Hertz alleges that it is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 26 regarding the other defendants, and on that basis denies each and every such allegation.  Except as otherwise admitted, Hertz denies each and every allegation in Paragraph 26.

27.    Hertz admits that certain documents associated with its provision of car-rental services were transmitted in interstate commerce.  Hertz alleges that it is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 27 regarding the other defendants, and on that basis denies each and every such allegation.  Except as otherwise admitted, Hertz denies each and every allegation in Paragraph 27.

28.    Hertz admits that it has used instrumentalities of interstate commerce to market its rental cars.  Hertz alleges that it is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 28 regarding the other defendants, and on that basis denies each and every such allegation.  Except as otherwise admitted, Hertz denies each and every allegation in Paragraph 28.

29.    Paragraph 29 contains legal conclusions to which no response is required.  Hertz denies that Paragraph 29 accurately or completely summarizes the relevant law.  Except as otherwise admitted, Hertz denies each and every allegation in Paragraph 29.

30.    Paragraph 30 contains legal conclusions to which no response is required.  Hertz denies that Paragraph 30 accurately or completely summarizes the relevant law.  Hertz alleges that it is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30 regarding the other defendants, and on that basis denies each and every such allegation.  Hertz denies the characterizations of the documents referenced in Paragraph 30, and refers to those documents for their contents.  Except as otherwise admitted, Hertz denies each and every allegation in Paragraph 30.

31.    Paragraph 31 contains legal conclusions to which no response is required.  Hertz denies that Paragraph 31 accurately or completely summarizes the relevant law.  Hertz alleges that it is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 31 regarding the other defendants, and on that basis denies each and every such allegation.  Except as otherwise admitted, Hertz denies each and every allegation in Paragraph 31.

32.    Paragraph 32 contains legal conclusions to which no response is required.  Hertz denies that Paragraph 32 accurately or completely summarizes the relevant law.  Hertz alleges that it is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 32 regarding the other defendants, and on that basis denies each and every such allegation.  Except as otherwise admitted, Hertz denies each and every allegation in Paragraph 32.

33.    Paragraph 33 contains legal conclusions to which no response is required.  Hertz

1    denies that Paragraph 33 accurately or completely summarizes the relevant law.  Hertz alleges

2    that it is without information or knowledge sufficient to form a belief as to the truth of the

3    allegations in Paragraph 33 regarding the other defendants, and on that basis denies each and

4    every such allegation.  Except as otherwise admitted, Hertz denies each and every allegation in

5    Paragraph 33.

6        34.    Paragraph 34 contains legal conclusions to which no response is required.  Hertz

7    denies that Paragraph 34 accurately or completely summarizes the relevant law.  Hertz alleges

8    that it is without information or knowledge sufficient to form a belief as to the truth of the

9    allegations in Paragraph 34 regarding the other defendants, and on that basis denies each and

10    every such allegation.  Except as otherwise admitted, Hertz denies each and every allegation in

11    Paragraph 34.

12        35.    Paragraph 35 contains legal conclusions to which no response is required.  Hertz

13    denies that Paragraph 35 accurately or completely summarizes the relevant law.  Hertz alleges

14    that it is without information or knowledge sufficient to form a belief as to the truth of the

15    allegations in Paragraph 35 regarding the other defendants, and on that basis denies each and

16    every such allegation.  Except as otherwise admitted, Hertz denies each and every allegation in

17    Paragraph 35.

18        36.    Paragraph 36 contains legal conclusions to which no response is required.  Hertz

19    denies that Paragraph 36 accurately or completely summarizes the relevant law.  Hertz alleges

20    that it is without information or knowledge sufficient to form a belief as to the truth of the

21    allegations in Paragraph 36 regarding the other defendants, and on that basis denies each and

22    every such allegation.  Except as otherwise admitted, Hertz denies each and every allegation in

23    Paragraph 36.

24        37.    Paragraph 37 contains legal conclusions to which no response is required.  Hertz

