T. Patrick Long, Esq. (Bar #182394)
tplong@lw-d.com
LONG WILLIAMSON & DELIS
400 N. Tustin Ave., Suite 370
Santa Ana, CA 92705
(714) 668-1400/fax (714) 668-1411

Attorneys for Defendant, COAST LEASING CORP. dba ADVANTAGE RENT-A-CAR

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHAMES; GARY GRAMKOW, on behalf of themselves and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE HERTZ CORPORATION, a Delaware corporation; DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., a Delaware corporation; AVIS BUDGET GROUP, INC., a Delaware corporation; VANGUARD CAR RENTAL USA, INC., an Oklahoma corporation; ENTERPRISE RENT-A-CAR COMPANY, a Missouri corporation; FOX RENT A CAR, INC., a California corporation; COAST LEASING CORP., a Texas corporation; THE CALIFORNIA TRAVEL AND TOURISM COMMISSION and CAROLINE BETETA,<br><br>Defendants. | CASE NO. 07 CV 2174 H (BLM)<br>[Class Action]<br><br>**ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT OF DEFENDANT, COAST LEASING CORP. DBA ADVANTAGE RENT-A-CAR** |

Defendant Coast Leasing Corp. dba Advantage Rent-A-Car ("ARAC") answers the First Amended Complaint (the "FAC") filed by plaintiffs Michael Shames and Gary Gramkow ("Plaintiffs") as follows:

1

## ANSWER

1. ARAC admits this is an action by consumers and that ARAC operates at certain California airports. ARAC denies that it has engaged in any conspiracy, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1.

2. Paragraph 2 of the FAC contains legal conclusions to which no response is required and that the referenced statute speaks for itself. All factual allegations contained within this paragraph are denied.

3. ARAC denies the allegations in paragraph 3.

4. ARAC denies the allegations in paragraph 4.

5. ARAC denies the allegations of paragraph 5, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Rental Car Defendants and as to the nationwide airport car-rental rates.

6. ARAC denies the allegations of paragraph 6.

7. ARAC admits that plaintiffs seek injunctive relief, damages and attorneys' fees. ARAC denies that plaintiffs are entitled to such relief and denies all remaining allegations of paragraph 7.

8. ARAC admits the FAC seeks recovery of damages pursuant to the Clayton Act and Sherman Act. ARAC admits the FAC alleges jurisdiction based on 28 U.S.C. 1337. ARAC denies the remaining allegations of paragraph 8.

9. ARAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. The Court, in its order of July 24, 2008 dismissed all of the state law causes of action and therefore no responsive pleading is required to paragraph 10.

11. ARAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. ARAC admits that plaintiffs bring this suit alleging class action status and deny all other allegations in paragraph 12.

13. ARAC denies the allegations in paragraph 13.

14. ARAC denies that a class exists and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14.

15. ARAC denies that a class exists and lacks knowledge or information sufficient to form a belief at to the truth of the remaining allegations in paragraph 15.

16. ARAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. ARAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. ARAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. ARAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20. ARAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21. ARAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22. Coast Leasing Corp. dba Advantage Rent-A-Car is a California corporation and only has car rental facilities in Southern California. ARAC admits the remaining allegations of paragraph 22.

23. ARAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24. Paragraph 24 states a legal conclusion, to which no responsive pleading is required. To the extent paragraph 24 contains factual allegations, they are denied.

25. Paragraph 25 states a legal conclusion, to which no responsive pleading is required. To the extent paragraph 25 contains factual allegations, they are denied.

26. ARAC admits that it has contracted to rent and rented cars to customers located throughout the United States, lacks knowledge or information sufficient to form a belief as to

the truth of the allegations concerning the other Rental Car Defendants, and denies the remaining allegations in paragraph 26.

27. ARAC admits that certain documents pertaining to car rental agreements have been transmitted between ARAC and its customers in the United States, and denies the remaining allegations of paragraph 27.

28. ARAC admits that it contracted to rent cars in the United States during the times mentioned in the FAC and denies the remaining allegations in paragraph 28.

29. ARAC answers that the statutes referenced speak for themselves. ARAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. ARAC answers that the statutes referenced speak for themselves. ARAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31. ARAC answers that the statutes referenced speak for themselves. ARAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32. ARAC answers that the statutes referenced speak for themselves. ARAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33. ARAC answers that the statutes referenced speak for themselves. ARAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34. ARAC answers that the statutes referenced speak for themselves. ARAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35. ARAC answers that the statutes referenced speak for themselves. ARAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36. ARAC answers that the statutes referenced speak for themselves. ARAC states that the referenced legislation speaks for itself, and ARAC otherwise denies the allegations of paragraph 36.

37. ARAC answers that the statutes referenced speak for themselves. ARAC states that the referenced legislation speaks for itself, and ARAC otherwise denies the allegations of paragraph 37.

38. ARAC answers that the statutes referenced speak for themselves. ARAC states that the referenced legislation speaks for itself, and ARAC otherwise denies the allegations of paragraph 38.

