Michael L. Weiner (*Pro hac vice*)
SKADDEN ARPS SLATE MEAGHER &
    FLOM LLP
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000

Douglas B. Adler (Cal. Bar No. 130749)
SKADDEN ARPS SLATE MEAGHER &
    FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000

Sara L. Bensley (*Pro hac vice*)
SKADDEN ARPS SLATE MEAGHER &
    FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005-2111
Telephone: (202) 371-7000

Attorneys for Defendant
AVIS BUDGET GROUP, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL SHAMES; GARY GRAMKOW**, on behalf of themselves and on behalf of all persons similarly situated, <br><br>          **Plaintiffs,** <br><br> v. <br><br> **THE HERTZ CORPORATION**, a Delaware corporation; **DOLLAR THRIFTY AUTOMOTIVE GROUP, INC.**, a Delaware corporation; **AVIS BUDGET GROUP, INC.**, a Delaware corporation; **VANGUARD CAR RENTAL USA, INC.**, an Oklahoma corporation; **ENTERPRISE RENT-A-CAR COMPANY**, a Missouri corporation; **FOX RENT A CAR, INC.**, a California corporation; **COAST LEASING CORP.**, a Texas corporation; **THE CALIFORNIA TRAVEL AND TOURISM COMMISSION** <br><br>          **Defendants.** | Case No. 07 CV 2174 H BLM <br><br> [Class Action] <br><br> **ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANT AVIS BUDGET GROUP, INC.** |

Defendant Avis Budget Group, Inc. ("ABG"), through its undersigned counsel, for its Answer to the First Amended Complaint, dated May 1, 2008 (the "FAC"), responds as follows to the allegations of the FAC, and avers generally that the responses contained herein are with respect to the allegations of the FAC directed to ABG only as it is not required to respond to allegations put forth against any other defendant:

1.  ABG admits that this is an action by consumers and that ABG operates at certain California airports. ABG denies that ABG has engaged in any conspiracy, and denies the remaining allegations of paragraph 1 of the FAC.

2.  Paragraph 2 of the FAC contains legal conclusions to which no response is required, and ABG further states that the referenced legislation speaks for itself. To the extent that paragraph 2 contains allegations, they are denied.

3.  ABG denies the allegations of paragraph 3 of the FAC.

4.  ABG denies the allegations of paragraph 4 of the FAC.

5.  ABG denies the allegations of paragraph 5 of the FAC.

6.  ABG denies the allegations of paragraph 6 of the FAC.

7.  ABG admits that plaintiffs purport to bring this action for injunctive relief, damages and attorneys' fees. ABG denies that plaintiffs are entitled to injunctive relief, damages and attorneys' fees, and denies the remaining allegations of paragraph 7 of the FAC.

8.  Paragraph 8 of the FAC states legal conclusions to which no response is required. To the extent that paragraph 8 contains allegations, ABG admits that plaintiffs purport to bring their claims under the Clayton Act and Sherman Act and purport to base jurisdiction on 28 U.S.C. § 1337, and ABG denies the remaining allegations of paragraph 8.

9.  Paragraph 9 of the FAC states legal conclusions to which no response is required. To the extent that paragraph 9 contains allegations, ABG lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies the allegations of paragraph 9.

10. The Court, in its order filed on July 24, 2008, dismissed all of the state-law causes of action and therefore no responsive pleading is required to paragraph 10 of the FAC.

11. To the extent paragraph 11 of the FAC defines terms for purposes of the FAC, no responsive pleading is required. To the extent paragraph 11 contains allegations, they are denied.

12. Paragraph 12 of the FAC states legal conclusions, to which no responsive pleading is required. To the extent paragraph 12 contains allegations, ABG admits that plaintiffs purport to bring this suit as a class action, and denies the remaining allegations of paragraph 12.

13. Paragraph 13 of the FAC states legal conclusions, to which no responsive pleading is required. To the extent paragraph 13 contains allegations, they are denied.

14. Paragraph 14 of the FAC states legal conclusions, to which no responsive pleading is required. To the extent paragraph 14 contains allegations, ABG denies that it was part of any unlawful combination, and it lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 14 and, on that basis, denies the remaining allegations of paragraph 14.

15. Paragraph 15 of the FAC states legal conclusions, to which no responsive pleading is required. To the extent paragraph 15 contains allegations, ABG denies that it was part of any unlawful combination, and it lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 15 and, on that basis, denies the remaining allegations.

16. ABG lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the FAC and, on that basis, denies the allegations of paragraph 16.

17. ABG lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the FAC and, on that basis, denies the allegations of paragraph 17.

18. ABG admits that Avis Budget Group Incorporated is a publicly traded corporation headquartered at 6 Sylvan Way, Parsippany, N.J. 07054, and denies the remaining allegations of paragraph 18 of the FAC.

