John H. Stephens, SBN 082971
jstephens@wertzmcdade.com
Sarah H. Lanham, SBN 213555
slanham@wertzmcdade.com
WERTZ McDADE WALLACE MOOT & BROWER
A Professional Corporation
945 Fourth Avenue
San Diego, California  92101
(619) 233-1888 / Fax: (619) 696-9476

Attorneys for Defendant
FOX RENT A CAR, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHAMES; GARY GRAMKOW, on behalf of themselves and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE HERTZ CORPORATION, a Delaware corporation; DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., a Delaware corporation; AVIS BUDGET VANGUARD CAR RENTAL USA, INC., an Oklahoma corporation; ENTERPRISE RENT-A-CAR COMPANY, a Missouri corporation; FOX RENT A CAR, INC., a California corporation; COAST LEASING CORP., a Texas corporation; and THE CALIFORNIA TRAVEL AND TOURISM COMMISSION,<br><br>Defendants. | CASE NO. 07-CV-2174-H-BLM<br><br>**ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANT FOX RENT A CAR, INC.** |

Defendant Fox Rent A Car ("Defendant") answers the First Amended Complaint ("FAC") filed by plaintiffs Michael Shames and Gary Gramkow ("Plaintiffs") as follows:

## ANSWER

1.   Defendant admits that the defendant rental car companies ("Rental Car Defendants") operate at certain California airports, denies that it has engaged in a conspiracy with

///

the other Rental Car Defendants, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1.

2. Defendant answers that the statutes identified speak for themselves, admits that a 2006 statutory change permits the Rental Car Defendants to separately state the Airport Concession Fee and to charge the fee and the tourism assessment to customers, and denies the remaining allegations of paragraph 2, which include legal conclusions that require no answer.

3. Defendant admits that one of its representatives signed the Memorandum, and denies the remaining allegations of paragraph 3.

4. Defendant denies the allegations of paragraph 4.

5. Defendant answers that the statute identified speaks for itself, admits that in 2007 the Legislature allowed the Rental Car Defendants to separately state the Airport Concession Fee and that it competes with the other Rental Car Defendants, lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the nationwide airport car-rental rates, and denies the remaining allegations of paragraph 5.

6. Defendant denies that the California Travel and Tourism Commission ("CTTC") has facilitated any antitrust activities alleged, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. Defendant denies that Plaintiffs or any purported class is entitled to recover damages, equitable relief, fees or costs, and Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. Defendant denies the allegations of paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, which include legal conclusions that require no answer.

///

12. Defendant denies that a Plaintiff Class ("Class") has been defined, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12.

13. Defendant denies the allegations of paragraph 13, which include legal conclusions that require no answer.

14. Defendant denies that a Class exists and that the Rental Car Defendants were part of any unlawful combination, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14.

15. Defendant denies that a Class exists and that the Rental Car Defendants were part of any unlawful combination, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21. Defendant, improperly referred to by the designation "Incorporated" and not "Inc.", admits that it is a California corporation, with corporate locations and doing business in California, that does business at times as Payless Rent A Car, and denies the remaining allegations of paragraph 21.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

/ / /

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

24. Defendant denies the allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

26. Defendant admits that it has contracted to rent cars to customers in the United States, lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Rental Car Defendants, and denies the remaining allegations of paragraph 26.

27. Defendant admits that certain documents relating to car rental agreements were transmitted between it and its customers in the United States, lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Rental Car Defendants and denies the remaining allegations of paragraph 27.

28. Defendant admits that it contracted to rent cars in the United States during times mentioned in the FAC, lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Rental Car Defendants and denies the remaining allegations of paragraph 28.

