Jeffrey A. LeVee (State Bar No. 125863)
jlevee@jonesday.com
Kate Wallace (State Bar No. 234949)
kpwallace@jonesday.com
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA  90071
Telephone:      213-489-3939
Facsimile:      213-243-2539

Attorneys for Defendant
DOLLAR THRIFTY AUTOMOTIVE GROUP, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHAMES; GARY GRAMKOW, on behalf of themselves and on behalf of all persons similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>THE HERTZ CORPORATION, et al.,<br><br>                    Defendants. | Case No. 07-CV-2174 H (BLM)<br><br>**ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANT DOLLAR THRIFTY AUTOMOTIVE GROUP, INC.** |

For its answer to plaintiffs' First Amended Complaint ("FAC"), erroneously named defendant Dollar Thrifty Automotive Group, Inc. ("DTAG") hereby responds as follows, and avers generally that the responses contained herein are with respect to the allegations of the FAC directed to DTAG only as DTAG is not required to respond to allegations put forth against any other defendant:

1.      DTAG admits that this is an action by consumers, admits that its subsidiary DTG Operations, Inc. ("DTG") engages in car rental operations at certain California airports, denies that DTAG has engaged in any conspiracy or is liable for any of the unlawful conduct alleged in the complaint, and denies the remaining allegations of paragraph 1.

2.      DTAG admits that a 2006 statutory change permits DTG to unbundle the Airport Concession Fee from its base rates, to assess a separate fee to pay for part of the budget for the California Travel and Tourism Commission ("CTTC"), and to pass through all or part of the charges to the consumers, but denies that paragraph 2 completely or accurately summarizes the relevant law.  DTAG denies the remaining allegations in paragraph 2, which include legal conclusions that require no answer.

3.      DTAG admits that DTG signed Exhibit A to the FAC, but denies the remaining allegations in paragraph 3.

4.      DTAG denies the allegations of paragraph 4.

5.      DTAG admits that prior to January 2007 the Airport Concession Fee was bundled into DTG's base price, that in 2007 the California Legislature allowed DTG to separately state that charge on its rental agreements, and that DTG competes for business based on price.  Except as admitted, DTAG denies the allegations in paragraph 5, and avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding any defendant other than DTAG or the alleged nationwide airport car rental rates.

6.      DTAG denies the allegations of paragraph 6 and avers that it is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 regarding any defendant other than DTAG.

DTAG's Answer to the
First Amended Complaint
Case No. 07-CV-2174 H (BLM)

7.     DTAG admits that plaintiffs bring this action for injunctive relief and damages, denies that plaintiffs are entitled to injunctive relief and damages, and denies the remaining allegations of paragraph 7.

8.     DTAG admits that plaintiffs have invoked the Clayton Act and the Sherman Act and purport to base jurisdiction on those statutes.  DTAG denies that this action is appropriately maintained as a class action and denies the remaining allegations of paragraph 8.

9.     DTAG is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and, on that basis, denies those allegations.

10.     DTAG denies the allegations of paragraph 10 and states further that the Court, in its order filed on July 24, 2008, dismissed all of the causes of action of the FAC other than the antitrust claim.

11.     The allegations of paragraph 11 do not state facts with respect to DTAG but, instead, define terms for purposes of the FAC.  No further response is required, but DTAG states that DTG, not DTAG, engages in rental car operations at California airports.

12.     DTAG admits that plaintiffs bring this suit as a putative class action but denies that a class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.  DTAG denies the remaining allegations of paragraph 12.

13.     DTAG denies in its entirety the allegations of paragraph 13, including each of its numerous sub-parts.

14.     DTAG denies that a class exists, denies that it was part of any unlawful combination, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 and, on that basis, denies those allegations.

15.     DTAG denies that a class exists, denies that it was party of any unlawful combination, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 and, on that basis, denies those allegations.

16.     DTAG is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and, on that basis, denies those allegations.

17.     DTAG admits that DTG does business as Dollar Rent A Car and Thrifty Car Rental and admits the remaining allegations of paragraph 17.

