CENTER FOR PUBLIC INTEREST LAW
UNIVERSITY OF SAN DIEGO SCHOOL OF LAW
ROBERT C. FELLMETH, SBN 49897
cpil@sandiego.edu
ED HOWARD, SBN 151936
JULIANNE D'ANGELO FELLMETH, SBN: 109288
5998 Alcala Park
San Diego, CA  92110
Telephone:      (619) 260-4806
Facsimile:       (619) 260-4753

SULLIVAN HILL LEWIN REZ & ENGEL
A Professional Law Corporation
DONALD G. REZ, SBN 82615
rez@shlaw.com
550 West "C" Street, Suite 1500
San Diego, CA  92101
Telephone:      (619) 233-4100
Facsimile:       (619) 231-4372

HULETT HARPER STEWART LLP
DENNIS STEWART, SBN: 99152
dstewart@hulettharper.com
JENNIFER A. KAGAN, SBN: 234554
jenni@hulettharper.com
550 West C Street, Suite 1600
San Diego, CA  92101
Telephone:      (619) 338-1133
Facsimile:       (619) 338-1139

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHAMES; GARY GRAMKOW, on behalf of themselves and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE HERTZ CORPORATION, et al.,<br><br>Defendants. | Case No. 07CV2174H(BLM)<br><br>**CLASS ACTION**<br><br>**MEMORANDUM IN OPPOSITION TO DEFENDANT CTTC'S MOTION FOR ENTRY OF FINAL JUDGMENT**<br><br>DATE:   September 22, 2008<br>TIME:    10:30 a.m.<br>JUDGE:  Honorable Marilyn L. Huff<br>CTRM:   13 |

Plaintiffs submit this Memorandum in Opposition to Defendant CTTC's Motion for Entry of Final Judgment. Because issues which the remaining Defendants apparently intend to contest may overlap with those already decided and because the CTTC will not suffer any hardship, the CTTC's Motion should be denied.

Rule 54(b) of the Federal Rules of Civil Procedure "provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated." *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1024–25 (2d Cir. 1992). "Where the complaint is dismissed as to one defendant but not others, the court should not, as a general matter, direct the entry of a final judgment pursuant to Rule 54(b) if the same or closely related issues remain to be litigated against the undismissed defendants." *Id*. at 1025.

As the CTTC points out, "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in a setting such as this, a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). The district court must determine "whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id*. "A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings." *Frank Briscoe Co. v. Morrison-Knudsen Co.*, 776 F.2d 1414, 1416 (9th Cir. 1985) (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)).

In dismissing the CTTC, the Court applied the *Midcal* test, as articulated in *California Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc*., 445 U.S. 97, 105 (1980), and found that the state action immunity doctrine, set forth in *Parker v. Brown*, 317 U.S. 341, 350–51 (1943), immunizes the CTTC. The CTTC represents in its Motion that "[n]o remaining defendant has this state agency attribute. This issue cannot reappear in any subsequent appeal relating to the action against the Rental Car Defendants." Def. CTTC's Mem. P. & A. Supp. Mot. Entry Final J. at 2. In each of the Answers filed by the Rental Car Defendants, however, the state action doctrine is asserted as an affirmative defense. *See, e.g*., Answer First Am. Compl. Def. Avis Budget Group,

1

Inc. at 7; Answer First Am. Compl. Def. Dollar Thrifty Automotive Group, Inc. at 8; Answer First Am. Compl. Def. Fox Rent a Car, Inc. at 7.  Due to the likely repetition of the state action immunity issue, this case is not proper for Rule 54(b) certification.  Should the Court enter judgment under Rule 54(b), Plaintiffs would have to appeal now, despite the fact that the Rental Car Defendants apparently intend to raise the state action immunity issue in this Court.  Therefore, administrative interests of judicial economy dictate that final judgment not be entered at this juncture.

Furthermore, Plaintiffs respectfully dispute the grounds for CTTC dismissal, contending that state action immunity cannot apply to the CTTC because, among other things, (a) it lacks the authority to engage in final retail price fixing arrangements; (b) it has facilitated the collection of monies in excess of statutory intention or allowance; and (c) as a body whose decisions are made by a supermajority of industry members appointed by affected private corporations, it cannot exercise "independent state supervision" under *Midcal* or other authority.  Plaintiffs understand that the Rental Car Defendants have a related theory about how state action immunity extends to both of the price fixing offenses alleged and may advance that theory in motions before this Court.  Accordingly, judicial economy would appear to be furthered by combining the decisions as to the application of antitrust law to the Defendants in this case into a single package for appellate review, rather than to subject all parties to seriatim appeals in pieces.

In addition to the fact that administrative concerns dictate that certification under Rule 54(b) should not be granted, Defendants have failed to demonstrate that they will suffer any hardship if certification is not granted.  "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate dockets are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties."  *Frank Briscoe Co*., 776 F.2d at 1416 (quoting *Morrison-Knudsen Co*., 655 F.2d at 965).  Where potential hardships are those that would result in any case, the entry of judgment under Rule 54(b) is not appropriate.  *See Hogan*, 961 F.2d at 1025 (finding Rule 54(b) certification inappropriate where the court "gave no indication that the case was an exceptional one or that there would be any unusual hardship in requiring [the parties]

to await, in accordance with normal federal practice, the disposition of the entire case"). Here, the CTTC has merely identified the uncertainties associated with not having a final judgment as hardships. *Cf. Shintom Am., Inc. v. Car Tels., Inc.*, 45 F.3d 1107, 1111 (7th Cir. 1995) (noting that a party's insolvency may constitute a special circumstance allowing for entry of judgment). Such uncertainties exist in all cases and can therefore not be the basis for entry of judgment under Rule 54(b).

Therefore, Plaintiffs respectfully request that Defendant CTTC's Motion be denied.

DATED: September 8, 2008

HULETT HARPER STEWART LLP
DENNIS STEWART
JENNIFER A. KAGAN


 /s/ Jennifer A. Kagan
JENNIFER A. KAGAN

550 West C Street, Suite 1600
San Diego, CA  92101
Telephone:   (619) 338-1133
Facsimile:    (619) 338-1139

CENTER FOR PUBLIC INTEREST LAW
UNIVERSITY OF SAN DIEGO
 SCHOOL OF LAW
ROBERT C. FELLMETH
ED HOWARD
JULIANNE D'ANGELO FELLMETH
5998 Alcala Park
San Diego, CA  92110
Telephone:   (619) 260-4806
Facsimile:    (619) 260-4753

SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation
DONALD G. REZ
550 West "C" Street, Suite 1500
San Diego, CA  92101
Telephone:   (619) 233-4100
Facsimile:    (619) 231-4372

Attorneys for Plaintiffs