Thadd A. Blizzard, State Bar No. 83297
Michael A. Kvarme, State Bar No. 90749
W. Scott Cameron, State Bar No. 229828
**weintraub** genshlea chediak
a law corporation
400 Capitol Mall, 11th Floor
Sacramento, CA 95814
(916) 558-6000 – Main
(916) 446-1611 – Facsimile

EDMUND G. BROWN JR.
Attorney General of the State of California
W. DEAN FREEMAN
FELIX E. LEATHERWOOD
Supervising Deputy Attorneys General
RONALD N. ITO, State Bar No. 71322
DIANE SPENCER SHAW, State Bar No. 73970
LISA W. CHAO, State Bar No. 198536
Deputy Attorneys General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
(213) 897-2477 – Main
(213) 897-5775 – Facsimile

Attorneys for Defendant
The California Travel and Tourism Commission

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHAMES; GARY GRAMKOW, on behalf of themselves and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE HERTZ CORPORATION, a Delaware corporation; DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., a Delaware corporation; AVIS BUDGET GROUP, INC., a Delaware corporation; VANGUARD CAR RENTAL USA, INC., an Oklahoma corporation; ENTERPRISE RENT-A-CAR COMPANY, a Missouri corporation; FOX RENT A CAR, INC., a California corporation; COAST LEASING CORP., a Texas corporation; and THE CALIFORNIA TRAVEL AND TOURISM COMMISSION,<br><br>Defendants. | Case No. 07 CV 2174 H BLM<br><br>[CLASS ACTION]<br><br>DEFENDANT CTTC'S REPLY IN FURTHER SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT<br><br>[Fed. R. Civ. P. 54(b)]<br><br>Date: September 22, 2008<br>Time: 10:30 a.m.<br>Place: Courtroom 13<br><br>The Honorable Marilyn L. Huff |

Defendant California Travel and Tourism Commission ("CTTC") respectfully submits this reply to Plaintiffs' opposition to CTTC's motion for entry of judgment. Because Plaintiffs have not established any just reason to delay entry of judgment, CTTC's motion should be granted.

I.  **Final Judgment Should Be Entered In Favor Of CTTC Because All Claims Against CTTC Have Been Dismissed And There Is No Just Reason For Delay.**

"Behind Rule 54(b) is the recognition that with the liberal joinder of claims and parties now permitted by the federal rules, the policy against piecemeal review ... must be weighed against the untoward effects which can occur when decisions final as to some claims and some parties cannot be entered until the litigation is final as to all claims and all parties." *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 440 (3rd Cir. 1977). Accordingly, final judgment is properly entered where all claims against a defendant have been dismissed unless there is "just reason for delay." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

On July 24, 2008, this Court entered its Order Granting CTTC's Motion to Dismiss the First Amended Complaint ("Order"), which disposed of <u>all claims against CTTC</u>, finding that CTTC is immune from liability for an alleged antitrust violation under the state action doctrine. Order, p. 15. Plaintiffs contend that entry of judgment is not appropriate in this case because there is a chance that remaining defendants might also assert a state action immunity defense, and because they claim CTTC will not suffer any hardship. Plaintiffs are wrong on both counts.

**CTTC's State Action Immunity Differs From The Potential Defenses Of All Other Defendants.**

Plaintiffs argue that because the Rental Car Defendants have asserted state action immunity as an affirmative defense, a similarity of the issues precludes entry of judgment for CTTC. However, a state action immunity defense on the part of the Rental Car Defendants, if one is asserted, would not involve the same legal and factual issues that were the basis for CTTC's state action defense. The Court correctly found that CTTC is "a state agency acting in a non-sovereign capacity," Order, p. 12, which satisfied the first prong of the *Midcal* test in that it acted pursuant to a clearly articulated state policy. *Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.*, 445 U.S. 97, 105 (1980). The Court also found that CTTC need not satisfy the second *Midcal* prong. Order, p. 12. No Rental Car Defendant has ever contended that it is a

state agency, and whether CTTC is a state agency for antitrust purposes would not be an issue in the determination of the Rental Car Defendants' defense.

The analysis of the first *Midcal* prong would not be the same for the CTTC and the Rental Car Defendants either. Whether CTTC acted pursuant to a clearly articulated state policy would not determine whether the Rental Car Defendants acted pursuant to this policy. Plaintiffs' First Amended Complaint makes clear that the alleged roles of the CTTC and the Rental Car Defendants are very different. The FAC alleges that the CTTC's claimed role in the Rental Car Defendants' alleged conspiracy was that it merely acted as a location for meetings. Therefore, there is no similarity of issues that would require an appellate court to decide the same issue more than once on subsequent appeals. Moreover, even if there is some interplay between the issues, the Supreme Court has clearly stated that the presence of a similar issue would not "necessarily mean that Rule 54(b) certification would be improper." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. at 8, n.2.

Plaintiffs point out that they "dispute the grounds for CTTC's dismissal." Opposition, p. 2. The fact that Plaintiffs disagree with the Court's dismissal of the claims against CTTC does nothing to create similarity between CTTC's immunity and any argument that the Rental Car Defendants may or may not make hereafter under a different part of the *Midcal* test. The CTTC is entitled to immunity as a state agency, whereas the Rental Car Defendants are not state agencies. Should Plaintiffs choose to appeal the Courts' judgment for CTTC, the appeal would be limited to the factual and legal issues relevant only to CTTC.

