1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14

MICHAEL SHAMES; GARY
GRAMKOW, on behalf of themselves and
on behalf of all persons similarly situated,

                                    Plaintiff,

        vs.

15
16
17
18
19
20
21
22

THE HERTZ CORPORATION, a
Delaware corporation; DOLLAR
THRIFTY AUTOMOTIVE GROUP,
INC., a Delaware corporation;
VANGUARD CAR RENTAL USA,
INC., an Oklahoma corporation;
ENTERPRISE RENT-A-CAR
COMPANY, a Missouri corporation;
FOX RENT A CAR, INC., a California
corporation; COAST LEASING CORP., a
Texas corporation; THE CALIFORNIA
TRAVEL AND TOURISM
COMMISSION,

                                    Defendant.

CASE NO. 07-CV-2174 H (BLM)

**ORDER GRANTING
DEFENDANT CTTC'S MOTION
FOR ENTRY OF FINAL
JUDGMENT**

23
24
25
26
27
28

        On November 14, 2007, Plaintiffs Michael Shames and Gary Gramkow filed their
complaint against the above-named defendants. (Doc. No. 1.) Plaintiffs First Amended
Complaint was filed on May 1, 2008. (Doc. No. 85.) On July 24, 2008, the Court dismissed
all claims against Defendant California Travel and Tourism Commission ("CTTC"). (Doc. No.
107.) Plaintiff's First Amended Complaint asserts four causes of action: (1)price fixing in
violation of the Sherman Act, 15 U.S.C. § 1; (2) unfair competition in violation of the

California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.; (3) violations of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq.; and (4) violations of California's Bagley-Keene Open Meeting Act, Cal. Govt. Code § 11120 et seq. Plaintiffs asserted each of these claims against all defendants, except that the Bagley-Keene claim was brought against the CTTC alone.

On May 29, 2008, Defendant CTTC moved to dismiss Plaintiffs' first amended complaint. (Doc. No. 94.) On July 24, 2008, the Court granted CTTC's motion to dismiss as to all claims against it. (Doc. No. 107.) In the same order, the Court also dismissed the state law claims against the remaining Defendants. (Id.) The only pending claim in this case is against the Rental Car Defendants for alleged violation of the Sherman Act.

Presently before the Court is the CTTC's Motion for Entry of Final Judgment, filed August 22, 2008. (Doc. No. 108.) Plaintiffs' opposition was filed September 8, 2008. (Doc. No. 120.) The CTTC filed its reply on September 15, 2008. (Doc. No. 125.) For the following reasons, the Court grants the CTTC's instant motion and enters final judgment in its favor.

**Discussion**

Federal Rule of Civil Procedure 54(b) allows a court to enter final judgment in favor of a single party in a multi-party litigation as long as the court finds that there is "no just reason for delay." Fed. R. Civ. P. 54(b). In determining whether action under Rule 54(b) is appropriate, the Court should first determine whether it is in fact faced with a "final judgment." Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980). In this context, a "judgment" is "a decision upon a cognizable claim for relief." Id. That judgment is final if it is an "ultimate disposition of an individual claim entered in the course of a multiple claims action." Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)).

In its July 24, 2008 order, the Court made decisions upon several cognizable claims against Defendant CTTC. These decisions are final because they dispose of the claims asserted against the CTTC.

Having established that the situation meets the finality requirement of Curtiss-Wright,

the Court must next determine "whether there is any just reason for delay" in granting final judgment under Rule 54(b). <u>Curtiss-Wright</u>, 445 U.S. at 8. A court making this determination should examine such factors as whether the claims under review are separable from the others remaining to be adjudicated and whether the nature of the claims already determined is such that no appellate court would have to decide the same issues more than once if there were subsequent appeals. <u>Id.</u>

In this case, the Court concludes that there is no just reason for delay. The claims dismissed as to the CTTC are adequately separable from the Sherman Act claim remaining against the rental car company defendants. The Bagley-Keene Act claim was brought against the CTTC alone. Its provisions do not apply to the conduct of the remaining Defendants. This claim is therefore adequately separable from the pending claim against remaining Defendants.

With respect to the state claims under the UCL and the CLRA, all Defendants successfully argued that they were immune under the California competition laws. The Court held that Plaintiffs could not use the UCL to plead around the California Tourism Marketing Act's grant of legislative immunity from the California Unfair Practices Act. (Order Granting Mot. to Dismiss 16.)

In contrast, the Court dismissed the Sherman Act claim against the CTTC because the CTTC successfully invoked the state immunity doctrine set forth in <u>Parker v. Brown</u>, 317 U.S. 341, 350-51 (1943). Simply put, the Sherman Act did not intend to restrain state action. <u>Id.</u> The Court followed the two prong test established in <u>Cal. Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.</u>, 445 U.S. 97, 105 (1980). The Court determined that, as a state agency acting in a non-sovereign capacity, the CTTC was required to meet the first prong of the <u>Midcal</u> test, but not the second. The Court concluded that the CTTC passed this test because its allegedly anticompetitive conduct was contemplated by the state and affirmatively expressed in a state policy. <u>See</u>, <u>Hass v. Oregon State Bar</u>, 883 F.2d 1453, 1457 (9th Cir. 1989); <u>Midcal</u>, 455 U.S. at 105. The CTTC was therefore immune from any federal antitrust liability.

The facts and legal issues involved in dismissing the Sherman Act claim against the

CTTC were unique to that claim.  The Court's order explicitly stated that the "Rental Car Defendants did not raise federal immunity arguments, so this conclusion applies only to the CTTC."  (Order Granting Mot. to Dismiss 15.)  As private companies, the remaining Defendants cannot claim this state agency immunity.  The Sherman Act claim against the remaining Defendants centers around their dealings with each other and their customers – not the CTTC.  Even if there are subsequent appeals, the appellate court will not need to decide the same issues more than once.  See, Curtiss-Wright, 445 U.S. at 8.  The Court therefore concludes that the Sherman Act claim facing the remaining Defendants does not share enough legal or factual elements to warrant a delay of final judgment with respect to the CTTC.

**Conclusion**

Final judgment under Federal Rule of Civil Procedure 54(b) is appropriate where the "matters disposed of by the partial summary judgments [are] sufficiently severable factually and legally from the remaining matters, and they completely extinguished the liability" of the movant.  Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1525 (9th Cir. 1987).  Because the dismissed claims against the CTTC are adequately severable from the Sherman Act claim against the remaining Defendants, the Court grants the CTTC's motion and enters final judgment in its favor on all claims.

IT IS SO ORDERED.

DATED: September 24, 2008

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT