# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHAMES, et al., <br><br>  Plaintiffs, <br> vs. <br><br> THE HERTZ CORPORATION, at al., <br><br>  Defendants. | CASE NO. 07 CV 2174 MMA (WMc) <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE TO RE-FILE** <br><br> [Doc. No. 191] |

On November 14, 2007, Plaintiffs Michael Shames and Gary Gramkow, on behalf of themselves and on behalf of all persons similarly situated, filed this purported class action against numerous defendants alleging that, several rental car companies ("Rental Car Defendants" or "RCD") conspired with the California Travel and Tourism Commission ("CTTC") to avoid competition and fix prices for cars rented to consumers in California. On July 24, 2008, the Court dismissed all claims against the CTTC, finding, *inter alia*, that the CTTC was immune from any federal antitrust liability. [Doc. No. 107.] On September 24, 2008, the Court granted the CTTC's motion to enter final judgment in its favor. [Doc. No. 128.] Plaintiffs appealed the Court's entry of judgment to the Ninth Circuit Court of Appeals. [Doc. No. 137.]

On June 8, 2010, the Ninth Circuit affirmed this Court's entry of judgment in favor of the CTTC on the ground that it was entitled to state action immunity for the acts alleged in Plaintiffs'

1  complaint. On June 29, 2010, Plaintiffs filed a petition for rehearing *en banc*. While Plaintiffs'
2  petition was pending, Plaintiffs and the Rental Car Defendants filed dispositive motions regarding
3  whether the RCD are entitled to immunity under the state immunity doctrine.[1] On October 8, 2010
4  the Court held a telephonic status conference with the parties, after which it ordered that resolution
5  of the parties' dispositive motions would be stayed pending the outcome of Plaintiffs' petition for
6  rehearing. [Doc. No. 227.]

On November 24, 2010, the Ninth Circuit Court of Appeals granted Plaintiffs' petition for rehearing *en banc* for the purpose of withdrawing its opinion issued on June 8, 2010, and substituting a superseding opinion that held the CTTC was not shielded from antitrust liability under the state action immunity doctrine. Magistrate Judge William McCurine, Jr. held a case management conference with the parties on February 9, 2011, after which Judge McCurine ordered the parties to submit a new discovery plan, and to contact the undersigned's chambers by February 22 regarding the effect of the Ninth Circuit's November 24, 2010 opinion on their respective pending motions. [Doc. No. 241.]

On February 22, 2011, the RCD voluntarily withdrew their motion for judgment on the pleadings. [Doc. No. 245.] On February 23, Plaintiffs indicated their preference that the Court decide Plaintiffs' motion for summary judgment, as the state action immunity defense remains a part of this case. The Court has considered the parties' submissions, and based on the current procedural posture of the case, declines to address the merits of Plaintiffs' summary judgment motion at this time. The Ninth Circuit's November 24, 2010 order bears directly on the issues raised in Plaintiffs' summary judgment motion filed in August 2010, and the parties recently submitted a new discovery plan that permits discovery to continue for approximately another year. Furthermore, the parties have agreed to participate in private mediation on or before April 13, 2011. Accordingly, the Court finds good cause to **DENY** Plaintiffs' motion for partial summary judgment without prejudice to refiling the motion at a later date.

---

[1] On August 17, 2010, Plaintiffs filed a motion for partial summary judgment as to the RCD's affirmative defense of state action immunity. [Doc. No. 191.] The same day, the RCD filed a motion for judgment on the pleadings on the ground that they are entitled to the state action immunity afforded the CTTC. [Doc. No. 192.]

## **CONCLUSION**

For the reasons stated above, the Court **DENIES** Plaintiffs' motion for partial summary judgment [Doc. No. 191] without prejudice.  In addition, the Court **ORDERS** that the stay imposed in this action [Doc. No. 188] is hereby lifted.

**IT IS SO ORDERED.**

DATED:  February 23, 2011

Hon. Michael M. Anello
United States District Judge