# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHAMES, *et al.*, <br><br> Plaintiffs, <br> vs. <br><br> THE HERTZ CORPORATION, *et al.*, <br><br> Defendants. | CASE NO. 07-CV-2174-MMA(WMC) <br><br> **ORDER DENYING *EX PARTE* MOTION FOR LEAVE TO FILE MOTION TO INTERVENE** <br><br> [Doc. No. 341] |

Class settlement objector, Gordon Hansmeier, through his counsel, Brett Langdon Gibbs of Mill Valley, CA, filed an *ex parte* application for leave to file a motion to intervene to be heard on an expedited basis. [Doc. No. 341.] Objector wishes to intervene so that he may ultimately file a motion to remove certain class counsel, have his attorney appointed as co-lead class counsel, and for issuance of supplemental notice. The Court **DENIES** Objector's *ex parte* motion.

## I. BACKGROUND

On May 22, 2012, the Court issued an Order preliminarily approving the class settlement, certifying a settlement class, appointing a class representative and class counsel, and providing for class notice. [Doc. No. 313.]

In that Order, the Court appointed Kurtzman Carson Consultants as the class administrator and ordered that individual notice be sent to identified class members via electronic mail or standard mail no later than July 6, 2012. The Court further ordered notice by publication no later than July 27, 2012. [*Id.* ¶ 7(a)-(b).] As relevant to this Order, the Court also scheduled a final

1  approval hearing for October 29, 2012, and set a deadline of October 1, 2012, for filing objections

2  to the class settlement, attorneys' fees, or both.  Shortly after the scheduled class notice dates, the

3  Court slowly began receiving objections.  [*See* Doc. No. 319 (Objection of Aaron H. Pratt, first

4  objection received on July 23, 2012).]

5      Objector's local counsel, Brett Gibbs, made an appearance on Objector's behalf on October

6  1, 2012, the last day to file objections to the class settlement.  [Doc. No. 330.]  Objector filed his

7  objection on the same day.  [Doc. No. 331.]  At 32 pages–by far the lengthiest objection

8  filed–Objector's filing includes 4 exhibits, including two letters sent to class counsel by an

9  associated Minnesota attorney named Paul R. Hansmeier.

10      The first letter, dated Friday, September 28, 2012, is addressed to class counsel, Mr.

11  Stewart.  In addition to briefly voicing Objector's objections, attorney Hansmeier demanded

12  $30,000 in exchange for his not filing lengthy objections to the class settlement and attorneys' fees

13  request.  [Doc. No. 331-4.]  Objector's counsel ominously warned, in part:

14      This letter is to advise you that an objection will be filed to your proposed
   settlement.  I am enclosing a draft of the objection to be filed, which you have
15  previously had an opportunity to review.  This (or a similar version) will be filed if
   you do not attempt to resolve this matter.  We find that settlements like this are
16  likely to be rejected following our participation, as was the result today in *In re
   Groupon*, No. 11-md- 02238 (S.D. Cal.) (Dkt. No. 97).
17
       I will extend to you an offer to settle this matter with my client for
18  $30,000.00 if the settlement terms are reached by 5:00 PM CST on Monday, Oct. 1,
   2012.  If you reject this settlement and the objection is filed, the offer to settle is
19  revoked and will not be extended at the pre-filing settlement amount.

20      Govern yourself accordingly.

21  [Doc. No. 331-4.]  On Monday, October 1, 2012, governing himself according to the undertone

22  and implications of Objector's counsel's letter, class counsel responded, in part:

23      In our view, if you present this objection, it is clear that it will have been
   presented for an "improper purpose" under Fed R. Civ. P. Rule 11(b)(1).  Our view
24  is further informed by the fact that the practice of contacting class counsel with draft
   objections and inviting them to "discuss them" (i.e. resolve them by making an
25  unjustified payment to the objectors' lawyers) in advance of filing in the hope of
   gaining an unjustified payment beyond any legitimate class member's claim appears
26  from the Record in *Groupon* to be a pattern of conduct.

