UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHAMES, *et al.*, <br><br> Plaintiffs, <br> vs. <br><br> THE HERTZ CORPORATION, *et al.*, <br><br> Defendants. | NO. 07-CV-2174-MMA(WMC) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR FRAP 7 APPEAL BOND** <br><br> [Doc. No. 383] |

Plaintiffs move the Court for imposition of an appeal bond pursuant to Federal Rule of Appellate Procedure 7. The Court set a June 3, 2013, deadline for filing of oppositions. Having received no oppositions, the Court took the matter under submission on June 10, 2013, pursuant to Local Civil Rule 7.1. For good cause shown, the Court **GRANTS** Plaintiff's unopposed motion for appeal bond.

At issue in the present motion is whether Objectors Gordon Hansmeier, Thomas Lavery, Cery Perle, Gary Bishop, Frank de Julius, and Andrew Cesare should be required to post an appeal bond. Pursuant to Rule 7 of the Federal Rules of Civil Procedure, in a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to insure that any appellants have the ability to pay Plaintiffs' costs and fees should opposing an appeal be necessary. *See A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1028 (9th Cir. 2001); *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 954-55 (9th Cir. 2007) (citing Fed. R. App. P. 7 ("Rule 7")). "[T]he purpose of [an appeal bond] is to protect an appellee against the

1 risk of nonpayment by an unsuccessful appellant." *Fleury v. Richemont N. Am., Inc.*, No. C-05-4525, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008) (quotations and citations omitted).

The Court first grants Plaintiffs' motion on the basis that it is unopposed.  However, the Court grants the motion on the merits as well.  In determining whether a bond should be required, the Court should consider:  (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the appeal loses; and (3) the merits of the appeal. *See id.* at *6-7.  Upon review of the record in this case, the Court finds that the posting of an appeal bond is warranted.  With regard to the first factor, the ability to post a bond, none of the Objectors have presented evidence that they would be unable to pay an appeal bond.  Thus, this factor weighs in favor of imposing an appeal bond. *Fleury*, 2008 WL 4680033, at *7.  The second factor, the difficulty of collecting payment post-appeal, weighs in favor of imposing an appeal bond because most of the Objectors are present outside of this District. *Id.*  The third factor, the merits of Objectors' appeals also weigh in favor of requiring a bond.  As discussed during the fairness hearing held on October 29, 2012, the Court has thoroughly considered each of the Objectors' objections to the settlement and has found them to be without merit.

For the reasons set forth above, the Court finds that the posting of an appeal bond is warranted and the amount of $15,000.00 requested by Class Counsel is reasonable.  On or before July 10, 2013, Objectors Gordon Hansmeier; Thomas Lavery; and Cery Perle, Gary Bishop, Frank de Julius, and Andrew Cesare[1] must either post a $15,000 bond or file a notice of dismissal of their appeal.

**IT IS SO ORDERED.**

DATED:  June 18, 2013

Hon. Michael M. Anello
United States District Judge

---

[1] Hansmeier and Lavery must separately post $15,000 each.  Perle, Bishop, de Julius, and Cesare must post $15,000 as a group since they filed their appeal as a group and are represented by the same counsel.