25    denies that Paragraph 37 accurately or completely summarizes the relevant law.  Hertz alleges

26    that it is without information or knowledge sufficient to form a belief as to the truth of the

27    allegations in Paragraph 37 regarding the other defendants, and on that basis denies each and

28    every such allegation.  Except as otherwise admitted, Hertz denies each and every allegation in

1   Paragraph 37.

2        38.     Paragraph 38 contains legal conclusions to which no response is required.  Hertz

3   denies that Paragraph 38 accurately or completely summarizes the relevant law.  Hertz alleges

4   that it is without information or knowledge sufficient to form a belief as to the truth of the

5   allegations in Paragraph 38 regarding the other defendants, and on that basis denies each and

6   every such allegation.  Except as otherwise admitted, Hertz denies each and every allegation in

7   Paragraph 38.

8        39.     Hertz admits that its employee, Richard Broome, attended certain meetings that

9   were also attended by the CTTC.  Hertz alleges that it is without information or knowledge

10  sufficient to form a belief as to the truth of the allegations in Paragraph 39 regarding the other

11  defendants, and on that basis denies each and every such allegation.  Hertz denies the

12  characterizations of the documents referenced in Paragraph 39, and refers to those documents for

13  their contents.  Except as otherwise admitted, Hertz denies each and every allegation in

14  Paragraph 39.

15       40.     Hertz alleges that it is without information or knowledge sufficient to form a belief

16  as to the truth of the allegations in Paragraph 40 regarding the other defendants, and on that basis

17  denies each and every such allegation.  Hertz denies the characterizations of the documents

18  referenced in Paragraph 40, and refers to those documents for their contents.  Except as otherwise

19  admitted, Hertz denies each and every allegation in Paragraph 40.

20       41.     Hertz alleges that it is without information or knowledge sufficient to form a belief

21  as to the truth of the allegations in Paragraph 41 regarding the other defendants, and on that basis

22  denies each and every such allegation.  Hertz denies the characterizations of the documents

23  referenced in Paragraph 41, and refers to those documents for their contents.  Except as otherwise

24  admitted, Hertz denies each and every allegation in Paragraph 41.

25       42.     Hertz denies each and every allegation in Paragraph 42.

26       43.     Hertz admits that the California legislature passed Assembly Bill 2592, which

27  generally authorizes the unbundling of the Airport Concession Fee from the base rate, allowing it

28  to be separately listed on bills to consumers.  Hertz denies that Plaintiffs have accurately or

HERTZ'S ANSWER TO THE
FIRST AMENDED COMPLAINT
CASE NO. 07-CV-2174 H (BLM)

1    completely described AB 2592.  Hertz alleges that it is without information or knowledge

2    sufficient to form a belief as to the truth of the allegations in Paragraph 43 regarding the other

3    defendants, and on that basis denies each and every such allegation.  Except as otherwise

4    admitted, Hertz denies each and every allegation in Paragraph 43.

5           44.    Hertz alleges that it is without information or knowledge sufficient to form a belief

6    as to the truth of the allegations in Paragraph 44 regarding the other defendants, and on that basis

7    denies each and every such allegation.  Hertz avers that the Court has determined that "the CTTC

8    was a state agency."  (*See* Order dated July 24, 2008.)  Except as otherwise admitted, Hertz

9    denies each and every allegation in Paragraph 44.

10           45.    Hertz alleges that it is without information or knowledge sufficient to form a belief

11    as to the truth of the allegations in Paragraph 45 regarding the other defendants, and on that basis

12    denies each and every such allegation.  Except as otherwise admitted, Hertz denies each and

13    every allegation in Paragraph 45, including all subparts.

14           46.    Hertz alleges that it is without information or knowledge sufficient to form a belief

15    as to the truth of the allegations in Paragraph 46 regarding Plaintiffs and purported, unnamed

16    class members, and on that basis denies each and every such allegation.  Except as otherwise

17    admitted, Hertz denies each and every allegation in Paragraph 46.