39. ARAC admits that the CTTC hosted meetings, denies the remaining allegations of paragraph 39 as to it, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations concerning the other Rental Car Defendants.

40. ARAC admits it signed the Memorandum of Agreement, and denies the remaining allegations of paragraph 40 as to it, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations concerning the other Rental Car Defendants.

41. ARAC answers that the referenced documents speak for themselves, and denies the remaining allegations as to it, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations concerning the other Rental Car Defendants.

42. ARAC denies the allegations of paragraph 42.

43. ARAC states that the referenced legislation speaks for itself, and admits that base rental rates vary. ARAC denies the remaining allegations of paragraph 43 and lacks knowledge or information sufficient to form a belief as to the average nationwide rental car price.

44. ARAC denies the allegations of paragraph 44, which include legal conclusions that require no answer and reference legislation that speaks for itself.

45. ARAC denies the allegations of paragraph 45.

46. ARAC denies the allegations of paragraph 46.

5

07cv2174

47. ARAC denies the allegations of paragraph 47.

48. ARAC denies the allegations of paragraph 48.

### First Cause of Action

49. ARAC admits that paragraph 49 purports to incorporate each allegation in paragraphs 1 thorough 48 of the FAC, and ARAC incorporates its responses to paragraphs 1 through 48.

50. ARAC denies the allegations of paragraph 50.

51. ARAC denies the allegations of paragraph 51.

52. ARAC denies the allegations of paragraph 52.

53. ARAC denies the allegations of paragraph 53.

54. ARAC denies the allegations of paragraph 54.

55. ARAC denies the allegations of paragraph 55.

### Second, Third and Fourth Causes of Action

56. Pursuant to the Court's order dated July 24, 2008, the second, third and fourth causes of action have been dismissed and therefore no response to those paragraphs is required.

### AFFIRMATIVE DEFENSES

57. ARAC asserts the following defenses without assuming the burden of proof as to any issue that otherwise would rest upon plaintiffs.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

58. The FAC and its allegations fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

59. Plaintiffs and the putative class lack standing to assert the claims made in the FAC, and have not suffered antitrust injury as a result of their claims.

///

///

07cv2174

## THIRD AFFIRMATIVE DEFENSE
### (Inappropriate Class)

60. The putative class identified by the Plaintiffs is not an appropriate class to be certified under Rule 23 of the Federal Rules of Civil.

## FOURTH AFFIRMATIVE DEFENSE
### (State Action Doctrine)

61. Plaintiffs' claims are barred by the state-action doctrine which immunizes ARAC from liability.

## FIFTH AFFIRMATIVE DEFENSE
### (*Noerr/Pennington* Doctrine)

62. Plaintiffs' claims are barred by the *Noerr/Pennington* doctrine, which immunizes ARAC from liability.

## SIXTH AFFIRMATIVE DEFENSE
### (*IllinoisBrick* Doctrine)

63. Plaintiffs' claims are barred by the *Illinois Brick* doctrine, which prohibits antitrust recovery by indirect purchasers.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Conspiracy)

64. Plaintiffs' injuries, if any, were not caused by any alleged conspiracy.

## EIGHTH AFFIRMATIVE DEFENSE
### (Legitimate Business Conduct)

65. Plaintiffs' claims are barred in whole or in part, because ARAC's actions were lawful, constituted legitimate business competition, and were conducted in furtherance of ARAC's legitimate business interests.

## NINTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

66. Plaintiffs' claims are precluded in whole or in part by reason of Plaintiffs' unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

67. Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Consent)**

68. Plaintiffs' claims are barred because Plaintiffs directly or indirectly authorized, consented to, acquiesced in, or ratified some or all of the actions and omissions of which they complain.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Speculative Damages/Failure to Mitigate)**

69. Plaintiffs are barred from recovery, in whole or in part, because their alleged damages are speculative and uncertain. To the extent Plaintiffs or any members of the putative class have been damaged, if at all, they are barred from recovery by their failure to mitigate damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Causation)**

70. Plaintiffs' claims are barred in whole or in part because their alleged injuries were not caused by any conduct of ARAC.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Proximate Cause)**

71. Plaintiffs' claims are barred in whole or in part because their alleged injuries were not legally or proximately caused by any act or omission of ARAC.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Equitable Relief)**

72. Plaintiffs' claims for equitable relief are barred, in whole or in part, because they have complete and adequate remedies at law.

///

///

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

73. ARAC reserves the right to assert additional defenses that might be revealed by further legal analysis, investigation or discovery.

WHEREFORE, ARAC prays that:

A. Plaintiffs take nothing by reason of their FAC;

B. Plaintiffs' FAC be dismissed with prejudice;

C. ARAC recover its costs of suit; and

D. ARAC be awarded such further relief as the Court deems just and proper.

DATED: August 25, 2008                LONG WILLIAMSON & DELIS

/s/T. Patrick Long
Attorneys for Defendant, COAST LEASING CORP. dba ADVANTAGE RENT-A-CAR
E-mail: tplong@lw-d.com

## PROOF OF SERVICE

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen and not a party to the within action. I am employed in the County of Orange, State of California. My business address is 400 N. Tustin Ave., Suite 370, Santa Ana, California 92705.