19. ABG lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the FAC and, on that basis, denies the allegations of paragraph 19.

20. ABG lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the FAC and, on that basis, denies the allegations of paragraph 20.

21. ABG lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the FAC and, on that basis, denies the allegations of paragraph 21.

22. ABG lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the FAC and, on that basis, denies the allegations of paragraph 22.

23. ABG admits the California Travel and Tourism Commission (CTTC) is a California non-profit corporation, and further states that the California Government Code Section 13995.40 *et seq.* speaks for itself. Except as otherwise admitted, ABG lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the FAC and, on that basis, denies the allegations of paragraph 23.

24. Paragraph 24 of the FAC states a legal conclusion, to which no responsive pleading is required. To the extent paragraph 24 contains allegations, they are denied.

25. Paragraph 25 of the FAC states a legal conclusion, to which no responsive pleading is required. To the extent paragraph 25 contains allegations, they are denied.

26. ABG admits that it has contracted to rent and rented cars to customers located throughout the United States, and denies the remaining allegations of paragraph 26 of the FAC.

27. ABG admits that certain documents relating to the provision of car rental services have been transmitted between ABG and its customers in interstate trade and commerce, and denies the remaining allegations of paragraph 27 of the FAC.

28. ABG admits that it has used instrumentalities of interstate commerce to market its rental cars and that it has contracted to rent cars in the United States, but denies the remaining allegations of paragraph 28 of the FAC.

29. ABG states that the referenced statutes speak for themselves, and ABG otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the FAC and, on that basis, denies the allegations of paragraph 29.

3

07cv2174 H BLM

30.   ABG states that the referenced statute speaks for itself, and ABG otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the FAC and, on that basis, denies the allegations of paragraph 30.

31.   ABG states that the referenced statutes speak for themselves, and ABG otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the FAC and, on that basis, denies the allegations of paragraph 31.

32.   ABG states that the referenced statutes speak for themselves, and ABG otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the FAC and, on that basis, denies the allegations of paragraph 32.

33.   ABG states that the referenced statute speaks for itself, and ABG otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the FAC and, on that basis, denies the allegations of paragraph 33.

34.   ABG states that the referenced statutes speak for themselves, denies that the CTTC exercises state-unchecked power, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the FAC and, on that basis, denies the remaining allegations of paragraph 34.

35.   ABG states that the referenced statute speaks for itself, and ABG otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the FAC and, on that basis, denies the allegations of paragraph 35.

36.   ABG states that the referenced legislation speaks for itself, and ABG otherwise denies the allegations of paragraph 36 of the FAC.

37.   ABG states that the referenced legislation speaks for itself, and ABG otherwise denies the allegations of paragraph 37 of the FAC.

38.   ABG states that the referenced legislation speaks for itself, and ABG otherwise denies the allegations of paragraph 38 of the FAC.

39.   ABG admits that the CTTC held meetings, that an ABG representative participated in some of those meetings, and that ABG has received some emails from the CTTC, and ABG

1  denies plaintiffs' characterization of those meetings and communications, including the allegations that they resulted in an unlawful price-fixing agreement, and denies the remaining allegations of paragraph 39 of the FAC.

40. ABG admits that it signed the Memorandum of Agreement, but denies plaintiffs' characterization of the Memorandum of Agreement and other referenced documents, which speak for themselves, and denies the remaining allegations of paragraph 40 of the FAC.

41. ABG states that the referenced documents speak for themselves. ABG denies plaintiffs' characterization of those documents and denies the remaining allegations as to ABG of paragraph 41 of the FAC.

42. ABG denies the allegations of paragraph 42 of the FAC.

43. ABG states that the referenced legislation speaks for itself, but ABG admits that AB2592 authorized the unbundling and separate listing of airport concession fees, effective January 2007, and that base rental rates vary. ABG denies the remaining allegations of paragraph 43 of the FAC, except it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning average pricing and, on that basis, denies the allegations concerning average pricing.

44. Paragraph 44 of the FAC states legal conclusions to which no response is required. To the extent that paragraph 44 contains allegations, they are denied.

45. ABG denies the allegations of paragraph 45 of the FAC.

46. ABG denies the allegations of paragraph 46 of the FAC.

47. ABG denies the allegations of paragraph 47 of the FAC.

48. ABG denies the allegations of paragraph 48 of the FAC.

49. ABG admits that paragraph 49 of the FAC purports to reallege and incorporate each and every allegation from paragraphs 1 through 48, and ABG likewise incorporates its responses to paragraphs 1 through 48 as if fully set forth herein.