29. Defendant answers that the statutes identified speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29.

30. Defendant answers that the statutes identified speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 30.

31. Defendant answers that the statutes identified speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31.

32. Defendant answers that the statutes identified speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32.

///

33. Defendant answers that the statutes identified speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33.

34. Defendant answers that the statutes identified speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34.

35. Defendant answers that the statutes identified speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35.

36. Defendant answers that the statutes identified speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 36.

37. Defendant answers that the statutes identified speak for themselves. Defendant admits that AB 2592 allows the Rental Car Defendants to separately state the Airport Concession Fee and denies the remaining allegations of paragraph 37.

38. Defendant answers that the statutes identified speak for themselves. Defendant admits that AB 2592 allows the Rental Car Defendants to separately state the Airport Concession Fee and denies the remaining allegations of paragraph 38, which include legal conclusions that require no answer.

39. Defendant admits that the CTTC provided a forum for communication concerning the CTTC's funding, denies the remaining allegations of paragraph 39 as to it, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations concerning the other Rental Car Defendants.

40. Defendant answers that the documents identified speak for themselves. Defendant admits that one of its representatives signed the Memorandum and that it received a ballot relating to the assessments, denies the remaining allegations of paragraph 40 as to it, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations concerning the other Rental Car Defendants.

41. Defendant answers that the documents identified speak for themselves. Defendant denies the remaining allegations of paragraph 41 as to it, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations concerning the other Rental Car Defendants and the CTTC.

42. Defendant denies the allegations of paragraph 42.

43. Defendant admits that AB 2592 allows the separation of the Airport Concession Fee, which document speaks for itself, and that it competes with the other Rental Car Defendants. Except as admitted, denies the remaining allegations of paragraph 43, and lacks knowledge or information sufficient to form a belief as to the average nationwide car-rental prices.

44. Defendant denies the allegations of paragraph 44, which include references to statutes that speak for themselves and legal conclusions that require no answer.

45. Defendant denies the allegations of paragraph 45.

46. Defendant denies the allegations of paragraph 46.

47. Defendant denies the allegations of paragraph 47.

48. Defendant denies the allegations of paragraph 48.

### FIRST CLAIM FOR RELIEF

49. Defendant admits that paragraph 49 purports to incorporate each allegation in paragraphs 1 though 48 of the FAC, and Defendant incorporates herein its answers to the paragraphs.

50. Defendant denies the allegations of paragraph 50.

51. Defendant denies the allegations of paragraph 51.

52. Defendant denies the allegations of paragraph 52.

53. Defendant denies the allegations of paragraph 53.

54. Defendant denies the allegations of paragraph 54.

55. Defendant denies the allegations of paragraph 55.

### ALL OTHER CLAIMS FOR RELIEF

56. The Court has dismissed all other claims for relief alleged in the FAC; therefore, Defendant does not answer them.

## AFFIRMATIVE DEFENSES

Without assuming any burden it otherwise would not bear, which burden shall be determined by applicable law, Defendant alleges its affirmative defenses as follows:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

57. The FAC and its allegations fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Lack of Standing)**

58. Plaintiffs and the putative class lack standing to assert the claims made in the FAC, and have not suffered antitrust injury as a result of their claims.

### THIRD AFFIRMATIVE DEFENSE

**(Inappropriate Class)**

59. The putative class identified by the Plaintiffs is not an appropriate class to be certified under Rule 23 of the Federal Rules of Civil.

### FOURTH AFFIRMATIVE DEFENSE

**(State Action Doctrine)**

60. Plaintiffs' claims are barred by the state-action doctrine.

### FIFTH AFFIRMATIVE DEFENSE

**(*Noerr/Pennington* Doctrine)**

61. Plaintiffs' claims are barred by the *Noerr/Pennington* doctrine.

### SIXTH AFFIRMATIVE DEFENSE

**(*IllinoisBrick* Doctrine)**

62. Plaintiffs' claims are barred by the *Illinois Brick* doctrine.

### SEVENTH AFFIRMATIVE DEFENSE

**(No Conspiracy)**

63. Plaintiffs' injuries, if any, were not caused by any alleged conspiracy.

/ / /

/ / /

## EIGHTH AFFIRMATIVE DEFENSE

### (Legitimate Business Conduct)

64. Plaintiffs' claims are barred in whole or in part, because Defendant's actions were lawful, constituted legitimate business competition, and were conducted in furtherance of Defendant's legitimate business interests.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