18.     DTAG is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and, on that basis, denies those allegations.

19.     DTAG is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and, on that basis, denies those allegations.

20.     DTAG is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and, on that basis, denies those allegations.

21.     DTAG is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and, on that basis, denies those allegations.

22.     DTAG is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and, on that basis, denies those allegations.

23.     DTAG admits that the CTTC is a California non-profit corporation, and further states that the California Government Code Section 13995.40 *et seq*. speaks for itself.  Except as otherwise admitted, DTAG denies the remaining allegations in paragraph 23.

24.     DTAG denies the allegations of paragraph 24.

25.     DTAG denies the allegations of paragraph 25.

26.     DTAG admits that DTG contracted to rent cars to consumers throughout the United States during the relevant period.  DTAG alleges that it is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 concerning the other defendants, and on that basis denies each and every allegation.  DTAG denies the remaining allegations of paragraph 26.

27.     DTAG admits that DTG transmitted certain documents associated with the provision of car rental services in interstate commerce.  DTAG alleges that it is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 concerning the other defendants, and on that basis denies each and every allegation.  Except as otherwise admitted, DTAG denies the remaining allegations of paragraph 27.

28.    DTAG admits that DTG used instrumentalities of interstate commerce to market its rental cars and contracted to rent cars in the United States.  DTAG alleges that it is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 concerning the other defendants, and on that basis denies each and every allegation.  Except as otherwise admitted, DTAG denies the remaining allegations of paragraph 28.

29.    DTAG states that the purpose of the CTTC is set forth in the statutes that created the CTTC, which statutes speak for themselves.  DTAG denies the remaining allegations of paragraph 29.

30.    DTAG admits that the CTTC is a non-profit mutual benefit corporation.  DTAG further states that DTG's membership is defined by statute, which statutes speak for themselves.  DTAG denies the remaining allegations of paragraph 30.

31.    DTAG states that the statutes governing the CTTC speak for themselves.  DTAG denies the remaining allegations of paragraph 31.

32.    DTAG states that the statutes governing the CTTC speak for themselves.  DTAG denies the remaining allegations of paragraph 32.

33.    DTAG states that the statutes governing the CTTC speak for themselves.  DTAG denies the remaining allegations of paragraph 33.

34.    DTAG states that the statutes governing the CTTC speak for themselves.  DTAG denies the remaining allegations of paragraph 34.

35.    DTAG states that the statutes that plaintiffs reference speak for themselves.  DTAG denies the remaining allegations of paragraph 35.

36.    DTAG states that the statutes that plaintiffs reference speak for themselves.  DTAG denies the remaining allegations of paragraph 36.

37.    DTAG states that the statutes that plaintiffs reference speak for themselves.  DTAG denies the remaining allegations of paragraph 37.

38.    DTAG states that the statutes that plaintiffs reference speak for themselves.  DTAG denies the remaining allegations of paragraph 38 and specifically denies that any unlawful collusion occurred.

39.     DTAG admits that the CTTC hosted meetings.  DTAG denies plaintiffs' characterization of those meetings, denies that those meetings resulted in an unlawful price fixing agreement, and denies the remaining allegations of paragraph 39.  DTAG further states that it is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 concerning the other defendants, and on that basis denies each and every allegation.

40.     DTAG states that the documents plaintiffs reference speak for themselves.  DTAG denies plaintiffs' characterization of those documents and denies the remaining allegations of paragraph 40.  DTAG further states that it is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 concerning the other defendants, and on that basis denies each and every allegation.

41.     DTAG states that the documents plaintiffs reference speak for themselves.  DTAG denies plaintiffs' characterization of those documents and denies the remaining allegations of paragraph 41.  DTAG further states that it is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41 concerning the other defendants, and on that basis denies each and every allegation.