### Prejudice to CTTC

Plaintiffs also erroneously assert that CTTC will suffer no hardship should it be forced to wait for finality of the dismissal of the claims against it. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, provides a clear example that a party need not face dire, crippling injury caused by a delay to justify the entry of judgment. In *Curtiss-Wright*, the plaintiff was entitled to judgment without waiting for the remainder of the case to conclude merely because a statutory interest rate was somewhat lower than the prevailing rate. There was no danger that the plaintiff would become insolvent due to the loss; indeed, the Court noted that the company would be able to

satisfy a judgment on the counterclaim if necessary. *Id.* at 12.

The CTTC does, however, stand to suffer the real and substantial harm of uncertainty and continuing cost if required to wait for resolution of the remaining claim against the Rental Car Defendants. *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, highlights the sufficiency of this harm. *Bogosian* was an antitrust case where two defendants were dismissed and thirteen remained. In finding the Rule 54(b) certification proper, the appellate court found:

> There is a possibility that decision on the contract theory pending trial could moot the question presented on the appeal from the conspiracy-tying theory. Nevertheless, <u>a decision on that claim might take a number of years to reach, and, in the interim, the defendants would bear the uncertainty arising from the fact that they may be forced to defend a massive antitrust claim years in the future.</u>

*Id.* at 443. The same harm exists here. The claims against CTTC do not simply implicate a few dollars the Plaintiffs claim they were each improperly charged. The claims question the legality of the entire funding mechanism of a statutorily-created non-profit corporation, which the Court has recognized operates as a state agency. CTTC is presently required by statute to collect and spend $50 million a year promoting the State of California. Until final judgment is entered, it is uncertain whether CTTC may carry out its mandate legally. This uncertainty represents sufficient harm if CTTC is forced to wait years for such a determination, and demonstrates that there is no just reason for delay. In addition, CTTC will spend precious resources on monitoring this litigation if judgment is not entered at this time.

Plaintiffs' reliance on *Frank Briscoe Co., Inc. v. Morrison-Knudsen Co., Inc.*, 776 F.2d 1414 (1985), is misplaced. In that case, the Ninth Circuit found the district court's certification improper because the district court failed to make the requisite express finding that there was no just reason for delay. *Id.* at 1416. The court merely issued a minute order granting the motion without discussion. The case *Frank Briscoe Co.* quotes, as cited by Plaintiffs, also fails to support their arguments. *Morrison-Knudsen Co., Inc. v. Archer*, 655 F2d. 962 (9th Cir. 1981), quoted by *Frank Briscoe Co.*, held that Rule 54(b) certification there was improper, unlike the present case, because "[t]he claims disposed of by the Rule 54(b) judgment were inseverable, both legally and factually, from claims that remained unadjudicated in the district court, and there were no

unusual and compelling circumstances that otherwise dictated entry of an early, separate judgment on that part of the case." *Id.* at 966. Given the inseverable nature of the claims, the Ninth Circuit required a showing of prejudice to support entry of judgment under Rule 54(b). As discussed above, the issue of CTTC's state action immunity is legally and factually distinct, and therefore severable, from the Rental Car Defendants' alleged agreement not to compete; and in further distinction from the facts in *Morrison-Knudsen*, the CTTC stands to suffer sufficient harm to justify entry of judgment now.[1]

*Hogan v. Consol. Rail Corp.*, 961 F.2d 1021 (2d Cir. 1992), also provides no help to Plaintiffs. In *Hogan*, the district court entered judgment in part so that an appellate ruling on the decided claims would provide guidance for the district court's future handling of the case. The Second Circuit found such certification to be improper because "the interrelationship of the dismissed and surviving claims" was too great. *Id.* at 1026. No similar concern is present here, as discussed, because of the factually and legally distinct nature of the claims against the CTTC.

## II. Conclusion

For the foregoing reasons, CTTC respectfully requests the Court to enter final judgment in CTTC's favor, directing that plaintiffs take nothing from CTTC by way of their First Amended Complaint.

Dated: September 15, 2008

Respectfully submitted,

WEINTRAUB GENSHLEA CHEDIAK
Law Corporation

By: /s/ Thadd S. Blizzard
Thadd A. Blizzard
California State Bar No. 83297
Attorneys for Defendant The California
Travel and Tourism Commission

---

[1] Contrary to the Plaintiff's argument, the Ninth Circuit has under some circumstances even approved entry of judgment under Rule 54(b) without any showing of impending harm. In *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., B.F.*, 819 F.2d 1519 (9th Cir. 1987), the court held that judgment was properly entered where the purpose for doing so was simply to establish *res judicata* effects in the state court lawsuit pending between the two parties, not to relieve a party of some harsh or unjust injury.

EDMUND G. BROWN JR., Attorney General
of the State of California
W. DEAN FREEMAN
FELIX E. LEATHERWOOD
Supervising Deputy Attorneys General
RONALD N. ITO
DIANE SPENCER SHAW
LISA W. CHAO
Deputy Attorneys General

By: _____/s/ Ronald N. Ito_____
Ronald N. Ito
California State Bar No. 71322
Attorneys for Defendant California
Travel and Tourism Commission