27      Please be advised that we consider this conduct to be improper and
   sanctionable under 28 U.S.C.A. § 1927 and Rule 11.
28

[Doc. No. 331-3 at 3.] That same day, Objector's counsel took umbrage at class counsel's response and replied, in part:

> The idea that you would respond to a demand letter *which you requested* by threatening sanctions is unconscionable and wholly beyond the pale. It has become abundantly clear that you are not interested in good-faith discussion, but only in hardball tactics designed to intimidate my client and to protect this unfair settlement from legitimate challenge.
>
> Regarding your threatened motion for sanctions, please be advised that my client's objection has a solid basis in both law and fact. You have had ample time to review a draft of my client's objection, and you have failed to offer a substantive counter-argument at any point. Although you may disagree with our analysis you should certainly be aware that our arguments are well-founded, and that our client has a right to make them under Fed. R. Civ. P. 23(e).

[Doc. No. 331-2 at 2 (emphasis in original).][1]

On October 13, 2012, Plaintiffs filed their consolidated responses to the class members' objections, as the Court required in its original Order preliminarily approving the settlement. In addition to addressing Objector's lengthy objection on the merits, Plaintiffs sought limited sanctions, asking the Court to strike Objector's objection.[2]

## II. LEGAL STANDARD

Under the Local Civil Rules, "the clerk's office is directed not to file untimely motions and responses thereto without the consent of the judicial officer assigned to the case." S.D. Cal. Civ. L.R. 7.1.7. The Rules further set forth the timing requirements for filing motions. "Unless the court shortens time . . . , any notice of motion, application or notice of other matter requiring the court's ruling, plus all necessary supporting documents, will require a minimum filing date of twenty-eight (28) days prior to the date for which the matter is noticed." *Id.* § 7.1.1.

## III. DISCUSSION

Objector filed the instant *ex parte* motion on October 11, 2012, and sought to file a motion

---

[1] It is of no moment that class counsel requested Objector's demand in writing. Requesting written confirmation of verbal discussions is unquestionably routine in the practice of law today. Moreover, any attorney worth his salt would have sought to have Objector's counsel's demands memorialized in writing.

[2] The Court is not inclined to grant this request primarily on the basis that it does not comply with Rule 11's separate-motion requirement, Fed. R. Civ. P. 11(c)(2), and, as a result, does not afford Objector an opportunity to respond, Fed. R. Civ. P. 11(c)(1). That being said, class counsel should not interpret this as an invitation or suggestion that a formal motion should be filed.

1  to intervene 18 days before the final approval hearing.[3]  The Local Civil Rules' requirement that

2  motions be noticed 28 days before the hearing required Objector to file any motion no later than

3  October 1, 2012.  Objector's motion is therefore untimely and will not be accepted absent an

4  acceptable explanation for it untimeliness.

5        Objector's *ex parte* motion provides the following basis for allowing him to file the

6  intervention motion a mere 18 days before the final approval hearing:

> This Application and the Motion To Intervene and are timely because they are filed within a reasonable time of the Objector's first appearance in this action and of the events relevant to and which prompted the Motion To Intervene.  The Objector's ultimate goal in petitioning for intervention in this action is limited to the ability to file his Motion For Removal Of Lead Counsel, For Issuance Of Supplemental Notice, And For Appointment Of Ad Litem Counsel (the "Underlying Motion") . . . .  The requested intervention is for a limited purpose, prompted solely by very recent events.
>
> The Underlying Motion, the Motion To Intervene, and this Application are all prompted by the same events—namely, the attempt by co-Lead Counsel Hulett Harper Stewart LLP, Dennis Stewart, to dissuade the Objector from filing his objection to the Proposed Settlement on the court record, by threatening to move for sanctions against the Objector and/or his counsel upon the public filing of that objection. [Citation.]  This was a bold and improper tactic, designed to intimidate a potential objector and to deter him from exercising his right, under Fed. R. Civ. P. 23(e), to participate in these proceedings.  This incident occurred on the objection filing deadline of October 1, 2012, only ten (10) calendar days—or seven (7) court days—prior to this filing. [Citation.]

17  Objector's counsel waited until October 10, 2012, to contact the Courtfor a hearing date,

18  which Objector originally requested for a motion for "Removal Of Lead Counsel, For Issuance Of

19  Supplemental Notice, And For Appointment Of *Ad Litem* Counsel."  Even assuming Objector

20  would have filed a motion that same day, only 19 days remained for opposition and reply briefs.