18           47.    Hertz denies each and every allegation in Paragraph 47.

19           48.    Hertz denies each and every allegation in Paragraph 48.

20    **FIRST CAUSE OF ACTION**

21    **(Sherman Act Price Fixing Violations (15 U.S.C. § 1))**

22           49.    Hertz realleges and incorporates herein each and every response to Paragraphs 1

23    through 48 as if fully set forth herein.

24           50.    Hertz alleges that it is without information or knowledge sufficient to form a belief

25    as to the truth of the allegations in Paragraph 50 regarding the other defendants, and on that basis

26    denies each and every such allegation.  Paragraph 50 contains legal conclusions to which no

27    response is required.  Except as otherwise admitted, Hertz denies each and every allegation in

28    Paragraph 50.

HERTZ'S ANSWER TO THE
FIRST AMENDED COMPLAINT
CASE NO. 07-CV-2174 H (BLM)

51.     Hertz alleges that it is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 51 regarding the other defendants, and on that basis denies each and every such allegation.  Paragraph 51 contains legal conclusions to which no response is required.  Except as otherwise admitted, Hertz denies each and every allegation in Paragraph 51, including all subparts.

52.     Hertz alleges that it is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 52 regarding the other defendants, and on that basis denies each and every such allegation.  Paragraph 52 contains legal conclusions to which no response is required.  Except as otherwise admitted, Hertz denies each and every allegation in Paragraph 52.

53.     Hertz alleges that it is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 53 regarding the other defendants, and on that basis denies each and every such allegation.  Except as otherwise admitted, Hertz denies each and every allegation in Paragraph 53.

54.     Paragraph 54 contains legal conclusions to which no response is required.  Hertz alleges that it is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 54 regarding the other defendants, and on that basis denies each and every such allegation.  Except as otherwise admitted, Hertz denies each and every allegation in Paragraph 54.

55.     Hertz denies each and every allegation in Paragraph 55, and further denies that it is liable to Plaintiffs or that Plaintiffs are entitled to any relief whatsoever.

**SECOND, THIRD, AND FOURTH CAUSES OF ACTION**

Pursuant to the Court's order dated July 24, 2008, the Second, Third and Fourth causes of action have been dismissed from the litigation.  Accordingly, no response to the allegations of these causes of action is required.  To the extent a response is required, and the allegations relate to entities other than Hertz, Hertz alleges that it is without information or knowledge sufficient to form a belief as to the truth of such allegations in Paragraphs 56 through 84, including all subparts, and on that basis denies each and every such allegation.  To the extent a response is

1    required and the allegations relate to Hertz, Hertz denies each and every such allegation in

2    Paragraphs 56 through 84, including all subparts.

3    **PRAYER**

4         Plaintiffs' "Prayer" contains legal conclusions to which no response is required.  To the

5    extent that any response is required, Hertz denies that it is liable to Plaintiffs or that Plaintiffs are

6    entitled to any relief whatsoever, and denies each and every allegation of the FAC's Prayer for

7    Relief.

8    **DEFENSES**

9         Hertz does not agree or concede that it has the burden of proof on any issues raised in any

10   of the following defenses.

11   FIRST DEFENSE

12        56.    The first cause of action fails to state a claim upon which relief can be granted.

13   SECOND DEFENSE

14        57.    Plaintiffs and members of the putative class lack standing to assert the claims

15   made in the FAC.

16   THIRD DEFENSE

17        58.    Plaintiffs have not suffered antitrust injury as a result of their claims.

18   FOURTH DEFENSE

19        59.    Plaintiffs' claims are barred because Plaintiffs directly or indirectly authorized,

20   consented to, acquiesced in, or ratified some or all of the actions and omissions of which they

21   complain.

22   FIFTH DEFENSE

23        60.    Plaintiffs and members of the purported class are barred from recovery, in whole

24   or in part, by the doctrines of waiver, estoppel and laches.