On 8/25/08, I served the foregoing document described as **ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** on all interested parties in this action as follows: **SEE ATTACHED SERVICE LIST**

(X)    **BY CM/ECF** for parties that are CM/ECF participants. Service is being made electronically on those parties on the attached list that are registered users of the Court's Electronic Case Filing System.

(X)    **BY U.S. MAIL** for parties that are not CM/ECF participants. I caused such envelope to be deposited in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

(X)    (FEDERAL) I declare under penalty of perjury that the foregoing is true and correct.

Executed on 8/25/08 at Santa Ana, California.

*Brenda Rowland*
BRENDA ROWLAND

*MICHAEL SHAMES; GARY GRAMKOW,, on behalf of themselves and on behalf of all persons similarly situated*

vs.

*THE HERTZ CORPORATION, et al.*
Case No. 07cv2174 H (BLM)

## SERVICE LIST

**Service by Electronic Case Filing System:**

Donald G. Rez, Esq.
SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation
550 W. C St., Suite 1500
San Diego, CA 92101
ATTORNEYS FOR PLAINTIFFS

Dennis Stewart, Esq.
Jennifer A. Kagan, Esq.
HULETT HARPER STEWART LLP
550 W. C St., Suite 600
San Diego, CA 92101
ATTORNEYS FOR PLAINTIFFS

Charles L. Post, Esq.
Thadd A. Blizzard, Esq.
Michael Kvarme, Esq.
WEINTRAUB GENSHLEA CHEDIAK
400 Capitol Mall, 11th Floor
Sacramento, CA 95814
ATTORNEYS FOR DEFENDANT, THE CALIFORNIA TRAVEL AND TOURISM COMMISSION

Michael L. Weiner, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
ATTORNEYS FOR DEFENDANT, AVIS BUDGET

Sara L. Bensley, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005-2111
ATTORNEYS FOR DEFENDANT, AVIS BUDGET

**Service by Electronic Case Filing System:**

Douglas B. Adler, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 S. Grand Ave., Suite 3400
Los Angeles, CA 90071-3144
ATTORNEYS FOR DEFENDANT, AVIS BUDGET

Gregory D. Call, Esq.
FOLGER LEVIN & KAHN LLP
Embarcadero Center West
275 Battery St., 23rd Flr.
San Francisco, CA 94111
ATTORNEYS FOR DEFENDANTS, ENTERPRISE RENT-A-CAR AND VANGUARD CAR RENTAL USA, INC.

Jennifer S. Romano, Esq.
FOLGER LEVIN & KAHN LLP
1900 Avenue of the Stars, 28th Flr.
Los Angeles, CA 90067
ATTORNEYS FOR DEFENDANTS, ENTERPRISE RENT-A-CAR AND VANGUARD CAR RENTAL USA, INC.

Jeffrey A. LeVee, Esq.
JONES DAY
555 S. Flower St., 50th Flr.
Los Angeles, CA 90071
ATTORNEYS FOR DEFENDANT, DOLLAR THRIFTY AUTOMOTIVE GROUP, INC.

John H. Stephens, Esq.
WERTZ McDADE WALLACE MOOT & BROWER
945 Fourth Ave.
San Diego, CA 92101
ATTORNEYS FOR DEFENDANT, FOX RENT-A-CAR D/B/A/ PAYLESS RENT-A-CAR

Richard G. Parker, Esq.
O'MELVENY & MYERS LLP
1625 Eye St., NW
Washington, D.C. 20006
ATTORNEYS FOR DEFENDANT, HERTZ CORPORATION

**Service by Electronic Case Filing System:**

Michael F. Tubach, Esq.
Thomas P. Brown, Esq.
O'MELVENY & MYERS LLP
Embarcadero Center West
275 Battery St., Suite 2600
San Francisco, CA 94111
ATTORNEYS FOR DEFENDANT, HERTZ CORPORATION

Gerald A. Stein, Esq.
O'MELVENY & MYERS LLP
Times Square Tower
Seven Times Square
New York, NY 10036
ATTORNEYS FOR DEFENDANT, HERTZ CORPORATION

EDMUND G. BROWN, JR.
Attorney General of the State of California
W. DEAN FREEMAN
FELIX E. LEATHERWOOD
Supervising Deputy Attorneys General
RONALD N. ITO
DIANE SPENCER SHAW
LISA W. CHAO
Deputy Attorneys General
300 S. Spring St., Room 1702
Los Angeles, CA 90013
Attorneys for Defendants, CAROLINE BETETA and THE CALIFORNIA TRAVEL AND TOURISM COMMISSION

**Service by First Class Mail, Postage Prepaid:**

Robert C. Fellmeth, Esq.
CENTER FOR PUBLIC INTEREST LAW
University of San Diego School of Law
5998 Alcala Park
San Diego, CA 92110
ATTORNEYS FOR PLAINTIFFS