50. ABG denies the allegations of paragraph 50 of the FAC.

51. ABG denies the allegations of paragraph 51 of the FAC.

52. ABG denies the allegations of paragraph 52 of the FAC.

53. ABG denies the allegations of paragraph 53 of the FAC.

54. ABG denies the allegations of paragraph 54 of the FAC.

55. ABG denies the allegations of paragraph 55 of the FAC.

## SECOND, THIRD AND FOURTH CAUSES OF ACTION

56. Pursuant to the Court's order dated July 24, 2008, the second, third and fourth causes of action (paragraphs 56 through 84 of the FAC) have been dismissed and therefore no response to those paragraphs is required.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE
(Failure to State a Claim)

57. The first cause of action in the FAC fails to state a claim upon which relief may be granted.

### SECOND DEFENSE
(Lack of Antitrust Injury)

58. Plaintiffs and members of the putative class have not suffered antitrust injury.

### THIRD DEFENSE
(Lack of Standing)

59. At least some members of the putative class lack standing to assert the first cause of action in the FAC.

### FOURTH DEFENSE
(*Illinois Brick* Doctrine)

60. The claims of at least some members of the putative class are barred by the *Illinois Brick* doctrine, which prohibits antitrust recovery by indirect purchasers.

## FIFTH DEFENSE
### (Class Action Inappropriate)

61. The putative class defined in the FAC does not constitute an appropriate class to be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## SIXTH DEFENSE
### (State Action Doctrine)

62. Plaintiffs' claims are barred by the state action doctrine, which immunizes ABG from liability.

## SEVENTH DEFENSE
### (*Noerr/Pennington* Doctrine)

63. Plaintiffs' claims are barred by the *Noerr/Pennington* doctrine, which immunizes ABG from liability.

## EIGHTH DEFENSE
### (Legitimate Business Conduct)

64. Plaintiffs' claims are barred, in whole or in part, because ABG's actions were lawful, constituted legitimate business competition, and were carried out in furtherance of ABG's legitimate business interests.

## NINTH DEFENSE
### (Lack of Injuries Attributable to ABG)

65. Plaintiffs' injuries, if any, were not caused by any conduct of ABG.

## TENTH DEFENSE
### (Lack of Injuries Attributable to Conspiracy)

66. Plaintiffs' injuries, if any, were not caused by the conduct of the defendants or any alleged conspiracy.

## ELEVENTH DEFENSE
### (Speculative Damages/Lack of Mitigation)

67. Plaintiffs are barred from recovery, in whole or in part, because their alleged damages, if any, are speculative, uncertain, and not recoverable. To the extent plaintiffs have been injured, which ABG denies, recovery is barred, in whole or in part, by plaintiffs' failure to mitigate injury and their failure to mitigate damages.

## TWELFTH DEFENSE
### (Consent)

68. Plaintiffs' claims are barred, in whole or in part, because plaintiffs directly or indirectly authorized, consented to, acquiesced in, or ratified some or all of the actions and omissions of which they complain.

## THIRTEENTH DEFENSE
### (Lack of Causation)

69. Plaintiffs are barred from recovery, in whole or in part, because the alleged injuries and damages claimed in the FAC, which ABG denies, were not legally or proximately caused by any act or omission by ABG.

## FOURTEENTH DEFENSE
### (Adequate Remedies at Law)

70. Plaintiffs' claims for equitable relief are barred, in whole or in part, because plaintiffs have complete and adequate remedies at law.

## FIFTEENTH DEFENSE
### (Estoppel)

71. Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## SIXTEENTH DEFENSE

72. Any affirmative defenses pleaded by other defendants and not pleaded by ABG are incorporated herein to the extent they do not conflict with ABG's affirmative defenses.

SEVENTEENTH DEFENSE

73. ABG hereby gives notice that it intends to rely upon any other affirmative defense that may become available or appear during the discovery proceedings in this case and hereby reserves its right to amend its Answer to assert any such affirmative defenses.

WHEREFORE, ABG prays that:

A. Plaintiffs' FAC be dismissed with prejudice as to ABG;

B. Defendant ABG recover its costs of suit; and

C. Defendant ABG be awarded such further relief as the Court deems just and proper.

Dated: August 25, 2008

SKADDEN ARPS SLATE MEAGHER & FLOM, LLP

By: s/ Michael L. Weiner
Michael L. Weiner (*Pro hac vice*)

Four Times Square
New York, New York 10036
Tel.: (212) 735-2632

Douglas B. Adler (Cal. Bar No. 130749)

300 South Grand Avenue
Suite 3400
Los Angeles, California 90071
Tel.: (213) 687-5120

Sara L. Bensley (*Pro hac vice*)

1440 New York Avenue, N.W.
Washington, D.C. 20005-2111
Tel.: (202) 371-7000

Counsel for Defendant
AVIS BUDGET GROUP, INC.