65. Plaintiffs' claims are precluded in whole or in part by reason of Plaintiffs' unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

66. Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Consent)

67. Plaintiffs' claims are barred because Plaintiffs directly or indirectly authorized, consented to, acquiesced in, or ratified some or all of the actions and omissions of which they complain.

## TWELFTH AFFIRMATIVE DEFENSE

### (Speculative Damages/Failure to Mitigate)

68. Plaintiffs are barred from recovery, in whole or in part, because their alleged damages are speculative and uncertain. To the extent Plaintiffs or any members of the putative class have been damaged, if at all, they are barred from recovery by their failure to mitigate damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

69. Plaintiffs' claims are barred in whole or in part because their alleged injuries were not caused by any conduct of Defendant.

///

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

70. Plaintiffs' claims are barred in whole or in part because their alleged injuries were not legally or proximately caused by any act or omission of Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (No Equitable Relief)

71. Plaintiffs' claims for equitable relief are barred, in whole or in part, because they have complete and adequate remedies at law.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

72. Defendant reserves the right to assert additional defenses that might be revealed by further legal analysis, investigation or discovery.

WHEREFORE, Defendant prays that:

A. Plaintiffs take nothing by reason of the FAC, with judgment entered for Defendant;

B. Plaintiffs' FAC be dismissed with prejudice;

C. Defendant recover its costs of suit; and

D. Defendant be awarded such further relief as the Court deems just and proper.

Dated: August 25, 2008

WERTZ McDADE WALLACE MOOT & BROWER
A Professional Corporation

By: /s/ John H. Stephens
John H. Stephens
Attorneys for Defendant
FOX RENT A CAR, INC.

1  John H. Stephens, SBN 082971
   jstephens@wertzmcdade.com
2  Sarah H. Lanham, SBN 213555
   slanham@wertzmcdade.com
3  WERTZ McDADE WALLACE MOOT & BROWER
   A Professional Corporation
4  945 Fourth Avenue
   San Diego, California 92101
5  (619) 233-1888 / Fax: (619) 696-9476

6  Attorneys for Defendant
   FOX RENT A CAR

7

8
                    UNITED STATES DISTRICT COURT
9
                   SOUTHERN DISTRICT OF CALIFORNIA
10

11
   MICHAEL SHAMES; GARY GRAMKOW,          CASE NO. 07-CV-2174-H-BLM
12 on behalf of themselves and on behalf of all
   persons similarly situated,             **PROOF OF SERVICE**
13
                    Plaintiffs,
14
             v.
15
   THE HERTZ CORPORATION, a Delaware
16 corporation; DOLLAR THRIFTY
   AUTOMOTIVE GROUP, INC., a Delaware
17 corporation; AVIS BUDGET VANGUARD
   CAR RENTAL USA, INC., an Oklahoma
18 corporation; ENTERPRISE RENT-A-CAR
   COMPANY, a Missouri corporation; FOX
19 RENT A CAR, INC., a California corporation;
   COAST LEASING CORP., a Texas
20 corporation; and THE CALIFORNIA
   TRAVEL AND TOURISM COMMISSION,
21
                    Defendants.
22

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Diego, State of California. My business address is 945 Fourth Avenue, San Diego, California 92101.

On August 25, 2008, I served true copies of the following document(s) described as **ANSWER TO FIRST AMENDED COMPLAINT** on the interested parties in this action:

**BY CM/ECF Electronic Service:** I caused such document to be served via the Court's (NEF) electronic filing system on all registered parties.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 25, 2008, at San Diego, California.

/s/ Tina Rynberg
Tina Rynberg