42.     DTAG denies the allegations of paragraph 42.

43.     DTAG admits that AB 2592 authorizes the unbundling of the Airport Concession Fee from the base rate, allowing it to be separately listed on bills to consumers, but denies that plaintiffs have accurately or completely summarized AB 2592.  DTAG alleges that it is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 regarding the other defendants or the average nationwide and California rental car rates, and on that basis, denies each and every allegation.  Except as otherwise admitted, DTAG denies the remaining allegations of paragraph 43.

44.     DTAG alleges that it is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 44 regarding the other defendants, and on that basis, denies each and every allegation.  Except as other admitted, DTAG denies the remaining allegations of paragraph 44.

1    45.    DTAG alleges that it is without information or knowledge sufficient to form a

2    belief as to the truth of the allegations in paragraph 45 regarding the other defendants, and on that

3    basis, denies each and every allegation.  Except as other admitted, DTAG denies the remaining

4    allegations of paragraph 45.

5    46.    DTAG alleges that it is without information or knowledge sufficient to form a

6    belief as to the truth of the allegations in paragraph 46 regarding plaintiffs and any purported,

7    unnamed class members, and on that basis, denies each and every allegation.  Except as other

8    admitted, DTAG denies the remaining allegations of paragraph 46.

9    47.    DTAG denies the allegations of paragraph 47.

10    48.    DTAG denies the allegations of paragraph 48.

11    **FIRST CAUSE OF ACTION**

12    49.    DTAG admits that paragraph 49 purports to incorporate each allegation in

13    paragraphs 1 through 48 of the FAC.  DTAG realleges and incorporates herein its responses to

14    paragraphs 1 through 48 as if set forth herein.

15    50.    DTAG alleges that it is without information or knowledge sufficient to form a

16    belief as to the truth of the allegations in paragraph 50 regarding the other defendants, and on that

17    basis, denies each and every allegation.  Except as other admitted, DTAG denies the remaining

18    allegations of paragraph 50.

19    51.    DTAG alleges that it is without information or knowledge sufficient to form a

20    belief as to the truth of the allegations in paragraph 51 regarding the other defendants, and on that

21    basis, denies each and every allegation.  Except as other admitted, DTAG denies the remaining

22    allegations of paragraph 51, including each of its subparts.

23    52.    DTAG alleges that it is without information or knowledge sufficient to form a

24    belief as to the truth of the allegations in paragraph 52 regarding the other defendants, and on that

25    basis, denies each and every allegation.  Except as other admitted, DTAG denies the remaining

26    allegations of paragraph 52.

27    53.    DTAG alleges that it is without information or knowledge sufficient to form a

28    belief as to the truth of the allegations in paragraph 53 regarding the other defendants, and on that

1   basis, denies each and every allegation. Except as other admitted, DTAG denies the remaining
2   allegations of paragraph 53.

3       54.     DTAG alleges that it is without information or knowledge sufficient to form a
4   belief as to the truth of the allegations in paragraph 54 regarding the other defendants, and on that
5   basis, denies each and every allegation. Except as other admitted, DTAG denies the remaining
6   allegations of paragraph 54.

7       55.     DTAG denies the allegations of paragraph 55.

8                   **SECOND, THIRD, AND FOURTH CAUSES OF ACTION**

9       56.     Pursuant to the Court's order dated July 24, 2008, these causes of action have been
10  dismissed from the litigation. Accordingly, no response to the allegations of these causes of
11  action is required.

12                          **GENERAL DENIAL**

13      DTAG denies any allegations not specifically responded to above, whether expressed,
14  implied or contained in headings appearing throughout the FAC.

15                      **AFFIRMATIVE DEFENSES**

16      DTAG asserts the following defenses without assuming the burden of proof as to any
17  issue that otherwise would rest upon plaintiffs.