21  Objector provides no explanation for waiting until October 10, 2012, to bring the matter to the

22  Court's attention when he knew about class counsel's alleged inappropriate behavior on October 1,

---

[3] The October 29, 2012, date set for the final approval hearing is set in stone, as the hearing has been scheduled for many months and was the hearing date communicated to nearly 3.5 million class members. Rescheduling the hearing date would be a monumental task that would require that supplemental notice be sent to all class members at great expense and delay.  Moreover, the intervention motion and "Underlying Motion" that Objector proposes necessarily must be heard either before or concurrently with the class representative's final approval and fee motions because Objector seeks to remove certain class counsel and inject his counsel as co-class counsel.  Objector agrees that the intervention motion should be heard on October 29, 2012. [Doc. No. 341 at 2.]  Thus, the timing of filing any motions that should be heard together with those set on October 29, 2012, are necessarily constrained and governed by that date.

2012–9 days before his counsel contacted the Court.

Morever, although Objector admits he "received timely notice of the proposed settlement," [Doc. No. 341-3 at 7:26-27], he does not explain the delay in pursuing "settlement negotiations" with class counsel, especially since it seems it should have been evident to any reasonable attorney that class counsel would not acquiesce given the tone and nature of Objector's counsel's demand. [*See*, *infra*, n.4.] Had Objector not waited until the week before the objection period expired to contact class counsel, he could have timely filed the intervention motion and complied with the Local Rules' 28-day requirement. Thus, the proposed motion cannot be deemed timely simply because it was "filed within a reasonable time of the Objector's first appearance in this action" because the correctly-framed inquiry is why it took Objector so long to appear in this action when he received "timely" notice months before and in light of the foreseeable reaction class counsel would have to his attorneys' "settlement offer." [*See*, *infra*, n.4.]

Further, having reviewed the "Underlying Motion," it is apparent that it is without merit and would not succeed even it were allowed to proceed. It appears a significant disconnect exists between Objector's perception of the events that transpired in the days leading to the objection deadline, the nature of his counsel's involvement and conduct, and the nature and purpose of class counsel's response. In reviewing the letters between Objector's counsel and class counsel, the only "bold and improper" conduct the Court can identify is Objector's counsel's attempt to extract $30,000, from class counsel in exchange for Objector not filing objections that Objector's counsel suggested could derail approval of the class settlement and award of attorneys' fees.[4] Objector now wishes to use his own counsel's questionable conduct and class counsel's measured

---

[4] Objector's counsel's indignant outrage at class counsel's response is quite puzzling. Objector's counsel certainly does not set forth any independently-actionable claims as the basis for the $30,000, demand, which seems is an amount picked out of thin air given the small amount of individual damages at issue in this case. Thus, the only "matter" counsel could wish to "settle" for $30,000, is the arguably inappropriate *quid pro quo*–essentially, "We'll go away in exchange for $30,000; otherwise, we'll file lengthy objections"–Objector's counsel demanded. *See, e.g.*, *Vollmer v. Selden*, 350 F.3d 656, 659-60 (7th Cir. 2003) (observing that attorneys intervening to object to a settlement in the hope of causing expensive delay and getting paid to go away would be an improper purpose that would justify sanctions). A recipient of such a letter could reasonably interpret it as a threat to file lengthy objections *in retaliation for* not acquiescing to the $30,000 demand. With this plausible interpretation in mind, then, class counsel's opinion that a retaliatory filing violates Rule 11 is not such a wild notion. *See id.*

response–which Objector recharacterizes in a strained attempt to ascribe misconduct and ill will to class counsel–as a springboard to attack the class counsel's motivation and mightily strains to manufacture violations of rights related to "certain actions by co-Lead Counsel for the class and their implications regarding notice and due process of law."  Even if the Court were to allow the eventual filing of the "Underlying Motion" and consider Objector's request to remove Mr. Stewart as class counsel, the Court would find *no* basis to do so.  Nor would the Court find it necessary or justified to appoint "*ad litem* counsel to protect absent class members from the sort of behavior [*i.e.*, Mr. Stewart's behavior] described herein."  Further still, even if such a need existed, the Court certainly would not appoint Objector's counsel as co-lead class counsel based on the sort of behavior the letters exhibit.  Finally, to the extent the "Underlying Motion" requests supplemental notice based on class counsel's supposed inappropriate behavior, such notice would also be wholly unnecessary and inappropriate in light of the foregoing discussion.

### IV. CONCLUSION

Objector's *ex parte* motion to file a motion to intervene is **DENIED**.

**IT IS SO ORDERED.**

DATED: October 15, 2012

*/s/ Michael M. Anello*

Hon. Michael M. Anello
United States District Judge