25   SIXTH DEFENSE

26        61.    The action cannot be maintained as a class action under one or more of the

27   requirements of Fed. R. Civ. P. 23.

28

SEVENTH DEFENSE

62.    Some members of the putative class, as defined in the FAC, are indirect purchasers who lack standing under the United States antitrust laws to pursue a claim against the car rental defendants.

EIGHTH DEFENSE

63.    Plaintiffs' claims are barred by the state-action doctrine.

NINTH DEFENSE

64.    All of Hertz's actions, as alleged in the FAC, were the result of lawful, pro-competitive, independent conduct carried out in furtherance of Hertz's legitimate business interests.

TENTH DEFENSE

65.    Plaintiffs' alleged injuries were not caused by Hertz's alleged conduct.

ELVENTH DEFENSE

66.    Plaintiffs' alleged injuries were not caused by the alleged conduct of any of the defendants or by any of the alleged conduct of the alleged conspiracy.

TWELFTH DEFENSE

67.    Plaintiffs have failed to disaggregate antitrust damages attributable to each of the alleged anti-competitive acts.

THIRTEENTH DEFENSE

68.    Plaintiffs' claims are barred, in whole or in part, as a result of Plaintiffs' failure to join necessary and indispensable parties that engaged in the alleged anti-competitive acts and thereby caused any alleged harm to Plaintiffs.

FOURTEENTH DEFENSE

69.    Plaintiffs breached their duty to mitigate damages and may not recover for avoidable losses.

FIFTEENTH DEFENSE

70.    The claims for equitable relief asserted in the FAC are barred, in whole or in part, because Plaintiffs have complete and adequate remedies at law.

1

SIXTEENTH DEFENSE

2    71.    Plaintiffs' claims are barred by the *Noerr/Pennington* doctrine.

3

SEVENTEENTH DEFENSE

4    72.    Hertz adopts by reference any applicable defense pleaded by any other Defendant

5 not expressly set forth herein.

6

EIGHTEENTH DEFENSE

7    73.    Hertz expressly reserve the right to plead additional affirmative and other defenses

8 should any such defenses be revealed by any discovery in this case.

9    WHEREFORE, Hertz prays for judgment as follows:

10    (A)    That Plaintiffs' FAC be dismissed with prejudice;

11    (B)    That judgment be entered in favor of Hertz;

12    (C)    That Hertz be awarded its costs and disbursements in this action, including their

13 reasonable attorneys' fees and whatever further costs and fees the Court deems just or

14 appropriate; and

15    (D)    That Hertz be awarded such other and further relief as the Court deems just and

16 proper.

17

18

19

20

21

22

23

24

25

26

27

28

- 13 -

1     Dated: August 25, 2008            By: /s/ Gerald A. Stein

2                                  Gerald A. Stein (*Pro Hac Vice*)
                                 gstein@omm.com

3                              O'MELVENY & MYERS LLP
                             Times Square Tower

4                              7 Times Square
                             New York, New York  10036

5                              Telephone:      (212) 326-2000
                             Facsimile:       (212) 326-2061

6

7                              MICHAEL F. TUBACH (Cal. Bar No. 145955)
                             mtubach@omm.com

8                              O'MELVENY & MYERS LLP
                             Embarcadero Center West

9                              275 Battery Street, 26th Floor
                             San Francisco, California  94111

10                           Telephone:      (415) 984-8700
                          Facsimile:       (415) 984-8701

11                           RICHARD G. PARKER (Cal. Bar No. 62356)
                          rparker@omm.com

12                           O'MELVENY & MYERS LLP
                          1625 Eye Street, NW

13                           Washington, D.C.  20006
                          Telephone:      (202) 383-5300

14                           Facsimile:       (202) 383-5414

15                           Counsel for Defendant
                          THE HERTZ CORPORATION

16

17

18

19

20

21

22

23

24

25

26

27

28

HERTZ'S ANSWER TO THE
FIRST AMENDED COMPLAINT
CASE NO. 07-CV-2174 H (BLM)