18                  **First Affirmative Defense**

19                  **(Failure to state a claim)**

20      The first cause of action fails to state a claim upon which relief can be granted.

21                  **Second Affirmative Defense**

22                  **(Class Action Inappropriate)**

23      The putative class defined by the FAC does not constitute an appropriate class to be
24  certified pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class has not suffered a
25  common injury, is not ascertainable or identifiable, and would require individual proof of
26  damages. Further, the claims of the class representatives are not typical of the claims of the class
27  members as defined in the complaint.

28

**Third Affirmative Defense**

**(Lack of Standing – Indirect Purchasers)**

Plaintiffs' claims are barred, in whole or in part, because some members of the putative class, as defined in the FAC, are indirect purchasers who lack standing under the United States antitrust laws to pursue a claim against DTAG.

**Fourth Affirmative Defense**

**(State Action)**

Plaintiffs' claims are barred because DTAG's conduct is insulated from liability by virtue of the state action doctrine.

**Fifth Affirmative Defense**

**(Legitimate Business Conduct)**

Plaintiffs' claims are barred because all of DTAG's actions, as alleged in the FAC, were undertaken in good faith, with the absence of malicious intent, and were the result of lawful, pro-competitive, independent conduct carried out in furtherance of DTAG's business interests.

**Sixth Affirmative Defense**

**(Proximate Cause)**

Plaintiffs' claims are barred because DTAG's conduct was not the proximate cause of plaintiffs' alleged injuries.

**Seventh Affirmative Defense**

**(*Noerr/Pennington*)**

Plaintiffs' claims are barred by the *Noerr/Pennington* doctrine, which immunizes DTAG from liability.

**Eighth Affirmative Defense**

**(Estoppel)**

Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel and other applicable equitable doctrines.

**Ninth Affirmative Defense**

**(Consent)**

Plaintiffs' claims are barred because Plaintiffs directly or indirectly authorized, consented to, acquiesced in, or ratified some or all of the actions and omissions of which they complain.

**Tenth Affirmative Defense**

**(Unclean Hands)**

Plaintiffs' claims are barred in whole or in part by reason of Plaintiffs' unclean hands.

**Eleventh Affirmative Defense**

**(Failure to Mitigate)**

Plaintiffs' claims are barred in whole or in part because their alleged damages, if any, are speculative, uncertain and not recoverable.  If the named plaintiffs or any member of the purported class have been injured or damaged, which DTAG denies, the named plaintiffs, and each of every member of the purported class, are barred from recovery by their failure to mitigate injury and their failure to mitigate damages.

**Twelfth Affirmative Defense**

**(No Antitrust Injury)**

Plaintiffs' claims are barred because they have not suffered and will not suffer antitrust injury as a result of DTAG's conduct, and lack standing to assert the claims made in the FAC.

**Thirteenth Affirmative Defense**

**(Adequate Remedies at Law)**

The claims for equitable relief asserted in the FAC are barred, in whole or in part, because plaintiffs have complete and adequate remedies at law.

**Fourteenth Affirmative Defense**

**(Causation – Lack of Injuries Attributable to Conspiracy)**

Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were not caused by the conduct of the defendants or any alleged conspiracy.

///

**Fifteenth Affirmative Defense**

**(Additional Affirmative Defenses)**

DTAG expressly reserves the right to plead additional affirmative and other defenses should any such defenses be revealed by any discovery in this case or otherwise.

**Sixteenth Affirmative Defense**

**(Erroneously Named Defendant)**

Plaintiffs' claims against DTAG are barred because DTAG is an erroneously named defendant.

WHEREFORE, DTAG prays that:

A.      Plaintiffs take nothing by reason of their First Amended Complaint;

B.      Plaintiffs' First Amended Complaint be dismissed with prejudice;

C.      Defendant DTAG recover its costs of suit; and

D.      Defendant DTAG be awarded such further relief as the Court deems just and proper.

Dated: August 25, 2008                    JONES DAY


                                          By:  __/s/ Jeffrey A. LeVee_____
                                                   Jeffrey A. LeVee

                                          Counsel for Defendant
                                          DOLLAR THRIFTY AUTOMOTIVE
                                          GROUP, INC.